UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
_____ DIVISION

CASE NO. 1:10-CV-22891

GALE LYAUTEY and
PATRICIA LYAUTEY, his wife,

      Plaintiffs,

vs.

ALFA LAVAL INC., et al.
      Defendants

_____/

**FOSTER WHEELER ENERGY
CORPORATION'S NOTICE OF REMOVAL**

    Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendant Foster Wheeler Energy Corporation ("Foster Wheeler"), gives notice of removal of an action filed against it in the Circuit Court of the 11th Judicial Circuit, Miami-Dade County, to the United States District Court for the Southern District of Florida. In support, Foster Wheeler respectfully offers the following:

**Preliminary Matters**

    1.    On or about June 23, 2010, plaintiffs filed this suit entitled Gale Lyautey and Patricia Lyautey, Case No. 10-35086CA31 against Foster Wheeler and other defendants in the Circuit Court of the 11th Judicial Circuit, Miami-Dade County. *See* the complete court file attached as Composite Exhibit A.

    2.    Plaintiffs served Foster Wheeler with plaintiffs' Summons and Complaint on July 20, 2010. The Complaint includes allegations that plaintiff Gale Lyautey was injured as a result of exposure to asbestos while employed by the United States Navy between 1954 and 1974. *Id.* More specifically, there are allegations of exposure while working on, among other ships, the USS Beatty.

CASE NO. 1:10-CV-22891

3. Thus, this Notice of Removal is timely filed in that it is filed within thirty (30) days after the first receipt by Foster Wheeler of plaintiffs' initial pleadings from which it ascertained that this case is removable. 28 U.S.C. § 1446(b).

## Nature Of The Case

4. The case is based on plaintiffs' allegations that Gale Lyautey's asbestos-related illness, specifically mesothelioma, was caused by his exposure to asbestos dust and/or fibers.

5. Plaintiffs assert failure to warn claims against Foster Wheeler, and manufacture and design defect claims, along with strict liability and negligence claims against other defendants based on various theories.

## Grounds For Removal

6. This Notice of Removal is filed within thirty (30) days of plaintiffs' service of the Summons and Complaint. 28 U.S.C. § 1446(b). Foster Wheeler manufactured marine boilers and auxiliary equipment for use on Navy ships pursuant to contracts and specifications executed by the Navy. Foster Wheeler has confirmed that it manufactured the marine steam generators, including the boilers and economizers, on the USS Beatty. Thus, the basis for removal is that, in the manufacture and sale of boilers and economizers for the Navy, including all aspects of warnings associated with that equipment, Foster Wheeler was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

7. Should plaintiffs file a motion to remand this case, Foster Wheeler respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

8.	As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988), Foster Wheeler has a federal defense to this action, *i.e.,* government contractor immunity from liability for injuries arising from any exposure to asbestos related to boilers and auxiliary equipment on board Navy vessels, insofar as they were constructed or repaired by Foster Wheeler. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

9.	In *Isaacson v. Dow Chemical Company*, 304 F.Supp.2d 442 (E.D.N.Y. 2004)[1], plaintiff originally sued the manufacturer of Agent Orange in New Jersey State Court. Defendants removed to federal court asserting, among other things, federal jurisdiction under the All Writs Act. *Id.* at 445. The New Jersey District Court found removal appropriate under the All Writs Act. *Id.* The case was then transferred to the Eastern District of New York by the Multidistrict Panel. *Id.* The Court of Appeals for the Second Circuit affirmed the district court's denial of remand finding jurisdiction appropriate under the All Writs Act. *Stephenson v. Dow Chemical Company*, 273 F.3d 19 (2d Cir. 2003). On review, the United States Supreme Court remanded the case finding that the All Writs Act alone would not support removal. *Dow Chemical Company v. Stephenson*, 539 U.S. 111 (2003). On remand from the Supreme Court, the Second Circuit determined that jurisdiction could not be grounded in the All Writs Act and remanded the case back to the Eastern District of New York to determine if there was an alternative ground supporting federal jurisdiction.

---

[1] See Isaacson v. Dow Chemical Co., et al. 517 F.3d 129 (2nd Cir. 2008)(affirming the district court's Order denying plaintiff's application for remand).

CASE NO. 1:10-CV-22891

*Stephenson v. Dow Chemical Company*, 346 F.3d 19 (2d Cir. 2003). It is with that extensive procedural history that the district court examined the federal officer removal statute and found it sufficient to deny plaintiff's motion to remand. *Isaacson,* 304 F.Supp. at 445.

10.     In reaching its conclusion, the *Isaacson* court discussed in detail the three elements necessary for removal under this statute. First, a defendant must demonstrate that it is a "person" within the meaning of the statute. *Id.* at 446. The definition of a "person" includes a corporation. *Id.* Second, the defendant must establish that the suit is "for any act under color of federal office," i.e., there is a causal connection between the charged conduct and asserted official authority. *Id.* (citations omitted). Causation exists if the predicate acts of the state court suit were undertaken while the person was acting as or under a federal officer, and the acts were under color of the relevant federal office. *Id.* Third, defendants must raise a colorable claim to a federal law defense. *Id.* As previously stated, a colorable claim to a federal defense can be predicated upon the federal government contractor defense. *Id.* at 449.

11.     The second element requires a causal nexus between the defendant's actions under the federal officer and plaintiff's state court claims. *Id.* at 447. A substantial degree of direct and detailed federal control over defendant's work is required. *Id.* What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case. Several courts, including this court, have upheld removal because defendants were sued as a result of building products pursuant to military specifications. *See Fellows v. Foster Wheeler, et al.*, Case No. 3:09cv10015JG (N.D. Ohio August 21, 2009)(Foster Wheeler provided "ample substantiation" to establish a colorable government contractor defense)(attached hereto as Exhibit B); *Curry v. American Standard, Inc., et al.,* 08-cv-10228(GBD)(S.D.N.Y. Feb. 6, 2009)(attached hereto as

4

CASE NO. 1:10-CV-22891

Exhibit C)(Foster Wheeler proffered sufficient evidence of government control over the contract specifications, manuals and warnings to demonstrate that it had a colorable government contractor defense); *Salamante v. Quintec Indus., Inc., et al.,* CV 08-4674 PA (JTLx)(C.D.Cal Sept. 22, 2008)(attached hereto as Exhibit D)(Foster Wheeler submitted sufficient evidence for purposes of section 1442(a)(1) to demonstrate that the Navy's control over warnings directly interfered with its duty to warn under state law); *Kirks v. General Electric Co.*, Case No. 08-856SLR, and *Wiersma v. General Electric Co.*, Case No. 08-857SLR (D. Del. Sept. 17, 2009)(attached hereto as Exhibit E)(affidavits submitted by GE demonstrated that defendant established a colorable government contractor defense and thus GE satisfied the requirements of the federal officer removal statute); *Allen v. General Electric Co., et al.*, Case No. 3:09-cv-0497 (JCH)(D.Conn. August 27, 2009)(attached hereto as Exhibit F)(denying remand where Defendants' affidavits established the existence of a colorable government contractor defense); *Wright v. Foster Wheeler, et al.*, C07-05403 MJJ (N.D.Cal. February 21, 2008)(attached hereto as Exhibit G)(removal was proper as Foster Wheeler provided sufficient evidence supporting a finding that the Navy had direct and detailed control over its ability to place warnings on its equipment manufactured for the Navy and according to precise Navy specifications); *Marley v. Elliot Turbomachinery Co., et al.,* 545 F.Supp.2d 1266, 1275 (S.D.Fla. 2008)(attached hereto as Exhibit H)(affidavits submitted by defendants were sufficient to advance a colorable government contractor defense and establish a nexus between plaintiff's injuries and defendants' official duties).

12. Certain courts have not always viewed this issue consistently. Prior to the *Isaacson* case, the Eastern District Court of New York remanded a similar matter involving Agent Orange. In *Ryan v. Dow Chemical Company*, 781 F.Supp. 934, 950 (E.D.N.Y. 1992), the district court

5

CASE NO. 1:10-CV-22891

remanded the case because it found that the control by the government was not sufficient to meet the requirements of section 1442(a)(1). The district court reasoned that the government sought only to buy a ready-to-order herbicide from the defendant and did not cause or control the production of the unwanted byproduct, dioxin, which was the alleged cause of the injuries. *Id.*

13. In discussing *Ryan*, the *Isaacson* court acknowledged that it was a contradictory decision. *Isaacson,* 304 F.Supp. at 445. It declared, however, that the *Ryan* decision was "no longer persuasive" and went on to discuss Fifth Circuit cases that specifically rejected the *Ryan* conclusion. *See Winters v. Diamond Shamrock Chemical Co*., 149 F.3d 387, 392 (5th Cir. 1998)(holding that manufacturer of Agent Orange was entitled to removal pursuant to the federal officer removal statute); *see also, Miller v. Dow Chemical Company*, 275 F.3d 414, 417 (5th Cir. 2001)(also holding that manufacturer of Agent Orange was entitled to removal pursuant to the federal officer removal statute). The *Isaacson* court denied remand based on facts that were almost identical to those in *Ryan*. The *Isaacson* court concluded that the government ordered specifications differed from the specifications for the defendants' commercial application of the product. *Isaacson, supra* at 450. In addition, the method of warning and application was completely in the government's hands. *Id.* Finally, the government had full knowledge of the dioxin "problem" inherent in the production of Agent Orange. *Id.* These factors demonstrated the control with which the government operated and, thus, warranted a different holding than *Ryan*. *Id.*

14. This analysis also applies to "failure to warn" cases where "there is evidence that the government was involved in the decision to give, or not to give, a warning." *Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir.) *cert. denied* 531 U.S. 919 (2000). The Court of Appeals

for the Fifth Circuit has made it clear that the government contractor defense is available in "failure to warn" claims where the evidence shows that the lack of a warning reflects governmental direction or control rather than the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized the warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer but unknown by the government. *Kerstetter,* 210 F.3d at 438.

15.     As stressed in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." *Id.* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* While this determination is necessarily fact specific, "substantial review" has plainly been shown upon evidence of a "`continuous back and forth' between the contractor and the government." *Id.* In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id.* Once again, applying these general principles to "failure to warn" claims, the fact that governmental specifications or regulations did not specifically preclude the exact warning desired by the plaintiff does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warnings provided by the contractor) and was generally aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." *Id.* at 438.

CASE NO. 1:10-CV-22891

16.     The present case is substantially similar to *Kerstetter, supra*. As explained by J. Thomas Schroppe:

> The Navy exercised intense direction and control over all written documentation to be delivered with its naval boilers…The Navy required that every piece of equipment be supplied with a defined number of copies of one or more technical manuals. Navy personnel participated intimately in the preparation of this kind of information and exercised specific direction and control over its contents. These manuals included safety information related to the operation of naval boilers and economizers only to the extent directed by the Navy.
>
> Furthermore, the Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by Foster Wheeler to the Navy. Foster Wheeler would not be permitted, under the specifications, associated regulations and procedures, and especially under actual practice as it evolved in the field, to affix any type of warning or caution statement to a piece of equipment intended for installation onto a Navy vessel, beyond those required by the Navy.

*See* Affidavit of J. Thomas Schroppe attached hereto as Exhibit I at ¶¶ 21 and 22. Thus, the presence or absence of warnings regarding Foster Wheeler equipment was strictly controlled by the Navy - and a clear basis for removal exists under § 1442(a)(1).

17.     In further support of the removal, Foster Wheeler provides the Affidavit of Admiral Ben J. Lehman, U.S. Navy, Ret. *See* Affidavit of Admiral Lehman attached hereto as Exhibit J. Admiral Lehman joined the Navy in 1942 and worked as Ship Superintendent and Planning Officer at the Brooklyn Navy Yard between 1942 and 1944, as Ship Superintendent at the San Francisco Naval Shipyard from 1950 to 1952, and as Planning Officer at the Assistant Industrial Manager Office in San Francisco from 1952 to 1054. *Id.* at ¶ 1. During his tenure in the Navy and as Ship Superintendent, Admiral Lehman was personally involved with the supervision and oversight of ship alterations and equipment over hauls at the Brooklyn Navy Yard. *Id.* at ¶ 3. Admiral Lehman states

CASE NO. 1:10-CV-22891

in his Affidavit the Navy controlled every aspect of the design and manufacture of equipment intended for installation on Navy vessels and that the Navy could not, and did not, permit its contractors to implement changes from military specifications. *Id.* at ¶¶ 2 and 3.  He further states:

> The U.S. Navy would not have allowed its equipment suppliers, such as Foster Wheeler, to affix any warning related to any asbestos hazards on their equipment.  This would have included boilers.  Further, the U.S. Navy would not have allowed Foster Wheeler to place any warnings related to asbestos hazards in any written material provided by Foster Wheeler to the U.S. Navy or to a U.S. Navy contractor in accordance with its contracts, including its technical and operations manuals.  To do so would have interfered with the U.S. Navy's mission and control of its ships and personnel.

*Id.* at ¶ 14.

Clearly, the Schroppe and Lehman Affidavits support federal removal jurisdiction under 28 U.S.C. § 1442(a)(1) and the federal nexus to Foster Wheeler's actions has been established.

18.     A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand.  28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).  The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1).  *Willingham v. Morgan*, 395 U.S. 402, 405 (1960).

19.     Foster Wheeler is not required to notify and obtain the consent of any other defendant in this action in order to remove plaintiffs' action as a whole under § 1442(a)(1). *See Torres v. CBS News*, 854 F.Supp. 245 (S.D.N.Y. 1994)

20.     As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon Foster Wheeler are being filed with this Notice of Removal, attached as Composite Exhibit A.

9

CASE NO. 1:10-CV-22891

### **Conclusion**

21.     Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(1) because Foster Wheeler was acting under an officer or agency of the United States.

THEREFORE, Foster Wheeler, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the Circuit Court of the 11th Judicial Circuit, Miami-Dade County, on this 9th day of August, 2010.

Respectfully submitted this 9th day of August, 2010.

By:   /s/ Tanya M. Lawson
Tanya M. Lawson
Florida Bar No.:  619541
Veresa Jones Adams
Florida Bar No.:  0709301
**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
2400 E. Commercial Boulevard, Suite 1100
Ft. Lauderdale, FL 33308
Phone:          954/958-2500
Facsimile:     954/958-2513
tanya.lawson@sdma.com
veresa.jonesadams@sdma.com
*Counsel for Defendant*
*Foster Wheeler Energy Corporation*

10

CASE NO. 1:10-CV-22891

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail to David A. Jagolinzer, Esq., The Ferraro Law Firm, P.A., 4000 Ponce de Leon Boulevard, Suite #709, Miami, FL 33146 and to all known defense counsel this 9th day of August, 2010.

By: /s/ Tanya M. Lawson
Attorneys for Defendant
Foster Wheeler Energy Corporation