32457740

E-SERVICE

Aug  3 2010
10:22AM

IN THE CIRCUIT COURT OF THE 11T
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ASBESTOS LITIGATION

GALE LYAUTEY and PATRICIA LYAUTEY,
his wife,

        Plaintiffs,

vs.

ALFA LAVAL, INC., et al.,

        Defendants. _____ /

CASE NO.: 10-35086 CA 37

## DEFENDANT GOULDS PUMPS, INC.'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS

GOULDS PUMPS, INC., pursuant to Rule 1.350, Florida Rules of Civil Procedure, requests Plaintiff to produce the below described documents and things for inspection or copying, within 30 days at the law offices of Hinshaw & Culbertson LLP, One East Broward Blvd., Suite 1010, Fort Lauderdale, FL 33301.

### REQUEST FOR PRODUCTION

**REQUEST NO. 1:**   All military records of Gale Lyautey, or in the alternative, execute the enclosed authorization for the release of military records.

**RESPONSE:**


**REQUEST NO. 2:**   A properly executed and completed authorization for obtaining information from the Social Security Administration relating to social security benefits, disability claims and earnings and employment history of Gale Lyautey.  (Authorization is attached.)

**RESPONSE:**

18465661v1 820700 6082

**REQUEST NO. 3:**   All medical, hospital and surgical narratives, reports, histories, notes, test results, letters, etc., for any medical treatment Gale Lyautey has received in his lifetime.

**RESPONSE:**

**REQUEST NO. 4:**   Copies of all medical bills, nursing bills, drug bills, and all other bills supporting the Plaintiffs' claims for damages herein, together with all existing medical, dental, and hospital and rehabilitation records and reports of the condition of ill health of Gale Lyautey alleged in the Complaint.

**RESPONSE:**

**REQUEST NO. 5:**   An executed HIPAA compliant authorization for the release of Gale Lyautey's medical records (authorization attached).

**RESPONSE:**

**REQUEST NO. 6:**   With respect to any disability claim of Gale Lyautey, please produce all forms, applications and documentation.

**RESPONSE:**

2

**REQUEST NO. 7:**   All documents which support Plaintiffs' allegations that Gale Lyautey was exposed to asbestos containing equipment or products manufactured or sold by Goulds Pumps, Inc.

**RESPONSE:**

**REQUEST NO. 8:**   Any and all depositions, transcripts, notes, or other documents that record or contain any statements, oral or written, from or about any witness, including any co-worker or any family members of Gale Lyautey, who has testified and/or who will testify regarding Gale Lyautey's alleged asbestos exposure, including any by-stander exposure to, or work on or around, any products manufactured, sold, or distributed by Goulds Pumps, Inc. or any entity affiliated with Goulds Pumps, Inc.

**RESPONSE:**

**REQUEST NO. 9:**   All bankruptcy trust claims filed on behalf of Plaintiffs or either of them seeking compensation for any injury caused by asbestos exposure.

**RESPONSE:**

**REQUEST NO. 10:**   Any report from any person that suggests or opines that a causal connection exists between Gale Lyautey's alleged asbestos related injury and exposure to a product manufactured, sold or distributed by Goulds Pumps, Inc.

**RESPONSE:**

**REQUEST NO. 11:** All documents reflecting the work history of Gale Lyautey, including military records, ship's books, personnel records, names and addresses of co-workers, and job description.

**RESPONSE:**

**REQUEST NO. 12:** Copies of all Plaintiffs' responses to all other Defendant's interrogatories and request for production in this case, together with all attachments thereto.

**RESPONSE:**

**REQUEST NO. 13:** All ship materials list, ship equipment list, ship design drawings, ship equipment specifications, ship insulation specifications and drawings, ship repair and maintenance records, and all other ship records pertaining to the US Navy vessels Gale Lyautey served or worked on.

**RESPONSE:**

**REQUEST NO. 14:** Copies of all settlement agreements entered into by Plaintiffs or either of them, with any other person, firm or corporation, for the condition and injury claimed in this lawsuit.

**RESPONSE:**

**REQUEST NO. 15:**  For each expert whom you intend to call as a witness at trial or hearing, provide a copy of the expert's report, a complete copy of his or her file relating to this litigation, a copy of his or her current curriculum vitae, and a copy of the current list maintained by the witness of the cases in which he has testified at deposition or trial.

**RESPONSE:**

**REQUEST NO. 16:**  All personal diaries, notebooks, calendars, or writings made by Gale Lyautey or his family members pertaining to Gale Lyautey's work history, medical history, marital history or similar matters.

**RESPONSE:**

**REQUEST NO. 17:**  All diaries, notes, letters, calendars, or memoranda made by any person currently in your possession or reasonably available to Plaintiffs evidencing or describing Gale Lyautey's work history or your medical history.

**RESPONSE:**

**REQUEST NO. 18:**  All union records, foreman's timecards, foreman's hourly records or any similar item evidencing Gale Lyautey's work history.

**RESPONSE:**

**REQUEST NO. 19:**  All correspondence or written documents of the following description: (a) correspondence between Gale Lyautey and his local union; (b) correspondence

5

Case No.: 10-35086 CA 37

between Gale Lyautey's local union and its international union; and (c) correspondence to any person, of whatever nature, relating to Gale Lyautey's medical condition.

**RESPONSE:**

**REQUEST NO. 20:** All notes, notations, sketches, calendars or other materials prepared by Gale Lyautey at any time which reflect his work history or the identity of any products he used during his working career.

**RESPONSE:**

**REQUEST NO. 21:** All product lists, product sheets, comparative product charts, sketches, diagrams, and photographs seen, reviewed or analyzed by Gale Lyautey in an effort to recollect direct work history or the identity of any products he used.

**RESPONSE:**

**REQUEST NO. 22:** All photographs, diagrams, sketches, lists, or charts of whatever nature in the possession of Plaintiffs or their attorneys purporting to list, describe, or show products of this Defendant.

**RESPONSE:**

**REQUEST NO. 23:** All statements, correspondence, depositions or other written materials authored by this Defendant or any of the Defendants, agents, or employees which are in your possession.

18465661v1 820700 6082

**RESPONSE:**

**REQUEST NO. 24:** All catalogs, product brochures, product reference charts, or specification sheets describing or containing reference to products of this Defendant which are in your possession or reasonably available to you.

    **RESPONSE:**

**REQUEST NO. 25:** Gale Lyautey's birth certificate and any marriage licenses, and the birth certificates of any claimed dependents.

    **RESPONSE:**

**REQUEST NO. 26:** Gale Lyautey's Social security card, driver's license and voters registration card.

    **RESPONSE:**

**REQUEST NO. 27:** Plaintiffs' income tax returns and W-2 forms for the time period beginning three (3) years before you contend you were disabled by asbestos injury and ending with the most recent tax year.  Regardless of your disability claim, please produce at least those forms for the last three (3) years.

    **RESPONSE:**

18465661v1 820700 6082

Case No.: 10-35086 CA 37

**REQUEST NO. 28:**  Gale Lyautey's social security print-out showing his employment history.

**RESPONSE:**

**REQUEST NO. 29:**  All documents of whatever nature you intend to introduce in evidence at trial.

**RESPONSE:**

**REQUEST NO. 30:**  All depositions or transcripts of prior trials known or available to you which you intend to use or introduce at trial.

**RESPONSE:**

**REQUEST NO. 31:**  All medical articles, scientific articles, learned publications or treatises, monographs, studies, letters, written communications of any kind, or documentary exhibits of whatever nature which you contend are possessed by this Defendant pertaining to the harmful effects of chronic exposure to asbestos dust.

**RESPONSE:**

**REQUEST NO. 32:**  A recent photograph of Gale Lyautey.

**RESPONSE:**

18465661v1 820700 6082

Case No.: 10-35086 CA 37

**REQUEST NO. 33:**  All medical articles, books, journals, studies, treatises, letters, or reports which you intend to use or refer to at trial of this case or any known or reasonably available to you which support or refute the allegations in your complaint.

**RESPONSE:**


**REQUEST NO. 34:**  Any adjudications concerning any application for disability or pension made by Gale Lyautey to any government or private agency, employer or insurer.

**RESPONSE:**


## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was served via email and U.S. Mail to David Jagolinzer, Esq., Attorney for Plaintiffs, The Ferraro Law Firm, 4000 Ponce de Leon Blvd., Ste. 700, Miami, FL  33146 this _____ day of August, 2010.

HINSHAW & CULBERTSON LLP


NICKOLAS C. BERRY, ESQ.
Florida Bar No. 335037
DANIEL A. GARCIA, ESQ.
Florida Bar No. 194130
One East Broward Blvd., Ste. 1010
Ft. Lauderdale, FL 33301
Telephone:  954-467-7900
Facsimile: 954-467-1024

18465661v1 820700 6082

## INSTRUCTION AND INFORMATION SHEET FOR
## SF 180, REQUEST PERTAINING TO MILITARY RECORDS

**1. Information needed to locate records.** Certain identifying information is necessary to determine the location of an individual's record of military service. Please try to answer each item on the SF 180. If you do not have and cannot obtain the information for an item, show "NA," meaning the information is "not available." Include as much of the requested information as you can.

**2. Restrictions on release of information.** Release of information is subject to restrictions imposed by the military services consistent with Department of Defense regulations and the provisions of the Freedom of Information Act (FOIA) and the Privacy Act of 1974. The service member (either past or present) or the member's legal guardian has access to almost any information contained in that member's own record. Others requesting information from military personnel/health records must have the release authorization in Section III of the SF 180 signed by the member or legal guardian, but if the appropriate signature cannot be obtained, only limited types of information can be provided. If the former member is deceased, surviving next of kin may, under certain circumstances, be entitled to greater access to a deceased veteran's records than a member of the public. The next of kin may be any of the following: unremarried surviving spouse, father, mother, son, daughter, sister, or brother. Employers and others needing proof of military service are expected to accept the information shown on documents issued by the military service departments at the time a service member is separated.

**3. Where reply may be sent.** The reply may be sent to the member or any other address designated by the member or other authorized requester.

**4. Charges for service.** There is no charge for most services provided to members or their surviving next of kin. A nominal fee is charged for certain types of service. In most instances service fees cannot be determined in advance. If your request involves a service fee, you will be notified as soon as that determination is made.

**5. Health and personnel records.** Health records of persons on active duty are generally kept at the local servicing clinic, and usually are available from the Department of Veterans Affairs a week or two after the last day of active duty. (See page 2 of SF180 for record locations/addresses.)

**6. Records at the National Personnel Records Center.** Note that it takes at least three months, and often up to seven, for the file to reach the National Personnel Records Center in St. Louis after the military obligation has ended (such as by discharge). If only a short time has passed, please send the inquiry to the address shown for active or current reserve members. Also, if the person has only been released from active duty but is still in a reserve status, the personnel record will stay at the location specified for reservists. A person can retain a reserve obligation for several years, even without attending meetings or receiving annual training. (See page 2 of SF180 for record locations/addresses.)

**7. Definitions and abbreviations.** DISCHARGED -- the individual has no current military status; HEALTH -- Records of physical examinations, dental treatment, and outpatient medical treatment received while in a duty status (does not include records of treatment while hospitalized); TDRL – Temporary Disability Retired List.

**8. Service completed before World War I.** National Archives Trust Fund (NATF) forms must be used to request these records. Obtain the forms by e-mail from *inquire@nara.gov* or write to the Code 6 address on page 2 of the SF 180.

### PRIVACY ACT OF 1974 COMPLIANCE INFORMATION

The following information is provided in accordance with 5 U.S.C. 552a(e)(3) and applies to this form. Authority for collection of the information is 44 U.S.C. 2907, 3101, and 3103, and Public Law 104-134 (April 26, 1996), as amended in title 31, section 7701. Disclosure of the information is voluntary. If the requested information is not provided, it may delay servicing your inquiry because the facility servicing the service member's record may not have all of the information needed to locate it. The purpose of the information on this form is to assist the facility servicing the records (see the address list) in locating the correct military service record(s) or information to answer your inquiry. This form is then filed in the requested military service record as a record of disclosure. The form may also be disclosed to Department of Defense components, the Department of Veterans Affairs, the Department of Transportation (Coast Guard), or the National Archives and Records Administration when the original custodian of the military health and personnel records transfers all or part of those records to that agency. If the service member was a member of the National Guard, the form may also be disclosed to the Adjutant General of the appropriate state, District of Columbia, or Puerto Rico, where he or she served.

### PAPERWORK REDUCTION ACT PUBLIC BURDEN STATEMENT

Public burden reporting for this collection of information is estimated to be five minutes per response, including time for reviewing instructions and completing and reviewing the collection of information. Send comments regarding the burden estimate or any other aspect of the collection of information, including suggestions for reducing this burden, to National Archives and Records Administration (NHP), 8601 Adelphi Road, College Park, MD 20740-6001. DO NOT SEND COMPLETED FORMS TO THIS ADDRESS. SEND COMPLETED FORMS AS INDICATED IN THE ADDRESS LIST ON PAGE 2 OF THE SF 180.

Standard Form 180 (Rev. 01-04) (Page 1)
Prescribed by NARA (36 CFR 1228.168(b))

Authorized for local reproduction
Previous edition unusable

OMB No. 3095-0029 Expires 9/30/2005

## REQUEST PERTAINING TO MILITARY RECORDS

To ensure the best possible service, please thoroughly review the accompanying instructions before filling out this form.  Please print clearly or type.  If you need more space, use plain paper.

### SECTION I - INFORMATION NEEDED TO LOCATE RECORDS (Furnish as much as possible.)

| 1. NAME USED DURING SERVICE (last, first, and middle) | 2. SOCIAL SECURITY NO. | 3. DATE OF BIRTH | 4. PLACE OF BIRTH |
|---|---|---|---|
| | | | |

5. SERVICE , PAST AND PRESENT — (For an effective records search, it is important that all service be shown below.)

| BRANCH OF SERVICE | DATES OF SERVICE | | CHECK ONE | | SERVICE NUMBER DURING THIS PERIOD |
| | DATE ENTERED | DATE RELEASED | OFFICER | ENLISTED | (If unknown, write "unknown") |
|---|---|---|---|---|---|
| a. ACTIVE SERVICE | | | | | |
| b. RESERVE SERVICE | | | | | |
| c. NATIONAL GUARD | | | | | |

6. IS THIS PERSON DECEASED? If "YES" enter the date of death.  ☐ NO  ☐ YES _____

7. IS (WAS) THIS PERSON RETIRED FROM MILITARY SERVICE?  ☐ NO  ☐ YES

### SECTION II – INFORMATION AND/OR DOCUMENTS REQUESTED

1. **REPORT OF SEPARATION** (DD Form 214 or equivalent). This contains information normally needed to verify military service. A copy may be sent to the veteran, the deceased veteran's next of kin, or other persons or organizations if authorized in Section III, below. NOTE: If more than one period of service was performed, even in the same branch, there may be more than one Report of Separation. Be sure to show EACH year that a Report of Separation was issued, for which you need a copy.

☒ An **UNDELETED** Report of Separation is requested for the year(s) _____

This normally will be a copy of the full separation document including such sensitive items as the character of separation, authority for separation, reason for separation, reenlistment eligibility code, separation (SPD/SPN) code, and dates of time lost. An undeleted version is ordinarily required to determine eligibility for benefits.

☐ A **DELETED** Report of Separation is requested for the year(s) _____

The following information will be deleted from the copy sent: authority for separation, reason for separation, reenlistment eligibility code, separation(SPD/SPN) code, and for separations after June 30, 1979, character of separation and dates of time lost.

2. **OTHER INFORMATION AND/OR DOCUMENTS REQUESTED**   Any and all military records, including but not limited to military personnel records, medical records, x-rays, pathology, disciplinary records, special training records, court martial records, and psychiatric records.

3. **PURPOSE** (Optional – An explanation of the purpose of the request is strictly voluntary. Such information may help the agency answering this request to provide the best possible response and will in no way be used to make a decision to deny the request.)   For Civil Litigation Purposes

### SECTION III - RETURN ADDRESS AND SIGNATURE

**1. REQUESTER IS:**

☐ Military service member or veteran identified in Section I, above

☐ Next of kin of deceased veteran _____ (relation)

☐ Legal guardian (must submit copy of court appointment)

☐ Other (specify) _____

**2. SEND INFORMATION/DOCUMENTS TO:**
(Please print or type.  See item 3 on accompanying instructions.)

**3.   AUTHORIZATION SIGNATURE REQUIRED** (See item 2 on accompanying instructions.)  I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the information in this Section III is true and correct.

Name _____

Street _____ Apt. ____

City _____ State ____ Zip Code ____

Signature of requester    (Please do not print.)

(   )

Date of this request _____  Daytime phone _____

Email address _____

** This form is available at *http://www.archives.gov/research_room/obtain_copies/standard_form_180.pdf* on the National Archives and Records Administration (NARA) web site.**

Standard Form 180 (Rev. 01-04) (Page 2)
Prescribed by NARA (36 CFR 1228.168(b))

Authorized for local reproduction
Previous edition unusable

OMB No. 3095-0029 Expires 9/30/2005

# LOCATION OF MILITARY RECORDS

The various categories of military service records are described in the chart below. For each category there is a code number which indicates the address at the bottom of the page to which this request should be sent. Please refer to the Instruction and Information Sheet accompanying this form as needed.

| BRANCH | CURRENT STATUS OF SERVICE MEMBER | ADDRESS CODE | |
|---|---|---|---|
| | | Personnel Record | Health Record |
| AIR FORCE | Discharged, deceased, or retired before 5/1/1994 | 14 | 14 |
| | Discharged, deceased, or retired on or after 5/1/1994 | 14 | 11 |
| | Active (including National Guard on active duty in the Air Force), TDRL, or general officers retired with pay | 1 | |
| | Reserve, retired reserve in nonpay status, current National Guard officers not on active duty in the Air Force, or National Guard released from active duty in the Air Force | 2 | |
| | Current National Guard enlisted not on active duty in the Air Force | 13 | |
| COAST GUARD | Discharge , deceased, or retired before 1/1/1898 | 6 | |
| | Discharged, deceased, or retired 1/1/1898 – 3/31/1998 | 14 | 14 |
| | Discharged, deceased, or retired on or after 4/1/1998 | 14 | 11 |
| | Active, reserve, or TDRL | 3 | |
| MARINE CORPS | Discharged, deceased, or retired before 1/1/1905 | 6 | |
| | Discharged, deceased, or retired 1/1/1905 – 4/30/1994 | 14 | 14 |
| | Discharged, deceased, or retired on or after 5/1/1994 | 14 | 11 |
| | Individual Ready Reserve or Fleet Marine Corps Reserve | 5 | |
| | Active, Selected Marine Corps Reserve, TDRL | 4 | |
| ARMY | Discharged, deceased, or retired before 11/1/1912 (enlisted) or before 7/1/1917 (officer) | 6 | |
| | Discharged, deceased, or retired 11/1/1912 – 10/15/1992 (enlisted) or 7/1/1917 – 10/15/1992 (officer) | 14 | 14 |
| | Discharged, deceased, or retired on or after 10/16/1992 | 14 | 11 |
| | Reserve; or active duty records of current National Guard members who performed service in the U.S. Army before 7/1/1972 | 7 | |
| | Active enlisted (including National Guard on active duty in the U.S. Army) or TDRL enlisted | 9 | |
| | Active officers (inlcuding National Guard on active duty in the U.S. Army) or TDRL officers | 8 | |
| | Current National Guard enlisted not on active duty in Army (including records of Army active duty performed after 6/30/1972) | 13 | |
| | Current National Guard officers not on active duty in Army (including records of Army active duty performed after 6/30/1972) | 12 | |
| NAVY | Discharged, deceased, or retired before 1/1/1886 (enlisted) or before 1/1/1903 (officer) | 6 | |
| | Discharged, deceased, or retired 1/1/1886 – 1/30/1994 (enlisted) or 1/1/1903 – 1/30/1994 (officer) | 14 | 14 |
| | Discharged, deceased, or retired 1/31/1994 – 12/31/1994 | 14 | 11 |
| | Discharged, deceased, or retired on or after 1/1/1995 | 10 | |
| | Active, reserve, or TDRL | 10 | |
| PUBLIC HEALTH SERVICE | Commissioned Corps – active, inactive, terminated, retired | 15 | |

## ADDRESS LIST OF CUSTODIANS (BY CODE NUMBERS SHOWN ABOVE) – Where to write/send this form

| | | | | | |
|---|---|---|---|---|---|
| 1 | Air Force Personnel Center HQ AFPC/DPSRP 550 C Street West, Suite 19 Randolph AFB, TX 78150-4721 | 6 | National Archives & Records Administration Old Military and Civil Records (NWCTB-Military) Textual Services Division 700 Pennsylvania Ave., N.W. Washington, DC 20408-0001 | 11 | Department of Veterans Affairs Records Management Center P.O. Box 5020 St. Louis, MO 63115-5020 |
| 2 | Air Reserve Personnel Center /DSMR HQ ARPC/DPSSA/B 6760 E. Irvington Place, Suite 4600 Denver, CO 80280-4600 | 7 | Commander U.S. Army Reserve Personnel Command ATTN: ARPC-ZCC-B 1 Reserve Way St. Louis, MO 63132-5200 | 12 | Army National Guard Readiness Center NGB-ARP 111 S. George Mason Dr. Arlington, VA 22204-1382 |
| 3 | Commander, CGPC-adm-3 USCG Personnel Command 4200 Wilson Blvd., Suite 1100 Arlington, VA 22203-1804 | 8 | U.S. Total Army Personnel Command ATTN: TAPC-MSR-S 200 Stoval Street Alexandria, VA 22332-0444 | 13 | The Adjutant General (of the appropriate state, DC, or Puerto Rico) |
| 4 | Headquarters U.S. Marine Corps Personnel Management Support Branch (MMSB-10) 2008 Elliot Road Quantico, VA 22134-5030 | 9 | Commander USAEREC ATTN: PCRE-F 8899 E. 56th St. Indianapolis, IN 46249-5301 | 14 | National Personnel Records Center (Military Personnel Records) 9700 Page Ave. St. Louis, MO 63132-5100 |
| 5 | Marine Corps Reserve Support Command (Code MMI) 15303 Andrews Road Kansas City, MO 64147-1207 | 10 | Navy Personnel Command (PERS-313C1) 5720 Integrity Drive Millington, TN 38055-3130 | 15 | Division of Commissioned Personnel ATTN: Records Officer 5600 Fishers Lane, Room 4-36 Rockville, MD 20857-0001 |

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. From whose record do you need the earnings information?

   Print the Name, Social Security Number (SSN), and date of birth below.

   Name _____   Social Security Number _____

   Other Name(s) Used
   (Include Maiden Name) _____   Date of Birth (Mo/Day/Yr) _____

2. What kind of information do you need?

   [X]  Detailed Earnings Information          For the period(s)/year(s): ___ALL___
        (If you check this block, tell us below
        why you need this information.)
        _____
        _____

   [ ]  Certified Total Earnings For Each Year.     For the year(s): _____
        (Check this box only if you want the information
        certified. Otherwise, call 1-800-772-1213 to
        request Form SSA-7004, Request for Earnings
        and Benefit Estimate Statement)

3. If you owe us a fee for this detailed earnings information, enter the amount due
   using the chart on page 3 . . . . . . . . . . . . . . . . . . . . . . . .   A. $ _____

   Do you want us to certify the information?          [ ] Yes   [ ] No

   If yes, enter $15.00 . . . . . . . . . . . . . . . . .   B. $ _____

   ADD the amounts on lines A and B, and
   enter the TOTAL amount . . . . . . . . . . . . . . . .   C. $ _____

   - You can pay by CREDIT CARD by completing and returning the form on page 4, or
   - Send your CHECK or MONEY ORDER for the amount on line C with the request
     and make check or money order payble to "Social Security Administration"
   - DO NOT SEND CASH.

4. I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that
   individual). I understand that any false representation to knowingly and willfully obtain information from
   Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

   SIGN your name here
       (Do not print)  > _____        Date _____
                          Gale Lyautey
   Daytime Phone Number  _____
                          (Area Code)  (Telephone Number)

5. Tell us where you want the information sent. (Please print)     c/o Hinshaw & Culbertson LLP

   Name  Nickolas C. Berry, Esq. _____   Address  1 E. Broward Blvd., Ste. 1010

   City, State & Zip Code  Ft. Lauderdale, FL  33301

6. Mail Completed Form(s) To:              Exception: If using private contractor (e.g., FedEx) to mail form(s), use

   Social Security Administration          Social Security Administration
   Division of Earnings Record Operations  Division of Earnings Record Operations
   P.O. Box 33003                          300 N. Greene St.
   Baltimore Maryland  21290-3003          Baltimore Maryland  21290-0300

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

To:

For informational purposes pertaining to civil litigation, I authorize and request the Custodian of Records at the above-named entity to disclose to the agents or designees of the Law firm of Hinshaw & Culbertson LLP, any and all medical records, including those that may contain protected health information (PHI) regarding Gale Lyautey, whether created before or after the date of signature.  This authorization should also be construed to permit agents or designees of Hinshaw & Culbertson LLP to copy, inspect and review any and all such records.  Records requested may include, but are not limited to:

> all medical records, physician's records, surgeon's records, x-rays, CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films, pathology materials, slides, tissues, physicals and histories, laboratory reports, operating room records, discharge summaries, progress notes, patient intake forms, consultations, prescriptions, nurses' notes, birth certificate and other vital statistic records, communicable disease testing and treatment records, correspondence, psychiatric records, prescription records, medication records, orders for medications, therapists' notes, social worker's records, insurance records, consent for treatment, statements of account, itemized bills, invoices and any other papers relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement, or documents containing information regarding amendment of protected health information (PHI) in the medical records.

Unless revoked in writing, this authorization shall be valid for the period of one year from the date of execution. In addition, a copy of this authorization may be used in place of and with the same force and effect as the original.

**NOTICE**
* **The Individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to the above referenced provider except to the extent that the entity has already relied upon this Authorization to disclose protected health Information (PHI).**
* **The Individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the Individual signs the authorization.**
* **The individual signing this authorization understands that protected health Information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**

I, Gale Lyautey, have read this Authorization and understand that it will permit the disclosure of PHI regarding myself to Hinshaw & Culbertson LLP.

_____
Name

Date:_____

_____
Former/Alias/Maiden Name

_____
Date of Birth

_____
Social Security Number

_____
Address
_____
_____

32457988

Aug 3 2010
10:32AM

IN THE CIRCUIT COURT OF THE 11TI
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ASBESTOS LITIGATION

GALE LYAUTEY and PATRICIA LYAUTEY,
his wife,

      Plaintiffs,

CASE NO.: 10-35086 CA 37

vs.

ALFA LAVAL, INC., et al.,

      Defendants.             /

## NOTICE OF BANKRUPTCY FILING OF LESLIE CONTROLS, INC.

NOTICE IS HEREBY GIVEN that, on July 12, 2010, Leslie Controls, Inc. filed a

petition for relief under chapter 11 of the federal bankruptcy code in the United States

Bankruptcy Court for the District of Delaware.  The case number is 10-12199.  Pursuant to

Section 362 of the federal bankruptcy code, all proceedings are automatically stayed as to Leslie

Controls, Inc., and all actions taken in violation of the stay are null and void.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true copy of the foregoing was served e-mail and U.S.

Mail to David Jagolinzer, Esq., Counsel for Plaintiff, The Ferraro Law Firm, 4000 Ponce de

Leon Blvd., Suite 700, Miami, FL  33146, and **via LexisNexis to all Counsel of Record** on this

_____ day of August, 2010.

Case No.: 10-35086 CA 37

HINSHAW & CULBERTSON LLP

_____
NICKOLAS C. BERRY, ESQ.
Florida Bar No. 335037
DANIEL A. GARCIA, ESQ.
Florida Bar No. 194130
One East Broward Blvd., Ste. 1010
Ft. Lauderdale, FL 33301
Telephone:  954-467-7900
Facsimile: 954-467-1024

2

18465878v1  899623  59577

32467612

LEXIS NEXIS® FILE & SERVE
E-SERVICE
Aug 3 2010
2:10PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 10-35086 CA-31

**GALE LYAUTEY**, and
**PATRICIA LYAUTEY**, his wife,

        Plaintiffs,

vs.

**ALFA LAVAL, INC.**, etc.; **ASCO VALVE, INC.;
A.W. CHESTERTON COMPANY**, etc.;
**BINGHAM INSULATION & SUPPLY
COMPANY; BIRD, INC.; BORG WARNER
CORPORATION; BUFFALO PUMPS; CARRIER
CORPORATION; CATERPILLAR, INC.;
CBS CORPORATION**, etc; **CERTAINTEED
CORPORATION; CLEAVER-BROOKS, INC.;
COMPUDYNE CORP.**, etc.; **CRANE COMPANY;
CUMMINS, INC.; DANA COMPANIES, LLC**, etc.;
**DETROIT DIESEL CORPORATION; EATON
HYDRAULICS, INC.**, etc.; **ELLIOTT
TURBOMACHINERY COMPANY, INC.**, etc.;
**FAIRBANKS MORSE PUMP CORPORATION;
FEDERAL-MOGUL ASBESTOS PERSONAL
INJURY TRUST**, etc.; **FLOWSERVE CORPORATION**, etc.;
**FORD MOTOR COMPANY; FOSTER WHEELER
ENERGY CORPORATION**, etc.; **GARDNER-DENVER,
INC.; GARDNER DENVER NASH, LLC; GENERAL
ELECTRIC COMPANY; GENUINE PARTS
COMPANY; GEORGIA-PACIFIC LLC**, etc.;
**THE GOODYEAR TIRE & RUBBER COMPANY;
GOULDS PUMPS, INC.**, etc.; **GREENE TWEED &
CO., INC.; HONEYWELL INTERNATIONAL,
INC.**, etc.; **IMO INDUSTRIES, INC.**, etc.; **INGERSOLL-
RAND COMPANY; ITT CORPORATION**, etc.; **JOHN
CRANE, INC.; LESLIE CONTROLS, INC.'  McCORD
CORPORATION; MELRATH GASKET, INC.; NATIONAL
SERVICE INDUSTRIES, INC.**, etc.; **OFFICEMAX, INC.**, etc.;
**OWENS - ILLINOIS, INC; PNEUMO ABEX, LLC**, etc.;
**RAPID AMERICAN CORPORATION; SPX
CORPORATION**, etc.; **STONE & WEBSTER**

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

**ENGINEERING CORPORATION,** etc.; **UNION CARBIDE CORPORATION; VELAN VALVE CORPORATION; VIAD CORPORATION,** etc.; **VIKING PUMPS, INC.; WARREN PUMPS, LLC; WEIR VALVES AND CONTROLS USA, INC,** etc.; **YARWAY CORPORATION**

Defendants.

_____/

### DEFENDANT INGERSOLL-RAND COMPANY'S ANSWER, AFFIRMATIVE DEFENSES, AND MOTION TO DISMISS AND/OR TO STRIKE PLAINTIFF'S COMPLAINT

Defendant, INGERSOLL-RAND COMPANY [hereinafter "INGERSOLL-RAND"], by and through its undersigned counsel, herewith files its Answer and Affirmative Defenses to Plaintiffs' Complaint, and states the following:

1.      INGERSOLL-RAND is without the knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 1 of Plaintiffs' Complaint and therefore the allegations are denied.

2.      INGERSOLL-RAND is without the knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 2 of Plaintiffs' Complaint and therefore the allegations are denied.

3.      Insofar as the allegations set forth in Paragraph 3 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set

2

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

forth in Paragraph 3 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

4.      Insofar as the allegations set forth in Paragraph 4 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 4 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

5.      Insofar as the allegations set forth in Paragraph 5 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 5 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

6.      Insofar as the allegations set forth in Paragraph 6 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 6 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

7.      Insofar as the allegations set forth in Paragraph 7 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set

forth in Paragraph 7 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

8.      Insofar as the allegations set forth in Paragraph 8 of Plaintiffs' Complaint pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 8 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

9.      INGERSOLL-RAND acknowledges and admits that Plaintiffs have stated that they are disclaiming "any federal causes of action or any claim that would give rise to federal jurisdiction", as more fully set forth in Paragraph 9 of their Complaint; however, INGERSOLL-RAND is without knowledge as to what effect such disclaimer has or will have, and consequently is unable to respond to such allegations.

10.     INGERSOLL-RAND acknowledges and admits that Plaintiffs' have alleged, in Paragraph 10 of their Complaint, that "there can be no valid claim to federal jurisdiction pursuant to federal enclave, federal officer or federal contractor provisions of the United States Code." INGERSOLL-RAND, however,  is without knowledge as to what effect such allegation has or will have, and consequently is unable to respond to such allegation.

11.     The allegations of Paragraph 11 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

12.     The allegations of Paragraph 12 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

13.     The allegations of Paragraph 13 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

14.     The allegations of Paragraph 14 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

15.     The allegations of Paragraph 15 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

16.     The allegations of Paragraph 16 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

17.     The allegations of Paragraph 17 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

18.     the allegations of Paragraph 18 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

19.     The allegations of Paragraph 19 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

20.     The allegations of Paragraph 20 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

21.     The allegations of Paragraph 21 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

22.     The allegations of Paragraph 22 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

23.     The allegations of Paragraph 23 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

24.     The allegations of Paragraph 24 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

25.     The allegations of Paragraph 25 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

**Gale LYAUTEY**, *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

26.     The allegations of Paragraph 26 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

27.     The allegations of Paragraph 27 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

28.     The allegations of Paragraph 28 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

29.     The allegations of Paragraph 29 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

30.     The allegations of Paragraph 30 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

31.     The allegations of Paragraph 31 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

32.     The allegations of Paragraph 32 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

33.    The allegations of Paragraph 33 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

34.    The allegations of Paragraph 34 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

35.    The allegations of Paragraph 35 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

36.    The allegations of Paragraph 36 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

37.    The allegations of Paragraph 37 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

38.    The allegations of Paragraph 38 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

39.    The allegations of Paragraph 39 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

40.     The allegations of Paragraph 40 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

41.     The allegations of Paragraph 41 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

42.     The allegations of Paragraph 42 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

43.     The allegations of Paragraph 43 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

44.     The allegations of Paragraph 44 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

45.     INGERSOLL-RAND, admits that it is a New Jersey corporation, with its principal place of business located in the State of New Jersey; but it expressly denies each and every other allegation set forth in Paragraph 45 of Plaintiffs' Complaint.

46.     The allegations of Paragraph 46 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

9

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

47.     The allegations of Paragraph 47 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

48.     The allegations of Paragraph 48 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

49.     The allegations of Paragraph 49 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

50.     The allegations of Paragraph 50 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

51.     The allegations of Paragraph 51 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

52.     The allegations of Paragraph 52 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

53.     The allegations of Paragraph 53 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are  therefore denied.

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

54.     The allegations of Paragraph 54 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

55.     The allegations of Paragraph 55 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

56.     The allegations of Paragraph 56 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

57.     The allegations of Paragraph 57 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

58.     The allegations of Paragraph 58 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

59.     The allegations of Paragraph 59 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

60.    The allegations of Paragraph 60 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

61.    The allegations of Paragraph 61 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

62.    The allegations of Paragraph 62 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

63.    The allegations of Paragraph 63 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

64.    The allegations of Paragraph 64 do not pertain to INGERSOLL-RAND, which is without sufficient knowledge to answer such allegations, as a consequence of which such allegations are therefore denied.

65.    Insofar as the allegations set forth in Paragraph 65 of Plaintiffs' Complaint pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof. Insofar as the allegations set forth in Paragraph 65 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, it was admitted in Paragraph 45, that INGERSOLL-RAND is a New Jersey corporation, with its principal

place of business located in the State of New Jersey Courts, and such admissions are reiterated in response to Paragraph 65.  It is now further admitted that INGERSOLL-RAND conducted business in the State of Florida, and accordingly is subject  to the Jurisdiction of the Florida Courts; but INGERSOLL-RAND expressly denies each and every other allegation set forth in Paragraph 65 of Plaintiffs' Complaint.

66.     Insofar as the allegations set forth in Paragraph 66 of Plaintiffs' Complaint pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof. Insofar as the allegations set forth in Paragraph 45 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, it was admitted in Paragraphs 45 and 65, that INGERSOLL-RAND is a New Jersey corporation, with its principal place of business located in the State of New Jersey, and it was also admitted in Paragraph 65, that INGERSOLL-RAND conducted business in the State of Florida, and accordingly is subject to the Jurisdiction of the Florida Courts.  Such prior admissions are reiterated in response to Paragraph 66; but INGERSOLL-RAND expressly denies each and every other allegation set forth in Paragraph 66 of Plaintiffs' Complaint.

67.     Insofar as the allegations set forth in Paragraph 67 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 67 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, it was admitted Paragraphs 65 and 66 that INGERSOLL-RAND conducted business in the State of Florida, and accordingly is subject to the Jurisdiction of the Florida Courts, and such admissions are

reiterated with respect to Paragraph 67; but INGERSOLL-RAND expressly denies each and every other allegation set forth in Paragraph 67 of Plaintiffs' Complaint are expressly denied.

68.      Insofar as the allegations set forth in Paragraph 68 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 68 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

[INGERSOLL-RAND acknowledges that the Plaintiffs are adopting prior allegations in an un-numbered Paragraph at the commencement of "COUNT I: NEGLIGENCE", of their Complaint, and it herewith adopts its response to each such prior allegation, heretofore set forth].

69.      Insofar as the allegations set forth in Paragraph 69 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 69 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

70.      Insofar as the allegations set forth in Paragraph 70 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 70 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

14

Gale LYAUTEY, *et ux.*, v. ASCO VALVE, INC., *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

71.    Insofar as the allegations set forth in Paragraph 71 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 71 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

72.    Insofar as the allegations set forth in Paragraph 72 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 72 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

73.    Insofar as the allegations set forth in Paragraph 73 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 73  of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

74.    Insofar as the allegations set forth in Paragraph 74 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 74 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

**Gale LYAUTEY**, *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

75.     Insofar as the allegations set forth in Paragraph 75 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 75 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

76.     Insofar as the allegations set forth in Paragraph 76 of Plaintiffs' Complaint, and each sub-Paragraph thereunder,  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 76 of Plaintiffs' Complaint, and each sub-Paragraph thereunder,  pertain to INGERSOLL-RAND, such allegations are expressly denied.

[INGERSOLL-RAND acknowledges that the Plaintiffs are adopting prior allegations in an un-numbered Paragraph at the commencement of "COUNT II: STRICT LIABILITY", of their Complaint, and it herewith adopts its response to each such prior allegation, heretofore set forth].

77.     Insofar as the allegations set forth in Paragraph 77 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 77 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

78.     Insofar as the allegations set forth in Paragraph 78 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such

allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 78 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

79.     Insofar as the allegations set forth in Paragraph 79 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 79 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

80.     Insofar as the allegations set forth in Paragraph 80 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 80 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

81.     Insofar as the allegations set forth in Paragraph 81 of Plaintiffs' Complaint pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 81 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

82.     Insofar as the allegations set forth in Paragraph 82 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such

allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 82 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied

83.     Insofar as the allegations set forth in Paragraph 83 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 83 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

84.     Insofar as the allegations set forth in Paragraph 84 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 84 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

85.     Insofar as the allegations set forth in Paragraph 85 of Plaintiffs' Complaint, and each sub-Paragraph thereunder,  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 85 of Plaintiffs' Complaint, and each sub-Paragraph thereunder,  pertain to INGERSOLL-RAND, such allegations are expressly denied.

86.     Insofar as the allegations set forth in Paragraph 86 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such

allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 86 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

87.     Insofar as the allegations set forth in Paragraph 87 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 87 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

88.     Insofar as the allegations set forth in Paragraph 88 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 88 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

[INGERSOLL-RAND acknowledges that the Plaintiffs are adopting prior allegations in an un-numbered Paragraph at the commencement of "COUNT III: LOSS OF CONSORTIUM  -- PATRICIA LYAUTEY", of their Complaint, and it herewith adopts its response to each such prior allegation, heretofore set forth].

89.     Insofar as the allegations set forth in Paragraph 89 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

allegations set forth in Paragraph 89 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

[INGERSOLL-RAND acknowledges that the Plaintiffs are adopting prior allegations in an un-numbered Paragraph at the commencement of the section stating "DAMAGES", of their Complaint, and it herewith adopts its response to each such prior allegation, heretofore set forth].

90.     Insofar as the allegations set forth in Paragraph 90 of Plaintiffs' Complaint pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 90 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

91.     Insofar as the allegations set forth in Paragraph 91 of Plaintiffs' Complaint pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 91 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

92.     Insofar as the allegations set forth in Paragraph 92 of Plaintiffs' Complaint pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 92 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

**Gale LYAUTEY**, *et ux.*, v. **ASCO VALVE, INC.**, *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

93.     Insofar as the allegations set forth in Paragraph 93 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 93 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

94.     Insofar as the allegations set forth in Paragraph 94 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 94 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

95.     Insofar as the allegations set forth in Paragraph 95 of Plaintiffs' Complaint  pertain to other Defendants, INGERSOLL-RAND would state that it is without knowledge of such allegations, and consequently it denies same, and demands strict proof thereof.  Insofar as the allegations set forth in Paragraph 95 of Plaintiffs' Complaint pertain to INGERSOLL-RAND, such allegations are expressly denied.

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses, the Defendant, INGERSOLL-RAND would state the following:

1.     Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

Gale LYAUTEY, *et ux.*, v. ASCO VALVE, INC., *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

2.     Plaintiffs' causes of action are barred in whole or in part by the applicable statutes of limitations, and by Florida's applicable Statute of Repose, §95.031(2), ***Fla.Stat.***.  Additionally, pursuant to the Florida Asbestos & Silica Compensation Fairness Act, §§ 774.206, the applicable statute of limitations commences running when the Plaintiff "discovers, or through the exercise of reasonable diligence should have discovered, that he or she is physically impaired by an asbestos-related-related condition."

3.     Plaintiffs' causes of action are barred in whole or in part by the doctrines of laches, waiver and estoppel.

4.     There is improper venue in Miami-Dade County, Florida.

5.     Plaintiffs' Complaint has failed to join indispensable parties.

6.     Plaintiffs' claims are barred by the Florida Asbestos & Silica Compensation Fairness Act, §§ 774.201, *et seq*.

7.     Plaintiffs have failed to comply with the provisions of the Florida Asbestos & Silica Compensation Fairness Act, §§ 774.201, *et seq.*, in that the Complaint fails to properly identify any particular product of INGERSOLL-RAND, to which Plaintiff GALE LYAUTEY was allegedly exposed, or the date(s) of exposure, the location(s) of the exposure, or the duration(s) of the exposure(s).

8.     Plaintiff  GALE LYAUTEY was guilty of comparative negligence at the times and places where he allegedly suffered exposure to asbestos products, which comparative negligence was a direct and proximate cause of his alleged injuries; as a consequence of which, his comparative

Gale LYAUTEY, *et ux.*, v. ASCO VALVE, INC., *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

negligence either bars his claims or diminishes his recovery Plaintiffs' recovery, if any, should be reduced by the comparative negligence of Plaintiff GALE LYAUTEY.

9.      That at the times and places referred to in the Complaint, Plaintiff GALE LYAUTEY expressly assumed the risk of injury, thereby barring any recovery by Plaintiffs.

10.      The sole cause or contributing cause of any injuries or damages complained of by the Plaintiff was due to the negligence of Third Parties, who were neither agents nor employees in the course and scope of their employment with INGERSOLL-RAND, or through some intervening proximate cause and/or condition.

11.      The damages alleged by Plaintiff, were caused or proximately caused by one or more Third Parties other than INGERSOLL-RAND, as a consequence of which, INGERSOLL-RAND is not legally responsible.

12.      The damages which were allegedly sustained by Plaintiff were caused entirely by intervening and superseding causes, which were beyond the control of INGERSOLL-RAND.

13.      The damages alleged by Plaintiff, resulted from new and independent, unforeseeable superseding and/or intervening causes unrelated to any conduct of, or product placed in the stream of commerce by INGERSOLL-RAND.

14.      Plaintiffs' damages were not caused by any act or omission by INGERSOLL-RAND.

15.      The damages alleged by Plaintiffs, resulted from new and independent, unforeseeable superseding and/or intervening causes unrelated to any conduct of, or product placed in the stream of commerce, by INGERSOLL-RAND.

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

16.     Plaintiffs' damages, if any, were caused by exposure to products not manufactured, purchased, sold, or otherwise distributed by INGERSOLL-RAND.

17.     Plaintiff cannot show that the damages which were allegedly sustained, were proximately caused by exposure to any products manufactured or distributed by INGERSOLL-RAND.

18.     Plaintiff GALE LYAUTEY's alleged exposure to any of the products allegedly manufactured, sold, or distributed by INGERSOLL-RAND, was *de minimus*, and the alleged damages, if any, are not proximately caused by contact with any product manufactured, purchased, sold, or otherwise distributed by INGERSOLL-RAND.

19.     Plaintiff GALE LYAUTEY, did not directly or indirectly purchase any asbestos-containing products or materials from INGERSOLL-RAND, and such Plaintiff neither received nor relied upon any representation or warranty allegedly made by INGERSOLL-RAND.

20.     Plaintiff GALE LYAUTEY's employers were, or are, sophisticated users of the products alleged in the Complaint, and they knew or should have known of any dangers or hazards associated with the use of products containing asbestos, and exposure to asbestos dust and/or fibers. Furthermore, Plaintiff's employers were warned of the dangers or hazards associated with the use of asbestos-containing products and said employer(s) failed to rely upon such warnings. The acts and/or omissions of Plaintiff's employers, and the failure to act as sophisticated users were the sole proximate cause(s) of the alleged damages suffered by the Plaintiffs.

24

21.     Plaintiffs' action is barred, in whole or in part, by the exclusivity doctrines of Florida's Worker's Compensation laws, or similar doctrines of other states; or by the exclusivity doctrines of the Longshoremen's and Harbor Worker's Compensation Act.

22.     To the extent that the Plaintiff accepts compensation as partial settlement from any Defendant, or un-named Third Party, of the claims set forth in the Complaint, INGERSOLL-RAND is entitled to a setoff.

23.     INGERSOLL-RAND is entitled, pursuant to §768.76, **Fla.Stat.**, to a setoff for all benefits which have been paid or are payable to Plaintiff by collateral sources.

24.     The damages allegedly sustained by Plaintiffs, if any, must be reduced by any amount of damages legally caused by Plaintiff GALE LYAUTEY's failure to mitigate such damages in whole or in part.

25.     In the event that INGERSOLL-RAND is found liable for any damages in the within causes of action, than any damages awarded in favor of the Plaintiffs are subject to the comparative fault provisions set forth in §768.81, **Fla.Stat.**, and INGERSOLL-RAND cannot be held liable for more than its proportionate share of any non-economic damages awarded.

26.     Pursuant to **Fabre v. Marin**, 623 So.2d 1182 (Fla. 1993); **Allied-Signal, Inc. v. Fox**, 623 So.2d 1180 (Fla. 1993); and **Messmer v. Teacher's Ins. Co.**, 588 S.2d 610 (Fla. 5th DCA 1991), any damages which may be awarded to the Plaintiffs, are subject to apportionment by the jury of the total fault of all participants, including, but not limited to, any additional entities or persons revealed through discovery. INGERSOLL-RAND specifically reserves its right to amend to

identify any such parties or non-parties and to have such parties or non-parties included on the verdict form pursuant to ***Nash v. Wells Fargo Guard Services, Inc.***, 678 So.2d 1262 (Fla. 1996).

27.     INGERSOLL-RAND asserts that it is entitled to apportionment of the Plaintiffs' alleged damages which were caused by Third Parties, in accordance with the provisions of §768.81(3), ***Fla.Stat.***

28.     Plaintiffs' damages, if any should be reduced by the amount of PIP benefits paid or payable or any other collateral source.

29.     Plaintiffs' damages were the result of pre-existing conditions which were unrelated to any conduct of, or product placed in the stream of commerce, by INGERSOLL-RAND.

30.     Plaintiffs' claims are barred in whole or in part, because INGERSOLL-RAND complied with all applicable statutes and governmental regulations.

## <u>DEMAND FOR JURY TRIAL</u>

The Defendant, INGERSOLL-RAND, demands Trial by Jury of all issues so triable as of right.

**Gale LYAUTEY,** *et ux.*, v. **ASCO VALVE, INC.,** *et al.*
Miami-Dade County Circuit Court Case No.: CASE NO. 10-35086 CA 31

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true copy of the foregoing was forwarded by E-Mail to

LexisNexis File & Serve for Electronic Service to all Counsel of Record and by U.S. Mail to David

A. JAGOLINZER, The FERRARO Law Firm, 4000 Ponce De Leon Boulevard - Suite 700, Miami,

FL 33146, this 2nd day of August, 2010.

> LAW OFFICES OF STEVEN A. EDELSTEIN
> The Biltmore Hotel Executive Office Center
> 1200 Anastasia Avenue — Suite 410
> Coral Gables, Florida 33134
> (305) 444-5660
> (305) 444-5646 - FAX
>
>
> By: ___/s/ Steven A. Edelstein_____
>      STEVEN A. EDELSTEIN
>      Florida Bar No.: 161578

27

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GALE LYAUTEY, and                                  ASBESTOS LITIGATION
PATRICIA LYAUTEY, his wife,
                                                   CASE NO. 10-35086
        Plaintiffs,

v.

ALFA LAVAL, INC., *et al.*,

        Defendants.

_____/

## NOTICE OF APPEARANCE

COMES NOW the Law Firm of Brown Sims, P.C., by and through the
undersigned counsel, and files its Notice of Appearance as Counsel for Defendant
GENUINE PARTS COMPANY in this lawsuit.  It is respectfully requested that the
undersigned be provided with copies of all future pleadings, motions, notices,
correspondence, and all other documents pertaining to the above referenced case.

                                        Respectfully Submitted,

                                        **BROWN SIMS, P.C.**

                           By: _____
                                        LUCIA V. PAZOS
                                        Florida Bar No. 026764
                                        lpazos@brownsims.com
                                        Brown Sims, P.C.
                                        Datran II, Suite 1609
                                        9130 S. Dadeland Boulevard
                                        Miami, Florida 33156
                                        Telephone:    305.274.5507
                                        Facsimile:     305.274.5517
                                        *Attorneys for Genuine Parts Company*

Miami-Dade County Case No. 10-35086

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been sent to all Counsel of Record via *Lexis Nexis File & Serve* on this 3rd day of August, 2010.

_____
LUCIA V. PAZOS
For the Firm

LEXIS NEXIS' FILE & SERVE
32481972
E-SERVICE
Aug 4 2010
10:43AM

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GALE LYAUTEY and                                    ASBESTOS LITIGATION
PATRICIA LYAUTEY, his wife,
                                                    CASE NO.: 10-35086 CA 31

      Plaintiff(s),

vs.

ALFA LAVAL, INC., et al.

      Defendants.
_____/

## DEFENDANT ASCO VALVE, INC.'S ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant, Asco Valve, Inc. (hereinafter "Asco" or "Defendant"), demands a trial by jury, and without waiving any defenses, responds to Plaintiffs' Complaint and Demand for Jury Trial as follows:

## ANSWER

1.     The allegations contained in Paragraph One (1) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

2.     This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Two (2) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

3.     The allegations contained in Paragraph Three (3) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

1

4.      This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Four (4) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

5.      The allegations contained in Paragraph Five (5) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

6.      The allegations contained in Paragraph Six (6) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

7.      The allegations contained in Paragraph Seven (7) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

8.      The allegations contained in Paragraph Eight (8) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered any injuries as a result of this Defendant's actions.

9.      The allegations of Paragraph Nine (9) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

10.     The allegations of Paragraph Ten (10) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

## DEFENDANTS

11.   This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Eleven (11) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

12.   This Defendant admits only that it has an agent for service in Florida; the remainder of the allegations contained in Paragraph Twelve (12) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

13. – 64.     This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Thirteen (13) – Sixty-Four (64) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

65.   The allegations contained in Paragraph Sixty-Five (65) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

66.   The allegations contained in Paragraph Sixty-Six (66) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

67.   The allegations contained in Paragraph Sixty-Seven (67), including sub-parts a.– b. of Plaintiffs' Complaint are denied as they pertain to this Defendant.

68.   The allegations contained in Paragraph Sixty-Eight (68) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

WHEREFORE, Asco demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT I:  NEGLIGENCE

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Sixty-Eight (68) of Plaintiffs' Complaint as if the same had been restated herein.

69.    The allegations contained in Paragraph Sixty-Nine (69) of Plaintiffs' Complaint are denied, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos or injured from this Defendant's product.

70.    The allegations contained in Paragraph Seventy (70) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

71.    The allegations contained in Paragraph Seventy-One (71) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

72.    The allegations contained in Paragraph Seventy-Two (72) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

73.    The allegations contained in Paragraph Seventy-Three (73) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

74.    The allegations contained in Paragraph Seventy-Four (74) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

4

75.     The allegations contained in Paragraph Seventy-Five (75) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

76.     The allegations contained in Paragraph Seventy-Six (76) including sub-paragraphs (a- h) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, Asco demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT II:  STRICT LIABILITY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Seventy-Six (76) of Plaintiffs' Complaint as if the same had been restated herein.

77.     The allegations contained in Paragraph Seventy-Seven (77) of Plaintiffs' Complaint are denied as they pertain to this Defendant,

78.     The allegations contained in Paragraph Seventy-Eight (78) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

79.     The allegations contained in Paragraph Seventy-Nine (79) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

80.     The allegations contained in Paragraph Eighty (80) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

81.     The allegations contained in Paragraph Eighty-One (81) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

82.     The allegations contained in Paragraph Eighty-Two (82) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

83.     The allegations contained in Paragraph Eighty-Three (83) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

84.     The allegations contained in Paragraph Eighty-Four (84) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

85.     The allegations contained in Paragraph Eighty-Five (85) of Plaintiffs' Complaint, including sub-parts (a. – c.), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

86.     The allegations contained in Paragraph Eighty-Six (86) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

87.     The allegations contained in Paragraph Eighty-Seven (87), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

88.     The allegations contained in Paragraph Eighty-Eight (88) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to and/or suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, Asco demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT III:  LOSS OF CONSORTIUM—PATRICIA LYAUTEY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Eight (88) of Plaintiffs' Complaint as if the same had been restated herein.

89.    The allegations contained in Paragraph Eighty-Nine (89) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, Asco demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## DAMAGES

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Nine (89) of Plaintiffs' Complaint as if the same had been restated herein.

90.    The allegations contained in Paragraph Ninety (90) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey, suffered any injuries as a result of any conduct of this Defendant.

91.    The allegations contained in Paragraph Ninety-One (91) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs suffered injuries as a result of any conduct of this Defendant.

92.    The allegations contained in Paragraph Ninety-Two (92) of Plaintiffs' Complaint are denied as they pertain to this Defendant as they pertain to this Defendant, particularly the allegations that Plaintiffs have suffered injuries as a result of any conduct of this Defendant.

93.     The allegations contained in Paragraph Ninety-Three (93) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

94.     The allegations contained in Paragraph Ninety-Four (94) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

95.     The allegations contained in Paragraph Ninety-Five (95) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey has suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, Asco demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' Complaint improperly commingles allegations against all Defendants such that it is impossible for any individual Defendant to answer Plaintiffs' overly broad and vague allegations directed against all Defendants as a group.

### THIRD DEFENSE

This Court lacks jurisdiction over the person and property of this Defendant and, therefore, this case should be dismissed as to it. There is no showing of any connexity between the Plaintiff, Gale Lyautey's alleged injury and Defendant's activities in the State of Florida such

as might support an assertion of *in personam* jurisdiction over Defendant, nor is there any other basis for this Court to exercise jurisdiction over Defendant or its property.

### FOURTH DEFENSE

Venue of this civil action is not properly laid and, therefore, this Court should dismiss this civil action as to this Defendant.

### FIFTH DEFENSE

The process served on Defendant was defective and/or insufficient, and is therefore invalid and a nullity. Because Defendant has not been served with proper and lawful process, this Court lacks jurisdiction over the corporate person and property of Defendant.

### SIXTH DEFENSE

The attempted service of process on Defendant was defective and/or insufficient, and is therefore valid and a nullity. Because there has been no proper and lawful service of process upon Defendant, this Court lacks jurisdiction over the corporate person and property of Defendant.

### SEVENTH DEFENSE

Plaintiffs' Complaint should be dismissed pursuant to Florida Rule of Civil Procedure 1.070(j) because Plaintiffs failed to serve initial process on this Defendant within 120 days after filing of the initial pleading.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by collateral estoppel and res judicata.

### NINTH DEFENSE

Upon the doctrine of judicial estoppel, Plaintiffs are precluded from taking a position inconsistent with one taken with respect to the same facts in other litigation and is, therefore,

9

precluded from alleging the material facts necessary to state a cause of action against this Defendant.

## TENTH DEFENSE

Plaintiffs' claims are barred by reason of release and/or accord and satisfaction.

## ELEVENTH DEFENSE

Plaintiffs' action is barred by the doctrine of laches.

## TWELFTH DEFENSE

This action is barred by the statute of limitations of Florida or the applicable statute of limitations of any state where the Plaintiff, Gale Lyautey lived or worked.

## THIRTEENTH DEFENSE

This action is barred by the applicable statute of repose of Florida or the applicable statute or repose of any state where the Plaintiff, Gale Lyautey lives or worked.

## FOURTEENTH DEFENSE

This action cannot be maintained on substantive or jurisdictional statutes or legal theories that did not exist prior to the dates on which the Plaintiff, Gale Lyautey allegedly was exposed to this Defendant's products, in that such statutes are inapplicable to this action and in that the application of such legal theories to this action would be unconstitutionally retroactive.

## FIFTEENTH DEFENSE

Liability may not be imposed upon this Defendant based on a theory of enterprise or market share liability. To the extent Plaintiffs' claims are based upon such theories, they are barred.

## SIXTEENTH DEFENSE

Florida law has not recognized a duty to "remove and recall" products from the marketplace post-sale.

## SEVENTEENTH DEFENSE

Section 6(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** §774.206(2), bars Plaintiffs from recovering damages for fear or risk of cancer.

## EIGHTEENTH DEFENSE

This Defendant is entitled to the benefit of any workers' compensation laws, including the Florida Workers' Compensation Act, the Longshoremen's and Harbor Workers' Compensation Act, and the workers' compensation laws of any other state or jurisdiction where Plaintiff, Gale Lyautey may have worked, with respect to immunity or offset for payments received by Plaintiffs. Workers' compensation is Plaintiffs' exclusive remedy.

## NINETEENTH DEFENSE

The Plaintiff, Gale Lyautey and/or others misused, improperly used, or substantially modified Defendant's products at issue in this case, if any, and such misuse, improper use, or substantial modification proximately caused and contributed, in whole or in part, to the alleged conditions described in the Complaint and Plaintiffs' alleged damages. Therefore, this Defendant is not liable for any alleged injury or damages that Plaintiffs claim.

## TWENTIETH DEFENSE

This Defendant denies the existence of express warranty, implied warranty, privity, and breach of warranty.

11

### TWENTY-FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Defendant as succeeding to the debts and liabilities of any other manufacturer or seller of asbestos-containing products, and Defendant specifically denies each allegation concerning successor corporate liability.

### TWENTY-SECOND DEFENSE

This action is barred in whole or in part by the doctrine of shifting responsibility.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are or may be barred or otherwise limited or affected by provisions of the law of statutes of states or jurisdictions other than the State of Florida where the Plaintiff, Gale Lyautey's alleged exposure may have occurred.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are preempted by applicable state and federal statutes, laws, and regulations.

### TWENTY-FIFTH DEFENSE

If Plaintiff, Gale Lyautey was exposed to any of Defendant's products, which is expressly denied, said products at the time were manufactured in conformity with federal and state regulations, standards, specifications and laws. Consequently, recovery by the Plaintiffs herein is barred.

### TWENTY-SIXTH DEFENSE

At the time the Defendant's products of which Plaintiffs complain left Defendant's control, a practical and technically feasible alternative design or formulation was not available without substantially impairing the usefulness or intended purpose of such products. Therefore, Defendant's products were not defective in design or manufacture.

12

### TWENTY-SEVENTH DEFENSE

This Defendant states that its products and the methods of manufacture and testing conformed to the generally recognized and prevailing industry standards and the state of the art in existence at the time the design was prepared and the product manufactured and tested.

### TWENTY-EIGHTH DEFENSE

This action is barred in whole or in part because Defendant reasonably relied upon the state of the medical and scientific art at the time its products were produced. As such, Defendant had no reason to know the potentially dangerous effect of prolonged exposure to asbestos, and, therefore, had no duty to warn.

### TWENTY-NINTH DEFENSE

Defendant asserts the military contractor's defense.

### THIRTIETH DEFENSE

Defendant's asbestos-containing products, if any, were or may have been supplied to the United States Government, including the U.S. Navy, or its agencies pursuant to contract, and such products conformed in every material respect to specifications established by the United States Government or its agencies. The knowledge of the United States Government or its agencies pertaining to the possible hazards to Plaintiff, Gale Lyautey associated with the use of such products was equal to or superior to that of Defendant, and, by reason thereof, Defendant is not liable to Plaintiffs under any theory of law asserted in this civil action.

### THIRTY-FIRST DEFENSE

This Defendant's asbestos-containing products, if any, were supplied to the Plaintiff, Gale Lyautey's employers pursuant to contract, and such products conformed in every material respect to specifications established by said employers.

13

### THIRTY-SECOND DEFENSE

Plaintiffs' claims against Defendant should be denied by reason of the sophisticated commercial user and learned intermediary doctrines because the Plaintiff, Gale Lyautey's employers were so experienced and sophisticated with regard to asbestos-containing products that no duty to warn existed. The knowledge of Plaintiff, Gale Lyautey's employers regarding the potential hazards of asbestos was equal to or superior to that of Defendant, and, therefore, Defendant had no duty to warn Plaintiff, Gale Lyautey as an employee of sophisticated commercial purchasers and/or users who furnished asbestos-containing products to their employees for their use, were aware of the possible health hazards associated with the use of such products, and were under a duty to warn their employees thereof.

### THIRTY-THIRD DEFENSE

This action is barred in whole or in part because Defendant relied upon the care and skill of Plaintiff, Gale Lyautey's employers or labor union and/or other learned intermediaries.

### THIRTY-FOURTH DEFENSE

This Defendant pleads the negligence and conduct of Plaintiff, Gale Lyautey's employers as a partial or a complete bar to all claims asserted in the Complaint.

### THIRTY-FIFTH DEFENSE

This Defendant pleads the failure to join necessary and indispensable parties and the intervening negligence and intervening causation of entities not parties to this action as a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

### THIRTY-SIXTH DEFENSE

This action fails to name as a Defendant a potentially indispensable party to the litigation, to wit: That collection of companies known as the "Manville Group."

### THIRTY-SEVENTH DEFENSE

The damages alleged by Plaintiffs, if any, were the result in whole or in part, of acts or omissions of third parties over which Defendant exercised no authority or control and for which Defendant has no liability.

### THIRTY-EIGHTH DEFENSE

If Plaintiff, Gale Lyautey sustained injuries as a result of exposure to asbestos or asbestos-containing products, which is denied, then such injuries were or may have been due to exposure to products of manufacturers or distributors not named as Defendants in this action.

### THIRTY-NINTH DEFENSE

If this Defendant is liable to Plaintiffs, which liability this Defendant expressly denies, any liability is limited to this Defendant's percentage of fault as provided by Florida Statute § 768.81 and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law. Specifically, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure were wholly or partially caused by actions and/or negligence of other manufacturers and/or distributors of asbestos-containing products to which he was exposed, certain entities that supplied asbestos fiber to the manufacturers, installation contractors who used said products, premises owners, and others. The responsible entities include, but are not limited, to the following: Johns-Manville Corporation; UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to

Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; the Zonolite Company, and W.R. Grace as its successor in interest; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Company, and other T

& N subsidiaries), and Velbesto and Beater Addition brands; North American Refractories Corporation (NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; Canadian Johns-Manville; Lake Asbestos of Quebec; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Powhatan Mining Company; Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.; E.J. Bartells Company; L & W Supply Corporation; Shook and Fletcher; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; Wallace & Gale Company; Standard Insulations, Inc.; Fuller-Austin Insulation Company; Bigelow-Liptak Corporation; JT Thorpe; Burns and Roe, Inc.; Jacksonville Shipyard, Washington Group International, f/k/a Morrison Knudsen; Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; defendants

previously dismissed from this action; and existing defendants that are subsequently dismissed from this action, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade

18

Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Specifically, this Defendant is entitled to apportionment with respect to the foregoing entities on the following grounds:

A.     If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes §768.81, or other applicable law, with respect to the following as manufacturers of products that contained asbestos or included asbestos-containing components, their predecessors and successors in interest, and any related companies: UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Johns-Manville Corporation; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including

Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Co, and other T & N subsidiaries), and

Velbesto and Beater Addition brands; North American Refractories Corporation (NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; other manufacturers of products of the type identified by the Plaintiffs; any manufacturers that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation,

21

f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation, and any manufacturers that are currently defendants to this action but are subsequently dismissed. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As manufacturers of

asbestos-containing products (or products that included asbestos-containing components) that wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries, the above-listed manufacturers owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named manufacturers breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they manufactured, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named manufacturers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named manufacturers' tortious conduct.

B.     If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to those manufacturers identified in Paragraph A, *supra*. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. Because they manufactured and/or distributed defective products that wholly or partially caused the Plaintiff, Gale Lyautey's injuries, the above-named manufacturers are strictly liable to the Plaintiffs for said injuries and the consequences thereof.

C.     If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following suppliers of

asbestos fiber (and/or asbestos-contaminated vermiculite), their predecessors and successors in interest, and any related companies: Johns-Manville Corporation; Canadian Johns-Manville; Lake Asbestos of Quebec; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Turner & Newall and other predecessors in interest to Federal Mogul; Powhatan Mining Company; H.K. Porter Company; the Zonolite Company, and W.R. Grace and Company as its successor in interest; any suppliers of asbestos fiber that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to

24

and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump,

Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. These entities supplied asbestos fiber to which the Plaintiff, Gale Lyautey was exposed, either directly or through contact with asbestos-containing products. As such, these entities had a duty to warn their customers, manufacturers of asbestos-containing products, of the potential asbestos hazards associated with their asbestos fiber. Each of these suppliers breached its respective duty by negligently failing to warn its customers of the potential asbestos hazards of the asbestos fiber it supplied, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. These suppliers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn their customers and, to the extent applicable, the Plaintiffs. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of these entities' tortious conduct.

D.   Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, the suppliers identified in Paragraph C, *supra,* are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiff, Gale Lyautey. These suppliers are subject to strict liability for manufacturing and/or distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

E.   If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as suppliers and distributors of asbestos-containing products, their predecessors and successors in interest,

and any related companies: Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; E.J. Bartells Company; L & W Supply Corporation; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Shook and Fletcher; Western Macarthur, f/k/a Western Asbestos; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; other suppliers and distributors of products of the type identified by the Plaintiffs; any suppliers and distributors of asbestos-containing products that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster

27

Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; Yarway Corporation, and any suppliers and distributors of asbestos-containing products that are currently defendants to this action but are subsequently dismissed. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As suppliers and distributors of

28

asbestos-containing products that caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named companies breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they supplied and distributed, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named companies knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named companies' tortious conduct.

F.   Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, the distributors and suppliers identified in Paragraph E, *supra,* are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. These suppliers and distributors of asbestos-containing products are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

G.   If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as installers of asbestos-containing products and construction contractors who used asbestos-containing products, as well as their predecessors and successors in interest and any related companies: Wallace & Gale Company; Standard Insulations, Inc.; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Fuller-Austin Insulation Company; E.J. Bartells Company;

29

Bigelow-Liptak Corporation; JT Thorpe; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; Western Macarthur, f/k/a Western Asbestos; Burns and Roe, Inc.; Washington Group International, f/k/a Morrison Knudsen; Todd Shipyards; American Shipbuilding; other installers and contractors who used products of the type identified by Plaintiffs; any installers and contractors that were previously defendants to this action but have been dismissed; and any installers and contractors that are currently defendants to this action but are subsequently dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine

Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As installers and contractors who used asbestos-containing products that wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named companies

breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they used, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named entities knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named entities' tortious conduct.

H.    Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, the installers and contractors identified in Paragraph G, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. To the extent these installers and contractors also supplied asbestos-containing materials; they are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

I.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as employers and/or as the owner or party in possession of premises where the Plaintiff, Gale Lyautey was exposed to asbestos, as well as their predecessors and successors in interest and any related companies: Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; Washington Group International, f/k/a Morrison Knudsen; Merrill Stevens Shipyard,

32

Jacksonville Shipyards, Jacksonville Shipyards, Inc., any such entities that were previously defendants to this action but have been dismissed; and any such entities that are currently defendants to this action but are subsequently dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax

Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. The Plaintiff, Gale Lyautey's alleged injuries were wholly or partially caused by these entities' acts or omissions in breach of their duties of care to the Plaintiff, Gale Lyautey.

J.   In addition, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure are wholly or partially the result of actions and/or negligence of other parties, persons, firms, or corporations in addition to those specified above, including, but not limited to, the Plaintiff, Gale Lyautey himself; his various employers during the time of his alleged asbestos exposure; any and all persons or entities that owned or had a possessory interest in the locations where the Decedent may have been exposed to

asbestos; any and all persons or entities that otherwise had control over or responsibility for the locations where the Decedent may have been exposed to asbestos; and the entities identified in the Plaintiff, Gale Lyautey's Social Security printout and exposure sheets.

K.    In addition, this Defendant asserts its right to apportionment with respect to manufacturers and distributors of tobacco products consumed by the Plaintiff, Gale Lyautey or members of his household.  Tobacco products consumed by the Plaintiff, Gale Lyautey or members of his household caused or contributed to the Plaintiff, Gale Lyautey's alleged injuries, and the manufacturers and distributors of these products are liable on the grounds of negligence and strict product liability.  Likewise, this Defendant asserts that manufacturers and distributors of other harmful products to which the Plaintiff, Gale Lyautey was exposed are liable on the grounds of negligence and strict product liability, and this Defendant asserts its right to apportionment with respect to these manufacturers and distributors.

## FORTIETH DEFENSE

Pursuant to **Fla. Stat.** §§ 46.015(2), 768.041(2), and 768.31(5), Defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person or entity for any of Plaintiff, Gale Lyautey's alleged injuries and/or Plaintiffs' alleged damages, as well as any such settlement or compromise previously reached by Plaintiffs.  Defendant also asserts its right to collateral-source set-off under **Fla. Stat.** § 768.76.

## FORTY-FIRST DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages.  As to any injury or damages alleged to have been incurred, however, the

35

Plaintiff, Gale Lyautey failed to exercise ordinary care for his own safety, and this failure proximately caused his alleged injury and Plaintiffs' alleged damages. Therefore, the claims asserted in Plaintiffs' Complaint are partially or completely barred under the doctrines of contributory negligence and comparative fault.

## FORTY-SECOND DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages. As to any injury or damages alleges to have been incurred, however, the Plaintiff, Gale Lyautey voluntarily and knowingly assumed the risk of incurring the alleged injury or damages, and, therefore, Plaintiffs are not entitled to recover from Defendant.

## FORTY-THIRD DEFENSE

If the Plaintiff, Gale Lyautey suffered any injuries as alleged in the Complaint, which this Defendant specifically denies, Plaintiff, Gale Lyautey failed to make reasonable efforts to mitigate these injuries and damages.

## FORTY-FOURTH DEFENSE

The Plaintiff, Gale Lyautey failed to take action to prevent the avoidable consequences of any action or omission of which Plaintiffs complain.

## FORTY-FIFTH DEFENSE

If the Plaintiff, Gale Lyautey or any member of his household used tobacco products, this use was a failure to exercise ordinary care for the Plaintiff, Gale Lyautey's own safety and was the sole or primary cause of his injuries. The negligence of the Plaintiff, Gale Lyautey, or members of his household in using tobacco products or the negligence of third parties engaged in the sale, manufacture, or distribution of tobacco products is a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

### FORTY-SIXTH DEFENSE

The Plaintiff, Gale Lyautey's alleged contact with or use of any asbestos-containing products supplied, sold, or manufactured by this Defendant, which is expressly denied, if such use or contact in fact occurred, was not a substantial contributing cause of the Plaintiff, Gale Lyautey's alleged injuries.

### FORTY-SEVENTH DEFENSE

Any exposure of the Plaintiff, Gale Lyautey to this Defendant's products was so minimal as to be insufficient to establish to a reasonable degree of medical probability that such exposure to the product or products was a contributing cause of Plaintiff, Gale Lyautey's injuries.

### FORTY-EIGHTH DEFENSE

There is no causal connection between Defendant, or any product sold by Defendant, and any injury sustained by Plaintiff, Gale Lyautey; such causal connection being remote, indefinite, and speculative.  Consequently, the Complaint should be dismissed as to Defendant.

### FORTY-NINTH DEFENSE

Any damages claimed by the Plaintiffs that have not accrued are purely speculative, uncertain, and contingent and therefore cannot be recovered in this action.

### FIFTIETH DEFENSE

If the Plaintiff, Gale Lyautey suffered injuries, which this Defendant specifically denies, said injuries were not caused or contributed to by his exposure to asbestos-containing products sold or distributed by this Defendant, but rather by his exposure to dangerous or hazardous chemicals, fumes, products, substances, or dust that were present at Plaintiff, Gale Lyautey's workplace or elsewhere.

### FIFTY-FIRST DEFENSE

If there is an association between the Plaintiff, Gale Lyautey's alleged injuries and various agents to which he may have been exposed during his lifetime, which Defendant does not concede, the number of different agents to which he was exposed within and outside of Plaintiff, Gale Lyautey's workplace during his lifetime and the lack of definitive evidence as to the amount of actual exposure to each such agent makes it impossible to determine, to the requisite degree of legal certainty, whether a causal connection exists between his alleged injuries and any particular agent.

### FIFTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages is barred by Section 7(s) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.207(1), Florida's Constitution, the U.S. Constitution and this Court's Omnibus Order.

### FIFTY-THIRD DEFENSE

Pursuant to Section 5(1) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** §774.205(1), Plaintiffs' Complaint must be dismissed unless (a) Plaintiffs are currently domiciled in Florida, or (b) Plaintiffs demonstrate that the Plaintiff, Gale Lyautey was exposed to asbestos in Florida and that this exposure in Florida was a substantial contributing factor to the alleged physical impairment underlying Plaintiffs' claim.

### FIFTY-FOURTH DEFENSE

Under the doctrine of *forum non conveniens*, Florida is not the proper jurisdiction in which to litigate this case. Pursuant to Florida Rule of Civil Procedure 1.061 and Section IV.B of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product

Identification in Personal Injury Asbestos Litigation (Revised November, 2004), the Court should exercise its authority to dismiss this case for the convenience of the parties and in the interests of justice for re-filing in the proper forum, where an adequate legal remedy exists. Alternatively, pursuant to **Fla. Stat.** § 47.122, this action should be transferred to another Florida venue for the convenience of the parties or witnesses or in the interest of justice.

**FIFTY-FIFTH DEFENSE**

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to comply with Section IV.A of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004), which required Plaintiffs to serve a completed Forum Non Conveniens Fact Sheet with the Complaint. Plaintiffs either failed to serve a Forum Non Conveniens Fact Sheet at all or else served a purported Forum Non Conveniens Fact Sheet that was deficient for failure to include any or all of the required information.

**FIFTY-SIXTH DEFENSE**

Plaintiffs failed to serve an "exposure sheet" in compliance with Section VI of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004). No document purporting to be an "exposure sheet" was served at the time of service of the Complaint. Alternatively, what purports to be an "exposure sheet" fails to identify the products to which the Plaintiff, Gale Lyautey was allegedly exposed, the dates of each exposure, the place of each exposure, and/or the names and addresses of witnesses who will testify to such exposure. Accordingly, Plaintiffs' Complaint should be dismissed on this basis.

### FIFTY-SEVENTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204, recovery by the Plaintiffs is barred because the Plaintiff, Gale Lyautey did not have a physical impairment as a result of a medical condition to which exposure to asbestos was a substantial contributing factor.

### FIFTY-EIGHTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204, recovery by the Plaintiffs is barred because factors other than asbestos exposure were more probably the cause of the Plaintiff, Gale Lyautey's alleged medical condition and physical impairment.

### FIFTY-NINTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a sufficient "sworn information form" as required by Section 5(3) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.205(3).

### SIXTIETH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a report of settlements and judgments obtained for the Plaintiff, Gale Lyautey's alleged injury and/or Plaintiffs' alleged damages, as is required by Section 7(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.207(2).

### SIXTY-FIRST DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit with the Complaint a written report and supporting test results constituting *prima facie* evidence that the Plaintiff, Gale Lyautey had an asbestos-related physical impairment meeting the requirements specified in Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** §774.204. Alternatively, Plaintiffs' purported prima facie evidence is inadequate in that it fails to

include some or all of the requisite elements that Section 4 specifies for the Plaintiff, Gale Lyautey's alleged disease.

### SIXTY-SECOND DEFENSE

Pursuant to Section 4(10)(b) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204(10)(b), Plaintiffs' presentation of prima facie evidence, if any, meeting the requirements of Section 4 of the Act is not conclusive as to Defendant's liability.

### SIXTY-THIRD DEFENSE

Plaintiffs' claims are barred by Section 774.208, Florida Statutes, which provides that there is no cause of action, in an asbestos claim, against a product seller for harm caused by a product which the seller did not manufacture, sell, rent, lease, or expressly warrant, in the absence of intentional misconduct.

### SIXTY-FOURTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs also fail to comply with the Act by not attaching any "supporting documentation of the condition claimed to exist," pursuant to 774.205(3)(g), Florida Statute.

### SIXTY-FIFTH DEFENSE

Defendant restates and incorporates by reference any and all affirmative defenses raised by any other Defendant in this case as if fully set out verbatim herein.

### SIXTY-SIXTH DEFENSE

Defendant incorporates and reserves all other affirmative defenses available under Florida law pending further investigation and discovery.

## SIXTY-SEVENTH DEFENSE

Defendant reserves the right to amend its Answer, if appropriate, after full investigation and discovery.

Submitted this 4th day of August, 2010.

BICE COLE LAW FIRM, P.L.

Brenda Godfrey
Florida Bar No.: 0707716
Marsad Quraishi
Florida Bar No.: 23790
999 Ponce De Leon Boulevard
Suite 710
Coral Gables, Fl 33134
305-444-1225
*Counsel for Asco Valve, Inc.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically served via LexisNexis File & Serve on Plaintiffs' counsel and all counsel of record this 4th day of August, 2010.

Attorney

42