

32482137

Aug  4 2010
10:47AM

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GALE LYAUTEY and
PATRICIA LYAUTEY, his wife,

ASBESTOS LITIGATION

CASE NO.: 10-35086 CA 31

     Plaintiff(s),

vs.

ALFA LAVAL, INC., et al.

     Defendants.

_____/

### DEFENDANT GENERAL ELECTRIC COMPANY'S ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant, General Electric Company (hereinafter "GE" or "Defendant"), demands a trial by jury, and without waiving any defenses, responds to Plaintiffs' Complaint and Demand for Jury Trial as follows:

### ANSWER

1.    The allegations contained in Paragraph One (1) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

2.    This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Two (2) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

3.    The allegations contained in Paragraph Three (3) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

4.     This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Four (4) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

5.     The allegations contained in Paragraph Five (5) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

6.     The allegations contained in Paragraph Six (6) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

7.     The allegations contained in Paragraph Seven (7) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

8.     The allegations contained in Paragraph Eight (8) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered any injuries as a result of this Defendant's actions.

9.     The allegations of Paragraph Nine (9) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

10.     The allegations of Paragraph Ten (10) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

## DEFENDANTS

11. – 36.        This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Eleven (11) – Thirty-Six (36) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

37.        This Defendant admits only that it has an agent for service in Florida; the remainder of the allegations contained in Paragraph Thirty-Seven (37) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

38. – 64.        This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Thirty-Eight (38) – Sixty-Four (64) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

65.        The allegations contained in Paragraph Sixty-Five (65) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

66.        The allegations contained in Paragraph Sixty-Six (66) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

67.        The allegations contained in Paragraph Sixty-Seven (67), including sub-parts a.– b. of Plaintiffs' Complaint are denied as they pertain to this Defendant.

68.        The allegations contained in Paragraph Sixty-Eight (68) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

WHEREFORE, GE demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

3

## COUNT I:  NEGLIGENCE

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Sixty-Eight (68) of Plaintiffs' Complaint as if the same had been restated herein.

69.     The allegations contained in Paragraph Sixty-Nine (69) of Plaintiffs' Complaint are denied, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos or injured from this Defendant's product.

70.     The allegations contained in Paragraph Seventy (70) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

71.     The allegations contained in Paragraph Seventy-One (71) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

72.     The allegations contained in Paragraph Seventy-Two (72) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

73.     The allegations contained in Paragraph Seventy-Three (73) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

74.     The allegations contained in Paragraph Seventy-Four (74) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

4

75.     The allegations contained in Paragraph Seventy-Five (75) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

76.     The allegations contained in Paragraph Seventy-Six (76) including sub-paragraphs (a- h) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, GE demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT II:  STRICT LIABILITY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Seventy-Six (76) of Plaintiffs' Complaint as if the same had been restated herein.

77.     The allegations contained in Paragraph Seventy-Seven (77) of Plaintiffs' Complaint are denied as they pertain to this Defendant,

78.     The allegations contained in Paragraph Seventy-Eight (78) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

79.     The allegations contained in Paragraph Seventy-Nine (79) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

80.     The allegations contained in Paragraph Eighty (80) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

81.    The allegations contained in Paragraph Eighty-One (81) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

82.    The allegations contained in Paragraph Eighty-Two (82) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

83.    The allegations contained in Paragraph Eighty-Three (83) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

84.    The allegations contained in Paragraph Eighty-Four (84) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

85.    The allegations contained in Paragraph Eighty-Five (85) of Plaintiffs' Complaint, including sub-parts (a. – c.), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

86.    The allegations contained in Paragraph Eighty-Six (86) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

87.    The allegations contained in Paragraph Eighty-Seven (87), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

88.    The allegations contained in Paragraph Eighty-Eight (88) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to and/or suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, GE demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT III:  LOSS OF CONSORTIUM—PATRICIA LYAUTEY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Eight (88) of Plaintiffs' Complaint as if the same had been restated herein.

89.     The allegations contained in Paragraph Eighty-Nine (89) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, GE demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## DAMAGES

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Nine (89) of Plaintiffs' Complaint as if the same had been restated herein.

90.     The allegations contained in Paragraph Ninety (90) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey, suffered any injuries as a result of any conduct of this Defendant.

91.     The allegations contained in Paragraph Ninety-One (91) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs suffered injuries as a result of any conduct of this Defendant.

92.     The allegations contained in Paragraph Ninety-Two (92) of Plaintiffs' Complaint are denied as they pertain to this Defendant as they pertain to this Defendant, particularly the allegations that Plaintiffs have suffered injuries as a result of any conduct of this Defendant.

93.     The allegations contained in Paragraph Ninety-Three (93) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

94.     The allegations contained in Paragraph Ninety-Four (94) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

95.     The allegations contained in Paragraph Ninety-Five (95) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey has suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, GE demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' Complaint improperly commingles allegations against all Defendants such that it is impossible for any individual Defendant to answer Plaintiffs' overly broad and vague allegations directed against all Defendants as a group.

### THIRD DEFENSE

This Court lacks jurisdiction over the person and property of this Defendant and, therefore, this case should be dismissed as to it. There is no showing of any connexity between the Plaintiff, Gale Lyautey's alleged injury and Defendant's activities in the State of Florida such

as might support an assertion of *in personam* jurisdiction over Defendant, nor is there any other basis for this Court to exercise jurisdiction over Defendant or its property.

## FOURTH DEFENSE

Venue of this civil action is not properly laid and, therefore, this Court should dismiss this civil action as to this Defendant.

## FIFTH DEFENSE

The process served on Defendant was defective and/or insufficient, and is therefore invalid and a nullity. Because Defendant has not been served with proper and lawful process, this Court lacks jurisdiction over the corporate person and property of Defendant.

## SIXTH DEFENSE

The attempted service of process on Defendant was defective and/or insufficient, and is therefore valid and a nullity. Because there has been no proper and lawful service of process upon Defendant, this Court lacks jurisdiction over the corporate person and property of Defendant.

## SEVENTH DEFENSE

Plaintiffs' Complaint should be dismissed pursuant to Florida Rule of Civil Procedure 1.070(j) because Plaintiffs failed to serve initial process on this Defendant within 120 days after filing of the initial pleading.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by collateral estoppel and res judicata.

## NINTH DEFENSE

Upon the doctrine of judicial estoppel, Plaintiffs are precluded from taking a position inconsistent with one taken with respect to the same facts in other litigation and is, therefore,

precluded from alleging the material facts necessary to state a cause of action against this Defendant.

### TENTH DEFENSE

Plaintiffs' claims are barred by reason of release and/or accord and satisfaction.

### ELEVENTH DEFENSE

Plaintiffs' action is barred by the doctrine of laches.

### TWELFTH DEFENSE

This action is barred by the statute of limitations of Florida or the applicable statute of limitations of any state where the Plaintiff, Gale Lyautey lived or worked.

### THIRTEENTH DEFENSE

This action is barred by the applicable statute of repose of Florida or the applicable statute or repose of any state where the Plaintiff, Gale Lyautey lives or worked.

### FOURTEENTH DEFENSE

This action cannot be maintained on substantive or jurisdictional statutes or legal theories that did not exist prior to the dates on which the Plaintiff, Gale Lyautey allegedly was exposed to this Defendant's products, in that such statutes are inapplicable to this action and in that the application of such legal theories to this action would be unconstitutionally retroactive.

### FIFTEENTH DEFENSE

Liability may not be imposed upon this Defendant based on a theory of enterprise or market share liability.  To the extent Plaintiffs' claims are based upon such theories, they are barred.

10

## SIXTEENTH DEFENSE

Florida law has not recognized a duty to "remove and recall" products from the marketplace post-sale.

## SEVENTEENTH DEFENSE

Section 6(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat. §** 774.206(2), bars Plaintiffs from recovering damages for fear or risk of cancer.

## EIGHTEENTH DEFENSE

This Defendant is entitled to the benefit of any workers' compensation laws, including the Florida Workers' Compensation Act, the Longshoremen's and Harbor Workers' Compensation Act, and the workers' compensation laws of any other state or jurisdiction where Plaintiff, Gale Lyautey may have worked, with respect to immunity or offset for payments received by Plaintiffs. Workers' compensation is Plaintiffs' exclusive remedy.

## NINETEENTH DEFENSE

The Plaintiff, Gale Lyautey and/or others misused, improperly used, or substantially modified Defendant's products at issue in this case, if any, and such misuse, improper use, or substantial modification proximately caused and contributed, in whole or in part, to the alleged conditions described in the Complaint and Plaintiffs' alleged damages. Therefore, this Defendant is not liable for any alleged injury or damages that Plaintiffs claim.

## TWENTIETH DEFENSE

This Defendant denies the existence of express warranty, implied warranty, privity, and breach of warranty.

## TWENTY-FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Defendant as succeeding to the debts and liabilities of any other manufacturer or seller of asbestos-containing products, and Defendant specifically denies each allegation concerning successor corporate liability.

## TWENTY-SECOND DEFENSE

This action is barred in whole or in part by the doctrine of shifting responsibility.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are or may be barred or otherwise limited or affected by provisions of the law of statutes of states or jurisdictions other than the State of Florida where the Plaintiff, Gale Lyautey's alleged exposure may have occurred.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are preempted by applicable state and federal statutes, laws, and regulations.

## TWENTY-FIFTH DEFENSE

If Plaintiff, Gale Lyautey was exposed to any of Defendant's products, which is expressly denied, said products at the time were manufactured in conformity with federal and state regulations, standards, specifications and laws. Consequently, recovery by the Plaintiffs herein is barred.

## TWENTY-SIXTH DEFENSE

At the time the Defendant's products of which Plaintiffs complain left Defendant's control, a practical and technically feasible alternative design or formulation was not available without substantially impairing the usefulness or intended purpose of such products.  Therefore, Defendant's products were not defective in design or manufacture.

12

### TWENTY-SEVENTH DEFENSE

This Defendant states that its products and the methods of manufacture and testing conformed to the generally recognized and prevailing industry standards and the state of the art in existence at the time the design was prepared and the product manufactured and tested.

### TWENTY-EIGHTH DEFENSE

This action is barred in whole or in part because Defendant reasonably relied upon the state of the medical and scientific art at the time its products were produced. As such, Defendant had no reason to know the potentially dangerous effect of prolonged exposure to asbestos, and, therefore, had no duty to warn.

### TWENTY-NINTH DEFENSE

Defendant asserts the military contractor's defense.

### THIRTIETH DEFENSE

Defendant's asbestos-containing products, if any, were or may have been supplied to the United States Government, including the U.S. Navy, or its agencies pursuant to contract, and such products conformed in every material respect to specifications established by the United States Government or its agencies. The knowledge of the United States Government or its agencies pertaining to the possible hazards to Plaintiff, Gale Lyautey associated with the use of such products was equal to or superior to that of Defendant, and, by reason thereof, Defendant is not liable to Plaintiffs under any theory of law asserted in this civil action.

### THIRTY-FIRST DEFENSE

This Defendant's asbestos-containing products, if any, were supplied to the Plaintiff, Gale Lyautey's employers pursuant to contract, and such products conformed in every material respect to specifications established by said employers.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against Defendant should be denied by reason of the sophisticated commercial user and learned intermediary doctrines because the Plaintiff, Gale Lyautey's employers were so experienced and sophisticated with regard to asbestos-containing products that no duty to warn existed. The knowledge of Plaintiff, Gale Lyautey's employers regarding the potential hazards of asbestos was equal to or superior to that of Defendant, and, therefore, Defendant had no duty to warn Plaintiff, Gale Lyautey as an employee of sophisticated commercial purchasers and/or users who furnished asbestos-containing products to their employees for their use, were aware of the possible health hazards associated with the use of such products, and were under a duty to warn their employees thereof.

## THIRTY-THIRD DEFENSE

This action is barred in whole or in part because Defendant relied upon the care and skill of Plaintiff, Gale Lyautey's employers or labor union and/or other learned intermediaries.

## THIRTY-FOURTH DEFENSE

This Defendant pleads the negligence and conduct of Plaintiff, Gale Lyautey's employers as a partial or a complete bar to all claims asserted in the Complaint.

## THIRTY-FIFTH DEFENSE

This Defendant pleads the failure to join necessary and indispensable parties and the intervening negligence and intervening causation of entities not parties to this action as a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

## THIRTY-SIXTH DEFENSE

This action fails to name as a Defendant a potentially indispensable party to the litigation, to wit: That collection of companies known as the "Manville Group."

## THIRTY-SEVENTH DEFENSE

The damages alleged by Plaintiffs, if any, were the result in whole or in part, of acts or omissions of third parties over which Defendant exercised no authority or control and for which Defendant has no liability.

## THIRTY-EIGHTH DEFENSE

If Plaintiff, Gale Lyautey sustained injuries as a result of exposure to asbestos or asbestos-containing products, which is denied, then such injuries were or may have been due to exposure to products of manufacturers or distributors not named as Defendants in this action.

## THIRTY-NINTH DEFENSE

If this Defendant is liable to Plaintiffs, which liability this Defendant expressly denies, any liability is limited to this Defendant's percentage of fault as provided by Florida Statute § 768.81 and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law. Specifically, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure were wholly or partially caused by actions and/or negligence of other manufacturers and/or distributors of asbestos-containing products to which he was exposed, certain entities that supplied asbestos fiber to the manufacturers, installation contractors who used said products, premises owners, and others. The responsible entities include, but are not limited, to the following: Johns-Manville Corporation; UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to

Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; the Zonolite Company, and W.R. Grace as its successor in interest; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Company, and other T

& N subsidiaries), and Velbesto and Beater Addition brands; North American Refractories Corporation (NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; Canadian Johns-Manville; Lake Asbestos of Quebec; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Powhatan Mining Company; Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.; E.J. Bartells Company; L & W Supply Corporation; Shook and Fletcher; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; Wallace & Gale Company; Standard Insulations, Inc.; Fuller-Austin Insulation Company; Bigelow-Liptak Corporation; JT Thorpe; Burns and Roe, Inc.; Jacksonville Shipyard, Washington Group International, f/k/a Morrison Knudsen; Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; defendants

previously dismissed from this action; and existing defendants that are subsequently dismissed from this action, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation;

Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Specifically, this Defendant is entitled to apportionment with respect to the foregoing entities on the following grounds:

A.      If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as manufacturers of products that contained asbestos or included asbestos-containing components, their predecessors and successors in interest, and any related companies: UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Johns-Manville Corporation; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including

Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Co, and other T & N subsidiaries), and

Velbesto and Beater Addition brands; North American Refractories Corporation (NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; other manufacturers of products of the type identified by the Plaintiffs; any manufacturers that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul;

21

Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation, and any manufacturers that are currently defendants to this action but are subsequently dismissed. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As manufacturers of

22

asbestos-containing products (or products that included asbestos-containing components) that wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries, the above-listed manufacturers owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named manufacturers breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they manufactured, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named manufacturers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named manufacturers' tortious conduct.

B.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to those manufacturers identified in Paragraph A, *supra*. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. Because they manufactured and/or distributed defective products that wholly or partially caused the Plaintiff, Gale Lyautey's injuries, the above-named manufacturers are strictly liable to the Plaintiffs for said injuries and the consequences thereof.

C.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following suppliers of

asbestos fiber (and/or asbestos-contaminated vermiculite), their predecessors and successors in interest, and any related companies: Johns-Manville Corporation; Canadian Johns-Manville; Lake Asbestos of Quebec; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Turner & Newall and other predecessors in interest to Federal Mogul; Powhatan Mining Company; H.K. Porter Company; the Zonolite Company, and W.R. Grace and Company as its successor in interest; any suppliers of asbestos fiber that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually

and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump,

Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. These entities supplied asbestos fiber to which the Plaintiff, Gale Lyautey was exposed, either directly or through contact with asbestos-containing products. As such, these entities had a duty to warn their customers, manufacturers of asbestos-containing products, of the potential asbestos hazards associated with their asbestos fiber. Each of these suppliers breached its respective duty by negligently failing to warn its customers of the potential asbestos hazards of the asbestos fiber it supplied, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. These suppliers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn their customers and, to the extent applicable, the Plaintiffs. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of these entities' tortious conduct.

D.  Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, the suppliers identified in Paragraph C, *supra,* are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiff, Gale Lyautey. These suppliers are subject to strict liability for manufacturing and/or distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

E.  If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as suppliers and distributors of asbestos-containing products, their predecessors and successors in interest,

26

and any related companies: Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; E.J. Bartells Company; L & W Supply Corporation; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Shook and Fletcher; Western Macarthur, f/k/a Western Asbestos; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; other suppliers and distributors of products of the type identified by the Plaintiffs; any suppliers and distributors of asbestos-containing products that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor

27

Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; Yarway Corporation, and any suppliers and distributors of asbestos-containing products that are currently defendants to this action but are subsequently dismissed. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As suppliers and distributors of

28

asbestos-containing products that caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named companies breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they supplied and distributed, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named companies knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named companies' tortious conduct.

F.      Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, the distributors and suppliers identified in Paragraph E, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. These suppliers and distributors of asbestos-containing products are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

G.      If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as installers of asbestos-containing products and construction contractors who used asbestos-containing products, as well as their predecessors and successors in interest and any related companies: Wallace & Gale Company; Standard Insulations, Inc.; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Fuller-Austin Insulation Company; E.J. Bartells Company;

Bigelow-Liptak Corporation; JT Thorpe; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; Western Macarthur, f/k/a Western Asbestos; Burns and Roe, Inc.; Washington Group International, f/k/a Morrison Knudsen; Todd Shipyards; American Shipbuilding; other installers and contractors who used products of the type identified by Plaintiffs; any installers and contractors that were previously defendants to this action but have been dismissed; and any installers and contractors that are currently defendants to this action but are subsequently dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; Genuine Parts Company; Georgia-

Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs.   As installers and contractors who used asbestos-containing products that wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products.   The above named companies breached their duties by

negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they used, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named entities knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named entities' tortious conduct.

H.    Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, the installers and contractors identified in Paragraph G, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. To the extent these installers and contractors also supplied asbestos-containing materials; they are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

I.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as employers and/or as the owner or party in possession of premises where the Plaintiff, Gale Lyautey was exposed to asbestos, as well as their predecessors and successors in interest and any related companies: Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; Washington Group International, f/k/a Morrison Knudsen; Merrill Stevens Shipyard, Jacksonville Shipyards, Jacksonville Shipyards, Inc., any such entities that were

previously defendants to this action but have been dismissed; and any such entities that are currently defendants to this action but are subsequently dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest

or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation.   Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs.  The Plaintiff, Gale Lyautey's alleged injuries were wholly or partially caused by these entities' acts or omissions in breach of their duties of care to the Plaintiff, Gale Lyautey.

J.   In addition, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure are wholly or partially the result of actions and/or negligence of other parties, persons, firms, or corporations in addition to those specified above, including, but not limited to, the Plaintiff, Gale Lyautey himself; his various employers during the time of his alleged asbestos exposure; any and all persons or entities that owned or had a possessory interest in the locations where the Decedent may have been exposed to asbestos; any and all persons or entities that otherwise had control over or responsibility

34

for the locations where the Decedent may have been exposed to asbestos; and the entities identified in the Plaintiff, Gale Lyautey's Social Security printout and exposure sheets.

K.     In addition, this Defendant asserts its right to apportionment with respect to manufacturers and distributors of tobacco products consumed by the Plaintiff, Gale Lyautey or members of his household.  Tobacco products consumed by the Plaintiff, Gale Lyautey or members of his household caused or contributed to the Plaintiff, Gale Lyautey's alleged injuries, and the manufacturers and distributors of these products are liable on the grounds of negligence and strict product liability.  Likewise, this Defendant asserts that manufacturers and distributors of other harmful products to which the Plaintiff, Gale Lyautey was exposed are liable on the grounds of negligence and strict product liability, and this Defendant asserts its right to apportionment with respect to these manufacturers and distributors.

## FORTIETH DEFENSE

Pursuant to **Fla. Stat.** §§ 46.015(2), 768.041(2), and 768.31(5), Defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person or entity for any of Plaintiff, Gale Lyautey's alleged injuries and/or Plaintiffs' alleged damages, as well as any such settlement or compromise previously reached by Plaintiffs.  Defendant also asserts its right to collateral-source set-off under **Fla. Stat.** § 768.76.

## FORTY-FIRST DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages.  As to any injury or damages alleged to have been incurred, however, the Plaintiff, Gale Lyautey failed to exercise ordinary care for his own safety, and this failure

35

proximately caused his alleged injury and Plaintiffs' alleged damages. Therefore, the claims asserted in Plaintiffs' Complaint are partially or completely barred under the doctrines of contributory negligence and comparative fault.

### FORTY-SECOND DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages. As to any injury or damages alleges to have been incurred, however, the Plaintiff, Gale Lyautey voluntarily and knowingly assumed the risk of incurring the alleged injury or damages, and, therefore, Plaintiffs are not entitled to recover from Defendant.

### FORTY-THIRD DEFENSE

If the Plaintiff, Gale Lyautey suffered any injuries as alleged in the Complaint, which this Defendant specifically denies, Plaintiff, Gale Lyautey failed to make reasonable efforts to mitigate these injuries and damages.

### FORTY-FOURTH DEFENSE

The Plaintiff, Gale Lyautey failed to take action to prevent the avoidable consequences of any action or omission of which Plaintiffs complain.

### FORTY-FIFTH DEFENSE

If the Plaintiff, Gale Lyautey or any member of his household used tobacco products, this use was a failure to exercise ordinary care for the Plaintiff, Gale Lyautey's own safety and was the sole or primary cause of his injuries. The negligence of the Plaintiff, Gale Lyautey, or members of his household in using tobacco products or the negligence of third parties engaged in the sale, manufacture, or distribution of tobacco products is a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

## FORTY-SIXTH DEFENSE

The Plaintiff, Gale Lyautey's alleged contact with or use of any asbestos-containing products supplied, sold, or manufactured by this Defendant, which is expressly denied, if such use or contact in fact occurred, was not a substantial contributing cause of the Plaintiff, Gale Lyautey's alleged injuries.

## FORTY-SEVENTH DEFENSE

Any exposure of the Plaintiff, Gale Lyautey to this Defendant's products was so minimal as to be insufficient to establish to a reasonable degree of medical probability that such exposure to the product or products was a contributing cause of Plaintiff, Gale Lyautey's injuries.

## FORTY-EIGHTH DEFENSE

There is no causal connection between Defendant, or any product sold by Defendant, and any injury sustained by Plaintiff, Gale Lyautey; such causal connection being remote, indefinite, and speculative. Consequently, the Complaint should be dismissed as to Defendant.

## FORTY-NINTH DEFENSE

Any damages claimed by the Plaintiffs that have not accrued are purely speculative, uncertain, and contingent and therefore cannot be recovered in this action.

## FIFTIETH DEFENSE

If the Plaintiff, Gale Lyautey suffered injuries, which this Defendant specifically denies, said injuries were not caused or contributed to by his exposure to asbestos-containing products sold or distributed by this Defendant, but rather by his exposure to dangerous or hazardous chemicals, fumes, products, substances, or dust that were present at Plaintiff, Gale Lyautey's workplace or elsewhere.

### FIFTY-FIRST DEFENSE

If there is an association between the Plaintiff, Gale Lyautey's alleged injuries and various agents to which he may have been exposed during his lifetime, which Defendant does not concede, the number of different agents to which he was exposed within and outside of Plaintiff, Gale Lyautey's workplace during his lifetime and the lack of definitive evidence as to the amount of actual exposure to each such agent makes it impossible to determine, to the requisite degree of legal certainty, whether a causal connection exists between his alleged injuries and any particular agent.

### FIFTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages is barred by Section 7(s) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.207(1), Florida's Constitution, the U.S. Constitution and this Court's Omnibus Order.

### FIFTY-THIRD DEFENSE

Pursuant to Section 5(1) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.205(1), Plaintiffs' Complaint must be dismissed unless (a) Plaintiffs are currently domiciled in Florida, or (b) Plaintiffs demonstrate that the Plaintiff, Gale Lyautey was exposed to asbestos in Florida and that this exposure in Florida was a substantial contributing factor to the alleged physical impairment underlying Plaintiffs' claim.

### FIFTY-FOURTH DEFENSE

Under the doctrine of *forum non conveniens*, Florida is not the proper jurisdiction in which to litigate this case. Pursuant to Florida Rule of Civil Procedure 1.061 and Section IV.B of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004), the Court

should exercise its authority to dismiss this case for the convenience of the parties and in the interests of justice for re-filing in the proper forum, where an adequate legal remedy exists. Alternatively, pursuant to **Fla. Stat.** § 47.122, this action should be transferred to another Florida venue for the convenience of the parties or witnesses or in the interest of justice.

## FIFTY-FIFTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to comply with Section IV.A of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004), which required Plaintiffs to serve a completed Forum Non Conveniens Fact Sheet with the Complaint. Plaintiffs either failed to serve a Forum Non Conveniens Fact Sheet at all or else served a purported Forum Non Conveniens Fact Sheet that was deficient for failure to include any or all of the required information.

## FIFTY-SIXTH DEFENSE

Plaintiffs failed to serve an "exposure sheet" in compliance with Section VI of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004). No document purporting to be an "exposure sheet" was served at the time of service of the Complaint. Alternatively, what purports to be an "exposure sheet" fails to identify the products to which the Plaintiff, Gale Lyautey was allegedly exposed, the dates of each exposure, the place of each exposure, and/or the names and addresses of witnesses who will testify to such exposure. Accordingly, Plaintiffs' Complaint should be dismissed on this basis.

### FIFTY-SEVENTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204, recovery by the Plaintiffs is barred because the Plaintiff, Gale Lyautey did not have a physical impairment as a result of a medical condition to which exposure to asbestos was a substantial contributing factor.

### FIFTY-EIGHTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204, recovery by the Plaintiffs is barred because factors other than asbestos exposure were more probably the cause of the Plaintiff, Gale Lyautey's alleged medical condition and physical impairment.

### FIFTY-NINTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a sufficient "sworn information form" as required by Section 5(3) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.205(3).

### SIXTIETH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a report of settlements and judgments obtained for the Plaintiff, Gale Lyautey's alleged injury and/or Plaintiffs' alleged damages, as is required by Section 7(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.207(2).

### SIXTY-FIRST DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit with the Complaint a written report and supporting test results constituting *prima facie* evidence that the Plaintiff, Gale Lyautey had an asbestos-related physical impairment meeting the requirements specified in Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204. Alternatively, Plaintiffs' purported prima facie evidence is inadequate in that it fails to include some or all of the requisite elements that Section 4 specifies for the Plaintiff, Gale Lyautey's alleged disease.

### SIXTY-SECOND DEFENSE

Pursuant to Section 4(10)(b) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204(10)(b), Plaintiffs' presentation of prima facie evidence, if any, meeting the requirements of Section 4 of the Act is not conclusive as to Defendant's liability.

### SIXTY-THIRD DEFENSE

Plaintiffs' claims are barred by Section 774.208, Florida Statutes, which provides that there is no cause of action, in an asbestos claim, against a product seller for harm caused by a product which the seller did not manufacture, sell, rent, lease, or expressly warrant, in the absence of intentional misconduct.

### SIXTY-FOURTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs also fail to comply with the Act by not attaching any "supporting documentation of the condition claimed to exist," pursuant to 774.205(3)(g), Florida Statute.

### SIXTY-FIFTH DEFENSE

Defendant restates and incorporates by reference any and all affirmative defenses raised by any other Defendant in this case as if fully set out verbatim herein.

### SIXTY-SIXTH DEFENSE

Defendant incorporates and reserves all other affirmative defenses available under Florida law pending further investigation and discovery.

### SIXTY-SEVENTH DEFENSE

Defendant reserves the right to amend its Answer, if appropriate, after full investigation and discovery.

Submitted this 4th day of August, 2010.

BICE COLE LAW FIRM, P.L.

Brenda Godfrey
Florida Bar No.: 0707716
Marsad Quraishi
Florida Bar No.: 23790
999 Ponce De Leon Boulevard
Suite 710
Coral Gables, Fl 33134
305-444-1225
*Counsel for General Electric Company*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically served via LexisNexis File & Serve on Plaintiffs' counsel and all counsel of record this 4th day of August, 2010.

Attorney

IN THE CIRCUIT COURT OF THE 11ᵗʰ
JUDICIAL CIRCUIT IN AND FOR MI
DADE COUNTY, FLORIDA

GALE LYAUTEY and
PATRICIA LYAUTEY, his wife                         ASBESTOS LITIGATION

     Plaintiffs,                                    CASE NO.: 10-35086CA31

v.

ALFA LAVAL, INC., et al.,

     Defendants.

_____/

### DEFENDANT GEORGIA-PACIFIC'S REQUEST FOR COPIES

     Defendant, Georgia-Pacific LLC f/k/a Georgia-Pacific Corporation, by and through their undersigned counsel, and pursuant to Fla. R. Civ. P. 1.351(a), hereby requests that Defendant, Goulds Pumps, Inc., produce legible copies to the undersigned of any and all documents they receive in response to the following discovery requests:

     1.    First Request for Production to Plaintiff, dated August 3, 2010; and

     2.    First Set of Interrogatories to Plaintiff, dated August 3, 2010.

     Defendant hereby agrees to pay reasonable costs for preparing copies upon presentation of same.

                       Respectfully submitted,

                       BENNETT AIELLO COHEN & FRIED
                       The Ingraham Building, Suite 808
                       25 Southeast Second Avenue
                       Miami, Florida 33131-1603
                       (305) 358-9011 (Telephone)
                       (305) 358-9012 (Facsimile)
                       jfried@bennettaiello.com
                       lgabbamonte@bennettaiello.com

By: _____
                       Jana Marie Fried
                       Florida Bar Number 060267
                       Laura E. Gabbamonte
                       Florida Bar Number 067927
                       *Attorneys for Georgia-Pacific LLC*

## Certificate Of Service

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered via LexisNexis File & Serve to all counsel of record on this 4th day of August, 2010.

By: _____

Laura E. Gabbamonte

32486318

Aug 4 2010
12:27PM

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GALE LYAUTEY and
PATRICIA LYAUTEY, his wife,

      Plaintiff(s),

vs.

ALFA LAVAL, INC., et al.

      Defendants.

_____/

ASBESTOS LITIGATION

CASE NO.: 10-35086 CA 31

## DEFENDANT IMO INDUSTRIES, INC.'S ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant, IMO Industries, Inc. (hereinafter "IMO" or "Defendant"), demands a trial by jury, and without waiving any defenses, responds to Plaintiffs' Complaint and Demand for Jury Trial as follows:

## ANSWER

1.    The allegations contained in Paragraph One (1) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

2.    This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Two (2) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

3.    The allegations contained in Paragraph Three (3) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

1

4.      This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Four (4) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

5.      The allegations contained in Paragraph Five (5) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

6.      The allegations contained in Paragraph Six (6) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

7.      The allegations contained in Paragraph Seven (7) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

8.      The allegations contained in Paragraph Eight (8) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered any injuries as a result of this Defendant's actions.

9.      The allegations of Paragraph Nine (9) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

10.      The allegations of Paragraph Ten (10) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

## DEFENDANTS

11. – 43.      This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Eleven (11) – Forty-Three (43) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

44.      This Defendant admits only that it has an agent for service in Florida; the remainder of the allegations contained in Paragraph Forty-Four (44) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

45. – 64.      This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Forty-Five (45) – Sixty-Four (64) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

65.      The allegations contained in Paragraph Sixty-Five (65) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

66.      The allegations contained in Paragraph Sixty-Six (66) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

67.      The allegations contained in Paragraph Sixty-Seven (67), including sub-parts a.–b. of Plaintiffs' Complaint are denied as they pertain to this Defendant.

68.      The allegations contained in Paragraph Sixty-Eight (68) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

WHEREFORE, IMO demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT I: NEGLIGENCE

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Sixty-Eight (68) of Plaintiffs' Complaint as if the same had been restated herein.

69.     The allegations contained in Paragraph Sixty-Nine (69) of Plaintiffs' Complaint are denied, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos or injured from this Defendant's product.

70.     The allegations contained in Paragraph Seventy (70) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

71.     The allegations contained in Paragraph Seventy-One (71) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

72.     The allegations contained in Paragraph Seventy-Two (72) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

73.     The allegations contained in Paragraph Seventy-Three (73) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

74.     The allegations contained in Paragraph Seventy-Four (74) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

75.     The allegations contained in Paragraph Seventy-Five (75) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

76.     The allegations contained in Paragraph Seventy-Six (76) including sub-paragraphs (a- h) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, IMO demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT II:  STRICT LIABILITY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Seventy-Six (76) of Plaintiffs' Complaint as if the same had been restated herein.

77.     The allegations contained in Paragraph Seventy-Seven (77) of Plaintiffs' Complaint are denied as they pertain to this Defendant,

78.     The allegations contained in Paragraph Seventy-Eight (78) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

79.     The allegations contained in Paragraph Seventy-Nine (79) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

80.     The allegations contained in Paragraph Eighty (80) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

81.     The allegations contained in Paragraph Eighty-One (81) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

82.     The allegations contained in Paragraph Eighty-Two (82) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

83.     The allegations contained in Paragraph Eighty-Three (83) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

84.     The allegations contained in Paragraph Eighty-Four (84) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

85.     The allegations contained in Paragraph Eighty-Five (85) of Plaintiffs' Complaint, including sub-parts (a. – c.), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

86.     The allegations contained in Paragraph Eighty-Six (86) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

87.     The allegations contained in Paragraph Eighty-Seven (87), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

88.     The allegations contained in Paragraph Eighty-Eight (88) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to and/or suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, IMO demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT III: LOSS OF CONSORTIUM—PATRICIA LYAUTEY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Eight (88) of Plaintiffs' Complaint as if the same had been restated herein.

89.     The allegations contained in Paragraph Eighty-Nine (89) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, IMO demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## DAMAGES

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Nine (89) of Plaintiffs' Complaint as if the same had been restated herein.

90.     The allegations contained in Paragraph Ninety (90) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey, suffered any injuries as a result of any conduct of this Defendant.

91.     The allegations contained in Paragraph Ninety-One (91) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs suffered injuries as a result of any conduct of this Defendant.

92.     The allegations contained in Paragraph Ninety-Two (92) of Plaintiffs' Complaint are denied as they pertain to this Defendant as they pertain to this Defendant, particularly the allegations that Plaintiffs have suffered injuries as a result of any conduct of this Defendant.

93. The allegations contained in Paragraph Ninety-Three (93) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

94. The allegations contained in Paragraph Ninety-Four (94) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

95. The allegations contained in Paragraph Ninety-Five (95) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey has suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, IMO demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' Complaint improperly commingles allegations against all Defendants such that it is impossible for any individual Defendant to answer Plaintiffs' overly broad and vague allegations directed against all Defendants as a group.

### THIRD DEFENSE

This Court lacks jurisdiction over the person and property of this Defendant and, therefore, this case should be dismissed as to it. There is no showing of any connexity between the Plaintiff, Gale Lyautey's alleged injury and Defendant's activities in the State of Florida such

as might support an assertion of *in personam* jurisdiction over Defendant, nor is there any other basis for this Court to exercise jurisdiction over Defendant or its property.

## FOURTH DEFENSE

Venue of this civil action is not properly laid and, therefore, this Court should dismiss this civil action as to this Defendant.

## FIFTH DEFENSE

The process served on Defendant was defective and/or insufficient, and is therefore invalid and a nullity. Because Defendant has not been served with proper and lawful process, this Court lacks jurisdiction over the corporate person and property of Defendant.

## SIXTH DEFENSE

The attempted service of process on Defendant was defective and/or insufficient, and is therefore valid and a nullity. Because there has been no proper and lawful service of process upon Defendant, this Court lacks jurisdiction over the corporate person and property of Defendant.

## SEVENTH DEFENSE

Plaintiffs' Complaint should be dismissed pursuant to Florida Rule of Civil Procedure 1.070(j) because Plaintiffs failed to serve initial process on this Defendant within 120 days after filing of the initial pleading.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by collateral estoppel and res judicata.

## NINTH DEFENSE

Upon the doctrine of judicial estoppel, Plaintiffs are precluded from taking a position inconsistent with one taken with respect to the same facts in other litigation and is, therefore,

9

precluded from alleging the material facts necessary to state a cause of action against this Defendant.

## TENTH DEFENSE

Plaintiffs' claims are barred by reason of release and/or accord and satisfaction.

## ELEVENTH DEFENSE

Plaintiffs' action is barred by the doctrine of laches.

## TWELFTH DEFENSE

This action is barred by the statute of limitations of Florida or the applicable statute of limitations of any state where the Plaintiff, Gale Lyautey lived or worked.

## THIRTEENTH DEFENSE

This action is barred by the applicable statute of repose of Florida or the applicable statute or repose of any state where the Plaintiff, Gale Lyautey lives or worked.

## FOURTEENTH DEFENSE

This action cannot be maintained on substantive or jurisdictional statutes or legal theories that did not exist prior to the dates on which the Plaintiff, Gale Lyautey allegedly was exposed to this Defendant's products, in that such statutes are inapplicable to this action and in that the application of such legal theories to this action would be unconstitutionally retroactive.

## FIFTEENTH DEFENSE

Liability may not be imposed upon this Defendant based on a theory of enterprise or market share liability.  To the extent Plaintiffs' claims are based upon such theories, they are barred.

## SIXTEENTH DEFENSE

Florida law has not recognized a duty to "remove and recall" products from the marketplace post-sale.

## SEVENTEENTH DEFENSE

Section 6(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat. §** 774.206(2), bars Plaintiffs from recovering damages for fear or risk of cancer.

## EIGHTEENTH DEFENSE

This Defendant is entitled to the benefit of any workers' compensation laws, including the Florida Workers' Compensation Act, the Longshoremen's and Harbor Workers' Compensation Act, and the workers' compensation laws of any other state or jurisdiction where Plaintiff, Gale Lyautey may have worked, with respect to immunity or offset for payments received by Plaintiffs. Workers' compensation is Plaintiffs' exclusive remedy.

## NINETEENTH DEFENSE

The Plaintiff, Gale Lyautey and/or others misused, improperly used, or substantially modified Defendant's products at issue in this case, if any, and such misuse, improper use, or substantial modification proximately caused and contributed, in whole or in part, to the alleged conditions described in the Complaint and Plaintiffs' alleged damages. Therefore, this Defendant is not liable for any alleged injury or damages that Plaintiffs claim.

## TWENTIETH DEFENSE

This Defendant denies the existence of express warranty, implied warranty, privity, and breach of warranty.

11

### TWENTY-FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Defendant as succeeding to the debts and liabilities of any other manufacturer or seller of asbestos-containing products, and Defendant specifically denies each allegation concerning successor corporate liability.

### TWENTY-SECOND DEFENSE

This action is barred in whole or in part by the doctrine of shifting responsibility.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are or may be barred or otherwise limited or affected by provisions of the law of statutes of states or jurisdictions other than the State of Florida where the Plaintiff, Gale Lyautey's alleged exposure may have occurred.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are preempted by applicable state and federal statutes, laws, and regulations.

### TWENTY-FIFTH DEFENSE

If Plaintiff, Gale Lyautey was exposed to any of Defendant's products, which is expressly denied, said products at the time were manufactured in conformity with federal and state regulations, standards, specifications and laws. Consequently, recovery by the Plaintiffs herein is barred.

### TWENTY-SIXTH DEFENSE

At the time the Defendant's products of which Plaintiffs complain left Defendant's control, a practical and technically feasible alternative design or formulation was not available without substantially impairing the usefulness or intended purpose of such products. Therefore, Defendant's products were not defective in design or manufacture.

## TWENTY-SEVENTH DEFENSE

This Defendant states that its products and the methods of manufacture and testing conformed to the generally recognized and prevailing industry standards and the state of the art in existence at the time the design was prepared and the product manufactured and tested.

## TWENTY-EIGHTH DEFENSE

This action is barred in whole or in part because Defendant reasonably relied upon the state of the medical and scientific art at the time its products were produced. As such, Defendant had no reason to know the potentially dangerous effect of prolonged exposure to asbestos, and, therefore, had no duty to warn.

## TWENTY-NINTH DEFENSE

Defendant asserts the military contractor's defense.

## THIRTIETH DEFENSE

Defendant's asbestos-containing products, if any, were or may have been supplied to the United States Government, including the U.S. Navy, or its agencies pursuant to contract, and such products conformed in every material respect to specifications established by the United States Government or its agencies. The knowledge of the United States Government or its agencies pertaining to the possible hazards to Plaintiff, Gale Lyautey associated with the use of such products was equal to or superior to that of Defendant, and, by reason thereof, Defendant is not liable to Plaintiffs under any theory of law asserted in this civil action.

## THIRTY-FIRST DEFENSE

This Defendant's asbestos-containing products, if any, were supplied to the Plaintiff, Gale Lyautey's employers pursuant to contract, and such products conformed in every material respect to specifications established by said employers.

13

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against Defendant should be denied by reason of the sophisticated commercial user and learned intermediary doctrines because the Plaintiff, Gale Lyautey's employers were so experienced and sophisticated with regard to asbestos-containing products that no duty to warn existed. The knowledge of Plaintiff, Gale Lyautey's employers regarding the potential hazards of asbestos was equal to or superior to that of Defendant, and, therefore, Defendant had no duty to warn Plaintiff, Gale Lyautey as an employee of sophisticated commercial purchasers and/or users who furnished asbestos-containing products to their employees for their use, were aware of the possible health hazards associated with the use of such products, and were under a duty to warn their employees thereof.

## THIRTY-THIRD DEFENSE

This action is barred in whole or in part because Defendant relied upon the care and skill of Plaintiff, Gale Lyautey's employers or labor union and/or other learned intermediaries.

## THIRTY-FOURTH DEFENSE

This Defendant pleads the negligence and conduct of Plaintiff, Gale Lyautey's employers as a partial or a complete bar to all claims asserted in the Complaint.

## THIRTY-FIFTH DEFENSE

This Defendant pleads the failure to join necessary and indispensable parties and the intervening negligence and intervening causation of entities not parties to this action as a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

## THIRTY-SIXTH DEFENSE

This action fails to name as a Defendant a potentially indispensable party to the litigation, to wit: That collection of companies known as the "Manville Group."

14

## THIRTY-SEVENTH DEFENSE

The damages alleged by Plaintiffs, if any, were the result in whole or in part, of acts or omissions of third parties over which Defendant exercised no authority or control and for which Defendant has no liability.

## THIRTY-EIGHTH DEFENSE

If Plaintiff, Gale Lyautey sustained injuries as a result of exposure to asbestos or asbestos-containing products, which is denied, then such injuries were or may have been due to exposure to products of manufacturers or distributors not named as Defendants in this action.

## THIRTY-NINTH DEFENSE

If this Defendant is liable to Plaintiffs, which liability this Defendant expressly denies, any liability is limited to this Defendant's percentage of fault as provided by Florida Statute § 768.81 and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law. Specifically, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure were wholly or partially caused by actions and/or negligence of other manufacturers and/or distributors of asbestos-containing products to which he was exposed, certain entities that supplied asbestos fiber to the manufacturers, installation contractors who used said products, premises owners, and others. The responsible entities include, but are not limited, to the following: Johns-Manville Corporation; UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to

Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; the Zonolite Company, and W.R. Grace as its successor in interest; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Company, and other T

16

& N subsidiaries), and Velbesto and Beater Addition brands; North American Refractories Corporation (NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; Canadian Johns-Manville; Lake Asbestos of Quebec; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Powhatan Mining Company; Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.; E.J. Bartells Company; L & W Supply Corporation; Shook and Fletcher; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; Wallace & Gale Company; Standard Insulations, Inc.; Fuller-Austin Insulation Company; Bigelow-Liptak Corporation; JT Thorpe; Burns and Roe, Inc.; Jacksonville Shipyard, Washington Group International, f/k/a Morrison Knudsen; Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; defendants

previously dismissed from this action; and existing defendants that are subsequently dismissed from this action, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company;  Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex

Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Specifically, this Defendant is entitled to apportionment with respect to the foregoing entities on the following grounds:

A.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as manufacturers of products that contained asbestos or included asbestos-containing components, their predecessors and successors in interest, and any related companies: UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Johns-Manville Corporation; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip

Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Co, and other T & N subsidiaries), and Velbesto and Beater Addition brands; North American Refractories Corporation

20

(NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; other manufacturers of products of the type identified by the Plaintiffs; any manufacturers that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster

21

Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation, and any manufacturers that are currently defendants to this action but are subsequently dismissed. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As manufacturers of asbestos-containing products (or products that included asbestos-containing components) that wholly or partially caused the

Plaintiff, Gale Lyautey's alleged injuries, the above-listed manufacturers owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named manufacturers breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they manufactured, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named manufacturers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named manufacturers' tortious conduct.

B.   If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to those manufacturers identified in Paragraph A, *supra*. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. Because they manufactured and/or distributed defective products that wholly or partially caused the Plaintiff, Gale Lyautey's injuries, the above-named manufacturers are strictly liable to the Plaintiffs for said injuries and the consequences thereof.

C.   If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following suppliers of asbestos fiber (and/or asbestos-contaminated vermiculite), their predecessors and successors in interest, and any related companies: Johns-Manville Corporation; Canadian

Johns-Manville; Lake Asbestos of Quebec; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Turner & Newall and other predecessors in interest to Federal Mogul; Powhatan Mining Company; H.K. Porter Company; the Zonolite Company, and W.R. Grace and Company as its successor in interest; any suppliers of asbestos fiber that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to

Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these

entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. These entities supplied asbestos fiber to which the Plaintiff, Gale Lyautey was exposed, either directly or through contact with asbestos-containing products. As such, these entities had a duty to warn their customers, manufacturers of asbestos-containing products, of the potential asbestos hazards associated with their asbestos fiber. Each of these suppliers breached its respective duty by negligently failing to warn its customers of the potential asbestos hazards of the asbestos fiber it supplied, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. These suppliers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn their customers and, to the extent applicable, the Plaintiffs. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of these entities' tortious conduct.

D.   Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, the suppliers identified in Paragraph C, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiff, Gale Lyautey. These suppliers are subject to strict liability for manufacturing and/or distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

E.   If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as suppliers and distributors of asbestos-containing products, their predecessors and successors in interest, and any related companies: Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.;

26

Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; E.J. Bartells Company; L & W Supply Corporation; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Shook and Fletcher; Western Macarthur, f/k/a Western Asbestos; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; other suppliers and distributors of products of the type identified by the Plaintiffs; any suppliers and distributors of asbestos-containing products that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine

Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; Yarway Corporation, and any suppliers and distributors of asbestos-containing products that are currently defendants to this action but are subsequently dismissed. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As suppliers and distributors of asbestos-containing products that caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above

28

named companies breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they supplied and distributed, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named companies knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named companies' tortious conduct.

F.   Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, the distributors and suppliers identified in Paragraph E, *supra,* are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. These suppliers and distributors of asbestos-containing products are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

G.   If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as installers of asbestos-containing products and construction contractors who used asbestos-containing products, as well as their predecessors and successors in interest and any related companies:  Wallace & Gale Company; Standard Insulations, Inc.; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Fuller-Austin Insulation Company; E.J. Bartells Company; Bigelow-Liptak Corporation; JT Thorpe; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; Western Macarthur, f/k/a Western Asbestos; Burns and Roe,

Inc.; Washington Group International, f/k/a Morrison Knudsen; Todd Shipyards; American Shipbuilding; other installers and contractors who used products of the type identified by Plaintiffs; any installers and contractors that were previously defendants to this action but have been dismissed; and any installers and contractors that are currently defendants to this action but are subsequently dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as

30

successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As installers and contractors who used asbestos-containing products that wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named companies breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they used, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named entities knew or should have known of the dangerous condition that existed as a result of their negligent

31

failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named entities' tortious conduct.

H.    Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, the installers and contractors identified in Paragraph G, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. To the extent these installers and contractors also supplied asbestos-containing materials; they are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

I.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as employers and/or as the owner or party in possession of premises where the Plaintiff, Gale Lyautey was exposed to asbestos, as well as their predecessors and successors in interest and any related companies: Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; Washington Group International, f/k/a Morrison Knudsen; Merrill Stevens Shipyard, Jacksonville Shipyards, Jacksonville Shipyards, Inc., any such entities that were previously defendants to this action but have been dismissed; and any such entities that are currently defendants to this action but are subsequently dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval

32

Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo

Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation.   Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs.  The Plaintiff, Gale Lyautey's alleged injuries were wholly or partially caused by these entities' acts or omissions in breach of their duties of care to the Plaintiff, Gale Lyautey.

J.      In addition, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure are wholly or partially the result of actions and/or negligence of other parties, persons, firms, or corporations in addition to those specified above, including, but not limited to, the Plaintiff, Gale Lyautey himself; his various employers during the time of his alleged asbestos exposure; any and all persons or entities that owned or had a possessory interest in the locations where the Decedent may have been exposed to asbestos; any and all persons or entities that otherwise had control over or responsibility for the locations where the Decedent may have been exposed to asbestos; and the entities identified in the Plaintiff, Gale Lyautey's Social Security printout and exposure sheets.

K.      In addition, this Defendant asserts its right to apportionment with respect to manufacturers and distributors of tobacco products consumed by the Plaintiff, Gale

34

Lyautey or members of his household. Tobacco products consumed by the Plaintiff, Gale Lyautey or members of his household caused or contributed to the Plaintiff, Gale Lyautey's alleged injuries, and the manufacturers and distributors of these products are liable on the grounds of negligence and strict product liability. Likewise, this Defendant asserts that manufacturers and distributors of other harmful products to which the Plaintiff, Gale Lyautey was exposed are liable on the grounds of negligence and strict product liability, and this Defendant asserts its right to apportionment with respect to these manufacturers and distributors.

## FORTIETH DEFENSE

Pursuant to **Fla. Stat.** §§ 46.015(2), 768.041(2), and 768.31(5), Defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person or entity for any of Plaintiff, Gale Lyautey's alleged injuries and/or Plaintiffs' alleged damages, as well as any such settlement or compromise previously reached by Plaintiffs. Defendant also asserts its right to collateral-source set-off under **Fla. Stat.** § 768.76.

## FORTY-FIRST DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages. As to any injury or damages alleged to have been incurred, however, the Plaintiff, Gale Lyautey failed to exercise ordinary care for his own safety, and this failure proximately caused his alleged injury and Plaintiffs' alleged damages. Therefore, the claims asserted in Plaintiffs' Complaint are partially or completely barred under the doctrines of contributory negligence and comparative fault.

## FORTY-SECOND DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages. As to any injury or damages alleges to have been incurred, however, the Plaintiff, Gale Lyautey voluntarily and knowingly assumed the risk of incurring the alleged injury or damages, and, therefore, Plaintiffs are not entitled to recover from Defendant.

## FORTY-THIRD DEFENSE

If the Plaintiff, Gale Lyautey suffered any injuries as alleged in the Complaint, which this Defendant specifically denies, Plaintiff, Gale Lyautey failed to make reasonable efforts to mitigate these injuries and damages.

## FORTY-FOURTH DEFENSE

The Plaintiff, Gale Lyautey failed to take action to prevent the avoidable consequences of any action or omission of which Plaintiffs complain.

## FORTY-FIFTH DEFENSE

If the Plaintiff, Gale Lyautey or any member of his household used tobacco products, this use was a failure to exercise ordinary care for the Plaintiff, Gale Lyautey's own safety and was the sole or primary cause of his injuries. The negligence of the Plaintiff, Gale Lyautey, or members of his household in using tobacco products or the negligence of third parties engaged in the sale, manufacture, or distribution of tobacco products is a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

## FORTY-SIXTH DEFENSE

The Plaintiff, Gale Lyautey's alleged contact with or use of any asbestos-containing products supplied, sold, or manufactured by this Defendant, which is expressly denied, if such

use or contact in fact occurred, was not a substantial contributing cause of the Plaintiff, Gale Lyautey's alleged injuries.

### FORTY-SEVENTH DEFENSE

Any exposure of the Plaintiff, Gale Lyautey to this Defendant's products was so minimal as to be insufficient to establish to a reasonable degree of medical probability that such exposure to the product or products was a contributing cause of Plaintiff, Gale Lyautey's injuries.

### FORTY-EIGHTH DEFENSE

There is no causal connection between Defendant, or any product sold by Defendant, and any injury sustained by Plaintiff, Gale Lyautey; such causal connection being remote, indefinite, and speculative. Consequently, the Complaint should be dismissed as to Defendant.

### FORTY-NINTH DEFENSE

Any damages claimed by the Plaintiffs that have not accrued are purely speculative, uncertain, and contingent and therefore cannot be recovered in this action.

### FIFTIETH DEFENSE

If the Plaintiff, Gale Lyautey suffered injuries, which this Defendant specifically denies, said injuries were not caused or contributed to by his exposure to asbestos-containing products sold or distributed by this Defendant, but rather by his exposure to dangerous or hazardous chemicals, fumes, products, substances, or dust that were present at Plaintiff, Gale Lyautey's workplace or elsewhere.

### FIFTY-FIRST DEFENSE

If there is an association between the Plaintiff, Gale Lyautey's alleged injuries and various agents to which he may have been exposed during his lifetime, which Defendant does not concede, the number of different agents to which he was exposed within and outside of

37

Plaintiff, Gale Lyautey's workplace during his lifetime and the lack of definitive evidence as to the amount of actual exposure to each such agent makes it impossible to determine, to the requisite degree of legal certainty, whether a causal connection exists between his alleged injuries and any particular agent.

## FIFTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages is barred by Section 7(s) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.207(1), Florida's Constitution, the U.S. Constitution and this Court's Omnibus Order.

## FIFTY-THIRD DEFENSE

Pursuant to Section 5(1) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.205(1), Plaintiffs' Complaint must be dismissed unless (a) Plaintiffs are currently domiciled in Florida, or (b) Plaintiffs demonstrate that the Plaintiff, Gale Lyautey was exposed to asbestos in Florida and that this exposure in Florida was a substantial contributing factor to the alleged physical impairment underlying Plaintiffs' claim.

## FIFTY-FOURTH DEFENSE

Under the doctrine of *forum non conveniens*, Florida is not the proper jurisdiction in which to litigate this case. Pursuant to Florida Rule of Civil Procedure 1.061 and Section IV.B of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004), the Court should exercise its authority to dismiss this case for the convenience of the parties and in the interests of justice for re-filing in the proper forum, where an adequate legal remedy exists. Alternatively, pursuant to **Fla. Stat.** § 47.122, this action should be transferred to another Florida venue for the convenience of the parties or witnesses or in the interest of justice.

## FIFTY-FIFTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to comply with Section IV.A of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004), which required Plaintiffs to serve a completed Forum Non Conveniens Fact Sheet with the Complaint. Plaintiffs either failed to serve a Forum Non Conveniens Fact Sheet at all or else served a purported Forum Non Conveniens Fact Sheet that was deficient for failure to include any or all of the required information.

## FIFTY-SIXTH DEFENSE

Plaintiffs failed to serve an "exposure sheet" in compliance with Section VI of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004). No document purporting to be an "exposure sheet" was served at the time of service of the Complaint. Alternatively, what purports to be an "exposure sheet" fails to identify the products to which the Plaintiff, Gale Lyautey was allegedly exposed, the dates of each exposure, the place of each exposure, and/or the names and addresses of witnesses who will testify to such exposure. Accordingly, Plaintiffs' Complaint should be dismissed on this basis.

## FIFTY-SEVENTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204, recovery by the Plaintiffs is barred because the Plaintiff, Gale Lyautey did not have a physical impairment as a result of a medical condition to which exposure to asbestos was a substantial contributing factor.

## FIFTY-EIGHTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat. § 774.204**, recovery by the Plaintiffs is barred because factors other than asbestos exposure were more probably the cause of the Plaintiff, Gale Lyautey's alleged medical condition and physical impairment.

## FIFTY-NINTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a sufficient "sworn information form" as required by Section 5(3) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat. § 774.205(3)**.

## SIXTIETH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a report of settlements and judgments obtained for the Plaintiff, Gale Lyautey's alleged injury and/or Plaintiffs' alleged damages, as is required by Section 7(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat. § 774.207(2)**.

## SIXTY-FIRST DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit with the Complaint a written report and supporting test results constituting *prima facie* evidence that the Plaintiff, Gale Lyautey had an asbestos-related physical impairment meeting the requirements specified in Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat. §** 774.204. Alternatively, Plaintiffs' purported prima facie evidence is inadequate in that it fails to include some or all of the requisite elements that Section 4 specifies for the Plaintiff, Gale Lyautey's alleged disease.

## SIXTY-SECOND DEFENSE

Pursuant to Section 4(10)(b) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat. §** 774.204(10)(b), Plaintiffs' presentation of prima facie evidence, if any, meeting the requirements of Section 4 of the Act is not conclusive as to Defendant's liability.

40

### SIXTY-THIRD DEFENSE

Plaintiffs' claims are barred by Section 774.208, Florida Statutes, which provides that there is no cause of action, in an asbestos claim, against a product seller for harm caused by a product which the seller did not manufacture, sell, rent, lease, or expressly warrant, in the absence of intentional misconduct.

### SIXTY-FOURTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs also fail to comply with the Act by not attaching any "supporting documentation of the condition claimed to exist," pursuant to 774.205(3)(g), Florida Statute.

### SIXTY-FIFTH DEFENSE

Defendant restates and incorporates by reference any and all affirmative defenses raised by any other Defendant in this case as if fully set out verbatim herein.

### SIXTY-SIXTH DEFENSE

Defendant incorporates and reserves all other affirmative defenses available under Florida law pending further investigation and discovery.

### SIXTY-SEVENTH DEFENSE

Defendant reserves the right to amend its Answer, if appropriate, after full investigation and discovery.

Submitted this 4th day of August, 2010.

BICE COLE LAW FIRM, P.L.

Brenda Godfrey
Florida Bar No.: 0707716
Marsad Quraishi
Florida Bar No.: 23790
999 Ponce De Leon Boulevard
Suite 710
Coral Gables, Fl  33134
305-444-1225
*Counsel for IMO Industries, Inc.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically served via LexisNexis File & Serve on Plaintiffs' counsel and all counsel of record this 4th day of August, 2010.

Attorney

42

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GALE LYAUTEY and
PATRICIA LYAUTEY, his wife,

       Plaintiff(s),

vs.

ALFA LAVAL, INC., et al.

       Defendants.

_____/

ASBESTOS LITIGATION

CASE NO.: 10-35086 CA 31

## DEFENDANT DEZURIK'S ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant, DeZurik (hereinafter "DeZurik" or "Defendant") named in this action as putative defendant SPX Corporation, demands a trial by jury, and without waiving any defenses, responds to Plaintiffs' Complaint and Demand for Jury Trial as follows:

## ANSWER

1.      The allegations contained in Paragraph One (1) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

2.      This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Two (2) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

3.      The allegations contained in Paragraph Three (3) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

1

4.      This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Four (4) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

5.      The allegations contained in Paragraph Five (5) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

6.      The allegations contained in Paragraph Six (6) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

7.      The allegations contained in Paragraph Seven (7) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

8.      The allegations contained in Paragraph Eight (8) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered any injuries as a result of this Defendant's actions.

9.      The allegations of Paragraph Nine (9) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

10.     The allegations of Paragraph Ten (10) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

## DEFENDANTS

11. – 55.    This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Eleven (11) – Fifty-Five (55) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

56.    This Defendant admits only that it has an agent for service in Florida; the remainder of the allegations contained in Paragraph Fifty-Six (56) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

57. – 64.    This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Fifty-Seven (57) – Sixty-Four (64) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

65.    The allegations contained in Paragraph Sixty-Five (65) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

66.    The allegations contained in Paragraph Sixty-Six (66) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

67.    The allegations contained in Paragraph Sixty-Seven (67), including sub-parts a.– b. of Plaintiffs' Complaint are denied as they pertain to this Defendant.

68.    The allegations contained in Paragraph Sixty-Eight (68) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

WHEREFORE, DeZurik demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT I:  NEGLIGENCE

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Sixty-Eight (68) of Plaintiffs' Complaint as if the same had been restated herein.

69.     The allegations contained in Paragraph Sixty-Nine (69) of Plaintiffs' Complaint are denied, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos or injured from this Defendant's product.

70.     The allegations contained in Paragraph Seventy (70) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

71.     The allegations contained in Paragraph Seventy-One (71) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

72.     The allegations contained in Paragraph Seventy-Two (72) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

73.     The allegations contained in Paragraph Seventy-Three (73) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

74.     The allegations contained in Paragraph Seventy-Four (74) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

75.     The allegations contained in Paragraph Seventy-Five (75) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

76.     The allegations contained in Paragraph Seventy-Six (76) including sub-paragraphs (a- h) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, DeZurik demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT II: STRICT LIABILITY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Seventy-Six (76) of Plaintiffs' Complaint as if the same had been restated herein.

77.     The allegations contained in Paragraph Seventy-Seven (77) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

78.     The allegations contained in Paragraph Seventy-Eight (78) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

79.     The allegations contained in Paragraph Seventy-Nine (79) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

80.     The allegations contained in Paragraph Eighty (80) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

81.   The allegations contained in Paragraph Eighty-One (81) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

82.   The allegations contained in Paragraph Eighty-Two (82) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

83.   The allegations contained in Paragraph Eighty-Three (83) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

84.   The allegations contained in Paragraph Eighty-Four (84) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

85.   The allegations contained in Paragraph Eighty-Five (85) of Plaintiffs' Complaint, including sub-parts (a. – c.), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

86.   The allegations contained in Paragraph Eighty-Six (86) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

87.   The allegations contained in Paragraph Eighty-Seven (87), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

88.   The allegations contained in Paragraph Eighty-Eight (88) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to and/or suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, DeZurik demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT III:  LOSS OF CONSORTIUM—PATRICIA LYAUTEY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Eight (88) of Plaintiffs' Complaint as if the same had been restated herein.

89.    The allegations contained in Paragraph Eighty-Nine (89) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, DeZurik demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## DAMAGES

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Nine (89) of Plaintiffs' Complaint as if the same had been restated herein.

90.    The allegations contained in Paragraph Ninety (90) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey, suffered any injuries as a result of any conduct of this Defendant.

91.    The allegations contained in Paragraph Ninety-One (91) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs suffered injuries as a result of any conduct of this Defendant.

92.    The allegations contained in Paragraph Ninety-Two (92) of Plaintiffs' Complaint are denied as they pertain to this Defendant as they pertain to this Defendant, particularly the allegations that Plaintiffs have suffered injuries as a result of any conduct of this Defendant.

7

93. The allegations contained in Paragraph Ninety-Three (93) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

94. The allegations contained in Paragraph Ninety-Four (94) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

95. The allegations contained in Paragraph Ninety-Five (95) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey has suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, DeZurik demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' Complaint improperly commingles allegations against all Defendants such that it is impossible for any individual Defendant to answer Plaintiffs' overly broad and vague allegations directed against all Defendants as a group.

### THIRD DEFENSE

This Court lacks jurisdiction over the person and property of this Defendant and, therefore, this case should be dismissed as to it. There is no showing of any connexity between the Plaintiff, Gale Lyautey's alleged injury and Defendant's activities in the State of Florida such

as might support an assertion of *in personam* jurisdiction over Defendant, nor is there any other basis for this Court to exercise jurisdiction over Defendant or its property.

## FOURTH DEFENSE

Venue of this civil action is not properly laid and, therefore, this Court should dismiss this civil action as to this Defendant.

## FIFTH DEFENSE

The process served on Defendant was defective and/or insufficient, and is therefore invalid and a nullity. Because Defendant has not been served with proper and lawful process, this Court lacks jurisdiction over the corporate person and property of Defendant.

## SIXTH DEFENSE

The attempted service of process on Defendant was defective and/or insufficient, and is therefore valid and a nullity. Because there has been no proper and lawful service of process upon Defendant, this Court lacks jurisdiction over the corporate person and property of Defendant.

## SEVENTH DEFENSE

Plaintiffs' Complaint should be dismissed pursuant to Florida Rule of Civil Procedure 1.070(j) because Plaintiffs failed to serve initial process on this Defendant within 120 days after filing of the initial pleading.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by collateral estoppel and res judicata.

## NINTH DEFENSE

Upon the doctrine of judicial estoppel, Plaintiffs are precluded from taking a position inconsistent with one taken with respect to the same facts in other litigation and is, therefore,

precluded from alleging the material facts necessary to state a cause of action against this Defendant.

## TENTH DEFENSE

Plaintiffs' claims are barred by reason of release and/or accord and satisfaction.

## ELEVENTH DEFENSE

Plaintiffs' action is barred by the doctrine of laches.

## TWELFTH DEFENSE

This action is barred by the statute of limitations of Florida or the applicable statute of limitations of any state where the Plaintiff, Gale Lyautey lived or worked.

## THIRTEENTH DEFENSE

This action is barred by the applicable statute of repose of Florida or the applicable statute or repose of any state where the Plaintiff, Gale Lyautey lives or worked.

## FOURTEENTH DEFENSE

This action cannot be maintained on substantive or jurisdictional statutes or legal theories that did not exist prior to the dates on which the Plaintiff, Gale Lyautey allegedly was exposed to this Defendant's products, in that such statutes are inapplicable to this action and in that the application of such legal theories to this action would be unconstitutionally retroactive.

## FIFTEENTH DEFENSE

Liability may not be imposed upon this Defendant based on a theory of enterprise or market share liability. To the extent Plaintiffs' claims are based upon such theories, they are barred.

## SIXTEENTH DEFENSE

Florida law has not recognized a duty to "remove and recall" products from the marketplace post-sale.

## SEVENTEENTH DEFENSE

Section 6(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat. §** 774.206(2), bars Plaintiffs from recovering damages for fear or risk of cancer.

## EIGHTEENTH DEFENSE

This Defendant is entitled to the benefit of any workers' compensation laws, including the Florida Workers' Compensation Act, the Longshoremen's and Harbor Workers' Compensation Act, and the workers' compensation laws of any other state or jurisdiction where Plaintiff, Gale Lyautey may have worked, with respect to immunity or offset for payments received by Plaintiffs. Workers' compensation is Plaintiffs' exclusive remedy.

## NINETEENTH DEFENSE

The Plaintiff, Gale Lyautey and/or others misused, improperly used, or substantially modified Defendant's products at issue in this case, if any, and such misuse, improper use, or substantial modification proximately caused and contributed, in whole or in part, to the alleged conditions described in the Complaint and Plaintiffs' alleged damages. Therefore, this Defendant is not liable for any alleged injury or damages that Plaintiffs claim.

## TWENTIETH DEFENSE

This Defendant denies the existence of express warranty, implied warranty, privity, and breach of warranty.

11

## TWENTY-FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Defendant as succeeding to the debts and liabilities of any other manufacturer or seller of asbestos-containing products, and Defendant specifically denies each allegation concerning successor corporate liability.

## TWENTY-SECOND DEFENSE

This action is barred in whole or in part by the doctrine of shifting responsibility.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are or may be barred or otherwise limited or affected by provisions of the law of statutes of states or jurisdictions other than the State of Florida where the Plaintiff, Gale Lyautey's alleged exposure may have occurred.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims are preempted by applicable state and federal statutes, laws, and regulations.

## TWENTY-FIFTH DEFENSE

If Plaintiff, Gale Lyautey was exposed to any of Defendant's products, which is expressly denied, said products at the time were manufactured in conformity with federal and state regulations, standards, specifications and laws. Consequently, recovery by the Plaintiffs herein is barred.

## TWENTY-SIXTH DEFENSE

At the time the Defendant's products of which Plaintiffs complain left Defendant's control, a practical and technically feasible alternative design or formulation was not available without substantially impairing the usefulness or intended purpose of such products. Therefore, Defendant's products were not defective in design or manufacture.

12

### TWENTY-SEVENTH DEFENSE

This Defendant states that its products and the methods of manufacture and testing conformed to the generally recognized and prevailing industry standards and the state of the art in existence at the time the design was prepared and the product manufactured and tested.

### TWENTY-EIGHTH DEFENSE

This action is barred in whole or in part because Defendant reasonably relied upon the state of the medical and scientific art at the time its products were produced. As such, Defendant had no reason to know the potentially dangerous effect of prolonged exposure to asbestos, and, therefore, had no duty to warn.

### TWENTY-NINTH DEFENSE

Defendant asserts the military contractor's defense.

### THIRTIETH DEFENSE

Defendant's asbestos-containing products, if any, were or may have been supplied to the United States Government, including the U.S. Navy, or its agencies pursuant to contract, and such products conformed in every material respect to specifications established by the United States Government or its agencies. The knowledge of the United States Government or its agencies pertaining to the possible hazards to Plaintiff, Gale Lyautey associated with the use of such products was equal to or superior to that of Defendant, and, by reason thereof, Defendant is not liable to Plaintiffs under any theory of law asserted in this civil action.

### THIRTY-FIRST DEFENSE

This Defendant's asbestos-containing products, if any, were supplied to the Plaintiff, Gale Lyautey's employers pursuant to contract, and such products conformed in every material respect to specifications established by said employers.

13

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against Defendant should be denied by reason of the sophisticated commercial user and learned intermediary doctrines because the Plaintiff, Gale Lyautey's employers were so experienced and sophisticated with regard to asbestos-containing products that no duty to warn existed. The knowledge of Plaintiff, Gale Lyautey's employers regarding the potential hazards of asbestos was equal to or superior to that of Defendant, and, therefore, Defendant had no duty to warn Plaintiff, Gale Lyautey as an employee of sophisticated commercial purchasers and/or users who furnished asbestos-containing products to their employees for their use, were aware of the possible health hazards associated with the use of such products, and were under a duty to warn their employees thereof.

## THIRTY-THIRD DEFENSE

This action is barred in whole or in part because Defendant relied upon the care and skill of Plaintiff, Gale Lyautey's employers or labor union and/or other learned intermediaries.

## THIRTY-FOURTH DEFENSE

This Defendant pleads the negligence and conduct of Plaintiff, Gale Lyautey's employers as a partial or a complete bar to all claims asserted in the Complaint.

## THIRTY-FIFTH DEFENSE

This Defendant pleads the failure to join necessary and indispensable parties and the intervening negligence and intervening causation of entities not parties to this action as a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

## THIRTY-SIXTH DEFENSE

This action fails to name as a Defendant a potentially indispensable party to the litigation, to wit: That collection of companies known as the "Manville Group."

14

## THIRTY-SEVENTH DEFENSE

The damages alleged by Plaintiffs, if any, were the result in whole or in part, of acts or omissions of third parties over which Defendant exercised no authority or control and for which Defendant has no liability.

## THIRTY-EIGHTH DEFENSE

If Plaintiff, Gale Lyautey sustained injuries as a result of exposure to asbestos or asbestos-containing products, which is denied, then such injuries were or may have been due to exposure to products of manufacturers or distributors not named as Defendants in this action.

## THIRTY-NINTH DEFENSE

If this Defendant is liable to Plaintiffs, which liability this Defendant expressly denies, any liability is limited to this Defendant's percentage of fault as provided by Florida Statute § 768.81 and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law. Specifically, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure were wholly or partially caused by actions and/or negligence of other manufacturers and/or distributors of asbestos-containing products to which he was exposed, certain entities that supplied asbestos fiber to the manufacturers, installation contractors who used said products, premises owners, and others.  The responsible entities include, but are not limited, to the following:  Johns-Manville Corporation; UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to

Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; the Zonolite Company, and W.R. Grace as its successor in interest; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Company, and other T

16

& N subsidiaries), and Velbesto and Beater Addition brands; North American Refractories Corporation (NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; Canadian Johns-Manville; Lake Asbestos of Quebec; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Powhatan Mining Company; Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.; E.J. Bartells Company; L & W Supply Corporation; Shook and Fletcher; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; Wallace & Gale Company; Standard Insulations, Inc.; Fuller-Austin Insulation Company; Bigelow-Liptak Corporation; JT Thorpe; Burns and Roe, Inc.; Jacksonville Shipyard, Washington Group International, f/k/a Morrison Knudsen; Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; defendants

previously dismissed from this action; and existing defendants that are subsequently dismissed from this action, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade

18

Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Specifically, this Defendant is entitled to apportionment with respect to the foregoing entities on the following grounds:

A.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as manufacturers of products that contained asbestos or included asbestos-containing components, their predecessors and successors in interest, and any related companies: UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Johns-Manville Corporation; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip

Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Co, and other T & N subsidiaries), and Velbesto and Beater Addition brands; North American Refractories Corporation

20

(NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; other manufacturers of products of the type identified by the Plaintiffs; any manufacturers that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster

Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation, and any manufacturers that are currently defendants to this action but are subsequently dismissed. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As manufacturers of asbestos-containing products (or products that included asbestos-containing components) that wholly or partially caused the

Plaintiff, Gale Lyautey's alleged injuries, the above-listed manufacturers owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named manufacturers breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they manufactured, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named manufacturers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named manufacturers' tortious conduct.

B.     If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to those manufacturers identified in Paragraph A, *supra*. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. Because they manufactured and/or distributed defective products that wholly or partially caused the Plaintiff, Gale Lyautey's injuries, the above-named manufacturers are strictly liable to the Plaintiffs for said injuries and the consequences thereof.

C.     If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following suppliers of asbestos fiber (and/or asbestos-contaminated vermiculite), their predecessors and successors in interest, and any related companies: Johns-Manville Corporation; Canadian

23

Johns-Manville; Lake Asbestos of Quebec; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Turner & Newall and other predecessors in interest to Federal Mogul; Powhatan Mining Company; H.K. Porter Company; the Zonolite Company, and W.R. Grace and Company as its successor in interest; any suppliers of asbestos fiber that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to

24

Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these

entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. These entities supplied asbestos fiber to which the Plaintiff, Gale Lyautey was exposed, either directly or through contact with asbestos-containing products. As such, these entities had a duty to warn their customers, manufacturers of asbestos-containing products, of the potential asbestos hazards associated with their asbestos fiber. Each of these suppliers breached its respective duty by negligently failing to warn its customers of the potential asbestos hazards of the asbestos fiber it supplied, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. These suppliers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn their customers and, to the extent applicable, the Plaintiffs. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of these entities' tortious conduct.

D.  Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, the suppliers identified in Paragraph C, *supra,* are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiff, Gale Lyautey. These suppliers are subject to strict liability for manufacturing and/or distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

E.  If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as suppliers and distributors of asbestos-containing products, their predecessors and successors in interest, and any related companies: Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.;

26

Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; E.J. Bartells Company; L & W Supply Corporation; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Shook and Fletcher; Western Macarthur, f/k/a Western Asbestos; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; other suppliers and distributors of products of the type identified by the Plaintiffs; any suppliers and distributors of asbestos-containing products that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine

27

Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; Yarway Corporation, and any suppliers and distributors of asbestos-containing products that are currently defendants to this action but are subsequently dismissed. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As suppliers and distributors of asbestos-containing products that caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from

using such products.  The above named companies breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they supplied and distributed, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries.  The above-named companies knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey.  Furthermore, the Plaintiff Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named companies' tortious conduct.

F.       Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, the distributors and suppliers identified in Paragraph E, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs.  These suppliers and distributors of asbestos-containing products are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

G.       If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as installers of asbestos-containing products and construction contractors who used asbestos-containing products, as well as their predecessors and successors in interest and any related companies:  Wallace & Gale Company; Standard Insulations, Inc.; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Fuller-Austin Insulation Company; E.J. Bartells Company; Bigelow-Liptak Corporation; JT Thorpe; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; A.C. & S., Inc., f/k/a Armstrong

Contracting and Supply; Western Macarthur, f/k/a Western Asbestos; Burns and Roe, Inc.; Washington Group International, f/k/a Morrison Knudsen; Todd Shipyards; American Shipbuilding; other installers and contractors who used products of the type identified by Plaintiffs; any installers and contractors that were previously defendants to this action but have been dismissed; and any installers and contractors that are currently defendants to this action but are subsequently dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.;

30

Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As installers and contractors who used asbestos-containing products that wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named companies breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they used, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-

31

named entities knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named entities' tortious conduct.

H.    Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, the installers and contractors identified in Paragraph G, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. To the extent these installers and contractors also supplied asbestos-containing materials; they are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

I.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as employers and/or as the owner or party in possession of premises where the Plaintiff, Gale Lyautey was exposed to asbestos, as well as their predecessors and successors in interest and any related companies: Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; Washington Group International, f/k/a Morrison Knudsen; Merrill Stevens Shipyard, Jacksonville Shipyards, Jacksonville Shipyards, Inc., any such entities that were previously defendants to this action but have been dismissed; and any such entities that are currently defendants to this action but are subsequently dismissed, including but not

limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; The Goodyear Tire & Rubber Company; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National

33

Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. The Plaintiff, Gale Lyautey's alleged injuries were wholly or partially caused by these entities' acts or omissions in breach of their duties of care to the Plaintiff, Gale Lyautey.

J.   In addition, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure are wholly or partially the result of actions and/or negligence of other parties, persons, firms, or corporations in addition to those specified above, including, but not limited to, the Plaintiff, Gale Lyautey himself; his various employers during the time of his alleged asbestos exposure; any and all persons or entities that owned or had a possessory interest in the locations where the Decedent may have been exposed to asbestos; any and all persons or entities that otherwise had control over or responsibility for the locations where the Decedent may have been exposed to asbestos; and the entities identified in the Plaintiff, Gale Lyautey's Social Security printout and exposure sheets.

K.      In addition, this Defendant asserts its right to apportionment with respect to manufacturers and distributors of tobacco products consumed by the Plaintiff, Gale Lyautey or members of his household. Tobacco products consumed by the Plaintiff, Gale Lyautey or members of his household caused or contributed to the Plaintiff, Gale Lyautey's alleged injuries, and the manufacturers and distributors of these products are liable on the grounds of negligence and strict product liability. Likewise, this Defendant asserts that manufacturers and distributors of other harmful products to which the Plaintiff, Gale Lyautey was exposed are liable on the grounds of negligence and strict product liability, and this Defendant asserts its right to apportionment with respect to these manufacturers and distributors.

## FORTIETH DEFENSE

Pursuant to **Fla. Stat.** §§ 46.015(2), 768.041(2), and 768.31(5), Defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person or entity for any of Plaintiff, Gale Lyautey's alleged injuries and/or Plaintiffs' alleged damages, as well as any such settlement or compromise previously reached by Plaintiffs. Defendant also asserts its right to collateral-source set-off under **Fla. Stat.** § 768.76.

## FORTY-FIRST DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages. As to any injury or damages alleged to have been incurred, however, the Plaintiff, Gale Lyautey failed to exercise ordinary care for his own safety, and this failure proximately caused his alleged injury and Plaintiffs' alleged damages. Therefore, the claims

35

asserted in Plaintiffs' Complaint are partially or completely barred under the doctrines of contributory negligence and comparative fault.

## FORTY-SECOND DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages. As to any injury or damages alleges to have been incurred, however, the Plaintiff, Gale Lyautey voluntarily and knowingly assumed the risk of incurring the alleged injury or damages, and, therefore, Plaintiffs are not entitled to recover from Defendant.

## FORTY-THIRD DEFENSE

If the Plaintiff, Gale Lyautey suffered any injuries as alleged in the Complaint, which this Defendant specifically denies, Plaintiff, Gale Lyautey failed to make reasonable efforts to mitigate these injuries and damages.

## FORTY-FOURTH DEFENSE

The Plaintiff, Gale Lyautey failed to take action to prevent the avoidable consequences of any action or omission of which Plaintiffs complain.

## FORTY-FIFTH DEFENSE

If the Plaintiff, Gale Lyautey or any member of his household used tobacco products, this use was a failure to exercise ordinary care for the Plaintiff, Gale Lyautey's own safety and was the sole or primary cause of his injuries. The negligence of the Plaintiff, Gale Lyautey, or members of his household in using tobacco products or the negligence of third parties engaged in the sale, manufacture, or distribution of tobacco products is a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

## FORTY-SIXTH DEFENSE

The Plaintiff, Gale Lyautey's alleged contact with or use of any asbestos-containing products supplied, sold, or manufactured by this Defendant, which is expressly denied, if such use or contact in fact occurred, was not a substantial contributing cause of the Plaintiff, Gale Lyautey's alleged injuries.

## FORTY-SEVENTH DEFENSE

Any exposure of the Plaintiff, Gale Lyautey to this Defendant's products was so minimal as to be insufficient to establish to a reasonable degree of medical probability that such exposure to the product or products was a contributing cause of Plaintiff, Gale Lyautey's injuries.

## FORTY-EIGHTH DEFENSE

There is no causal connection between Defendant, or any product sold by Defendant, and any injury sustained by Plaintiff, Gale Lyautey; such causal connection being remote, indefinite, and speculative.  Consequently, the Complaint should be dismissed as to Defendant.

## FORTY-NINTH DEFENSE

Any damages claimed by the Plaintiffs that have not accrued are purely speculative, uncertain, and contingent and therefore cannot be recovered in this action.

## FIFTIETH DEFENSE

If the Plaintiff, Gale Lyautey suffered injuries, which this Defendant specifically denies, said injuries were not caused or contributed to by his exposure to asbestos-containing products sold or distributed by this Defendant, but rather by his exposure to dangerous or hazardous chemicals, fumes, products, substances, or dust that were present at Plaintiff, Gale Lyautey's workplace or elsewhere.

### FIFTY-FIRST DEFENSE

If there is an association between the Plaintiff, Gale Lyautey's alleged injuries and various agents to which he may have been exposed during his lifetime, which Defendant does not concede, the number of different agents to which he was exposed within and outside of Plaintiff, Gale Lyautey's workplace during his lifetime and the lack of definitive evidence as to the amount of actual exposure to each such agent makes it impossible to determine, to the requisite degree of legal certainty, whether a causal connection exists between his alleged injuries and any particular agent.

### FIFTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages is barred by Section 7(s) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.207(1), Florida's Constitution, the U.S. Constitution and this Court's Omnibus Order.

### FIFTY-THIRD DEFENSE

Pursuant to Section 5(1) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.205(1), Plaintiffs' Complaint must be dismissed unless (a) Plaintiffs are currently domiciled in Florida, or (b) Plaintiffs demonstrate that the Plaintiff, Gale Lyautey was exposed to asbestos in Florida and that this exposure in Florida was a substantial contributing factor to the alleged physical impairment underlying Plaintiffs' claim.

### FIFTY-FOURTH DEFENSE

Under the doctrine of *forum non conveniens*, Florida is not the proper jurisdiction in which to litigate this case. Pursuant to Florida Rule of Civil Procedure 1.061 and Section IV.B of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004), the Court

should exercise its authority to dismiss this case for the convenience of the parties and in the interests of justice for re-filing in the proper forum, where an adequate legal remedy exists. Alternatively, pursuant to **Fla. Stat.** § 47.122, this action should be transferred to another Florida venue for the convenience of the parties or witnesses or in the interest of justice.

## FIFTY-FIFTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to comply with Section IV.A of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004), which required Plaintiffs to serve a completed Forum Non Conveniens Fact Sheet with the Complaint. Plaintiffs either failed to serve a Forum Non Conveniens Fact Sheet at all or else served a purported Forum Non Conveniens Fact Sheet that was deficient for failure to include any or all of the required information.

## FIFTY-SIXTH DEFENSE

Plaintiffs failed to serve an "exposure sheet" in compliance with Section VI of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004). No document purporting to be an "exposure sheet" was served at the time of service of the Complaint. Alternatively, what purports to be an "exposure sheet" fails to identify the products to which the Plaintiff, Gale Lyautey was allegedly exposed, the dates of each exposure, the place of each exposure, and/or the names and addresses of witnesses who will testify to such exposure. Accordingly, Plaintiffs' Complaint should be dismissed on this basis.

## FIFTY-SEVENTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204, recovery by the Plaintiffs is barred because the Plaintiff, Gale Lyautey did not have a physical impairment as a result of a medical condition to which exposure to asbestos was a substantial contributing factor.

## FIFTY-EIGHTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204, recovery by the Plaintiffs is barred because factors other than asbestos exposure were more probably the cause of the Plaintiff, Gale Lyautey's alleged medical condition and physical impairment.

## FIFTY-NINTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a sufficient "sworn information form" as required by Section 5(3) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.205(3).

## SIXTIETH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a report of settlements and judgments obtained for the Plaintiff, Gale Lyautey's alleged injury and/or Plaintiffs' alleged damages, as is required by Section 7(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.207(2).

## SIXTY-FIRST DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit with the Complaint a written report and supporting test results constituting *prima facie* evidence that the Plaintiff, Gale Lyautey had an asbestos-related physical impairment meeting the requirements specified in Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204. Alternatively, Plaintiffs' purported prima facie evidence is inadequate in that it fails to include some or all of the requisite elements that Section 4 specifies for the Plaintiff, Gale Lyautey's alleged disease.

## SIXTY-SECOND DEFENSE

Pursuant to Section 4(10)(b) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204(10)(b), Plaintiffs' presentation of prima facie evidence, if any, meeting the requirements of Section 4 of the Act is not conclusive as to Defendant's liability.

## SIXTY-THIRD DEFENSE

Plaintiffs' claims are barred by Section 774.208, Florida Statutes, which provides that there is no cause of action, in an asbestos claim, against a product seller for harm caused by a product which the seller did not manufacture, sell, rent, lease, or expressly warrant, in the absence of intentional misconduct.

## SIXTY-FOURTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs also fail to comply with the Act by not attaching any "supporting documentation of the condition claimed to exist," pursuant to 774.205(3)(g), Florida Statute.

## SIXTY-FIFTH DEFENSE

Defendant restates and incorporates by reference any and all affirmative defenses raised by any other Defendant in this case as if fully set out verbatim herein.

## SIXTY-SIXTH DEFENSE

Defendant incorporates and reserves all other affirmative defenses available under Florida law pending further investigation and discovery.

## SIXTY-SEVENTH DEFENSE

Defendant reserves the right to amend its Answer, if appropriate, after full investigation and discovery.

41

Submitted this 4th day of August, 2010.

BICE COLE LAW FIRM, P.L.

Brenda Godfrey
Florida Bar No.: 0707716
Marsad Quraishi
Florida Bar No.: 23790
999 Ponce De Leon Boulevard
Suite 710
Coral Gables, Fl 33134
305-444-1225
*Counsel for DeZurik*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically served via LexisNexis File & Serve on Plaintiffs' counsel and all counsel of record this 4th day of August, 2010.

Attorney

IN THE CIRCUIT COURT FOR THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GALE LYAUTEY and
PATRICIA LYAUTEY, his wife,

      Plaintiff(s),

vs.

ALFA LAVAL, INC., et al.

      Defendants.

_____/

ASBESTOS LITIGATION

CASE NO.: 10-35086 CA 31

## DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY'S ANSWER, AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant, The Goodyear Tire & Rubber Company (hereinafter "Goodyear" or "Defendant"), demands a trial by jury, and without waiving any defenses, responds to Plaintiffs' Complaint and Demand for Jury Trial as follows:

## ANSWER

1.    The allegations contained in Paragraph One (1) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

2.    This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Two (2) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

3.    The allegations contained in Paragraph Three (3) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

1

4.      This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraph Four (4) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations.

5.      The allegations contained in Paragraph Five (5) of Plaintiffs' Complaint contain conclusions of law to which no response is required, but, to the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

6.      The allegations contained in Paragraph Six (6) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

7.      The allegations contained in Paragraph Seven (7) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

8.      The allegations contained in Paragraph Eight (8) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered any injuries as a result of this Defendant's actions.

9.      The allegations of Paragraph Nine (9) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

10.     The allegations of Paragraph Ten (10) of Plaintiffs' Complaint constitute an impermissible attempt to disclaim potential defenses available to Defendant.  To the extent a response is required, the allegations are denied as they pertain to this Defendant.

## DEFENDANTS

11. – 39.       This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Eleven (11) – Thirty-Nine (39) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

40.       This Defendant admits only that it has an agent for service in Florida; the remainder of the allegations contained in Paragraph Forty (40) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

41. – 64.       This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations of Paragraphs Forty-One (41) – Sixty-Four (64) of Plaintiffs' Complaint and, therefore, can neither admit nor deny said allegations

65.       The allegations contained in Paragraph Sixty-Five (65) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

66.       The allegations contained in Paragraph Sixty-Six (66) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

67.       The allegations contained in Paragraph Sixty-Seven (67), including sub-parts a.– b. of Plaintiffs' Complaint are denied as they pertain to this Defendant.

68.       The allegations contained in Paragraph Sixty-Eight (68) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

WHEREFORE, Goodyear demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

3

## COUNT I: NEGLIGENCE

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Sixty-Eight (68) of Plaintiffs' Complaint as if the same had been restated herein.

69.     The allegations contained in Paragraph Sixty-Nine (69) of Plaintiffs' Complaint are denied, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos or injured from this Defendant's product.

70.     The allegations contained in Paragraph Seventy (70) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

71.     The allegations contained in Paragraph Seventy-One (71) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

72.     The allegations contained in Paragraph Seventy-Two (72) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to asbestos from this Defendant's product.

73.     The allegations contained in Paragraph Seventy-Three (73) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

74.     The allegations contained in Paragraph Seventy-Four (74) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

4

75.     The allegations contained in Paragraph Seventy-Five (75) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

76.     The allegations contained in Paragraph Seventy-Six (76) including sub-paragraphs (a- h) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, Goodyear demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT II:  STRICT LIABILITY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Seventy-Six (76) of Plaintiffs' Complaint as if the same had been restated herein.

77.     The allegations contained in Paragraph Seventy-Seven (77) of Plaintiffs' Complaint are denied as they pertain to this Defendant,

78.     The allegations contained in Paragraph Seventy-Eight (78) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

79.     The allegations contained in Paragraph Seventy-Nine (79) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

80.     The allegations contained in Paragraph Eighty (80) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

81.     The allegations contained in Paragraph Eighty-One (81) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

82.     The allegations contained in Paragraph Eighty-Two (82) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

83.     The allegations contained in Paragraph Eighty-Three (83) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

84.     The allegations contained in Paragraph Eighty-Four (84) of Plaintiffs' Complaint are denied as they pertain to this Defendant.

85.     The allegations contained in Paragraph Eighty-Five (85) of Plaintiffs' Complaint, including sub-parts (a. – c.), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

86.     The allegations contained in Paragraph Eighty-Six (86) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

87.     The allegations contained in Paragraph Eighty-Seven (87), of Plaintiffs' Complaint are denied as they pertain to this Defendant.

88.     The allegations contained in Paragraph Eighty-Eight (88) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey was exposed to and/or suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, Goodyear demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## COUNT III:  LOSS OF CONSORTIUM—PATRICIA LYAUTEY

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Eight (88) of Plaintiffs' Complaint as if the same had been restated herein.

89.    The allegations contained in Paragraph Eighty-Nine (89) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, Goodyear demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## DAMAGES

Defendant incorporates herein by reference each and every answer, response, and defense set forth to all of the allegations of Paragraphs One (1) through Eighty-Nine (89) of Plaintiffs' Complaint as if the same had been restated herein.

90.    The allegations contained in Paragraph Ninety (90) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey, suffered any injuries as a result of any conduct of this Defendant.

91.    The allegations contained in Paragraph Ninety-One (91) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiffs suffered injuries as a result of any conduct of this Defendant.

92.    The allegations contained in Paragraph Ninety-Two (92) of Plaintiffs' Complaint are denied as they pertain to this Defendant as they pertain to this Defendant, particularly the allegations that Plaintiffs have suffered injuries as a result of any conduct of this Defendant.

93.     The allegations contained in Paragraph Ninety-Three (93) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

94.     The allegations contained in Paragraph Ninety-Four (94) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Gale Lyautey suffered injuries as a result of any conduct of this Defendant.

95.     The allegations contained in Paragraph Ninety-Five (95) of Plaintiffs' Complaint are denied as they pertain to this Defendant, particularly the allegations that Plaintiff, Patricia Lyautey has suffered injuries as a result of any conduct of this Defendant.

WHEREFORE, Goodyear demands judgment in its favor and against Plaintiffs, together with costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' Complaint improperly commingles allegations against all Defendants such that it is impossible for any individual Defendant to answer Plaintiffs' overly broad and vague allegations directed against all Defendants as a group.

### THIRD DEFENSE

This Court lacks jurisdiction over the person and property of this Defendant and, therefore, this case should be dismissed as to it. There is no showing of any connexity between the Plaintiff, Gale Lyautey's alleged injury and Defendant's activities in the State of Florida such

as might support an assertion of *in personam* jurisdiction over Defendant, nor is there any other basis for this Court to exercise jurisdiction over Defendant or its property.

### FOURTH DEFENSE

Venue of this civil action is not properly laid and, therefore, this Court should dismiss this civil action as to this Defendant.

### FIFTH DEFENSE

The process served on Defendant was defective and/or insufficient, and is therefore invalid and a nullity. Because Defendant has not been served with proper and lawful process, this Court lacks jurisdiction over the corporate person and property of Defendant.

### SIXTH DEFENSE

The attempted service of process on Defendant was defective and/or insufficient, and is therefore valid and a nullity. Because there has been no proper and lawful service of process upon Defendant, this Court lacks jurisdiction over the corporate person and property of Defendant.

### SEVENTH DEFENSE

Plaintiffs' Complaint should be dismissed pursuant to Florida Rule of Civil Procedure 1.070(j) because Plaintiffs failed to serve initial process on this Defendant within 120 days after filing of the initial pleading.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by collateral estoppel and res judicata.

### NINTH DEFENSE

Upon the doctrine of judicial estoppel, Plaintiffs are precluded from taking a position inconsistent with one taken with respect to the same facts in other litigation and is, therefore,

precluded from alleging the material facts necessary to state a cause of action against this Defendant.

## TENTH DEFENSE

Plaintiffs' claims are barred by reason of release and/or accord and satisfaction.

## ELEVENTH DEFENSE

Plaintiffs' action is barred by the doctrine of laches.

## TWELFTH DEFENSE

This action is barred by the statute of limitations of Florida or the applicable statute of limitations of any state where the Plaintiff, Gale Lyautey lived or worked.

## THIRTEENTH DEFENSE

This action is barred by the applicable statute of repose of Florida or the applicable statute or repose of any state where the Plaintiff, Gale Lyautey lives or worked.

## FOURTEENTH DEFENSE

This action cannot be maintained on substantive or jurisdictional statutes or legal theories that did not exist prior to the dates on which the Plaintiff, Gale Lyautey allegedly was exposed to this Defendant's products, in that such statutes are inapplicable to this action and in that the application of such legal theories to this action would be unconstitutionally retroactive.

## FIFTEENTH DEFENSE

Liability may not be imposed upon this Defendant based on a theory of enterprise or market share liability.  To the extent Plaintiffs' claims are based upon such theories, they are barred.

## SIXTEENTH DEFENSE

Florida law has not recognized a duty to "remove and recall" products from the marketplace post-sale.

## SEVENTEENTH DEFENSE

Section 6(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat. §** 774.206(2), bars Plaintiffs from recovering damages for fear or risk of cancer.

## EIGHTEENTH DEFENSE

This Defendant is entitled to the benefit of any workers' compensation laws, including the Florida Workers' Compensation Act, the Longshoremen's and Harbor Workers' Compensation Act, and the workers' compensation laws of any other state or jurisdiction where Plaintiff, Gale Lyautey may have worked, with respect to immunity or offset for payments received by Plaintiffs. Workers' compensation is Plaintiffs' exclusive remedy.

## NINETEENTH DEFENSE

The Plaintiff, Gale Lyautey and/or others misused, improperly used, or substantially modified Defendant's products at issue in this case, if any, and such misuse, improper use, or substantial modification proximately caused and contributed, in whole or in part, to the alleged conditions described in the Complaint and Plaintiffs' alleged damages. Therefore, this Defendant is not liable for any alleged injury or damages that Plaintiffs claim.

## TWENTIETH DEFENSE

This Defendant denies the existence of express warranty, implied warranty, privity, and breach of warranty.

11

### TWENTY-FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Defendant as succeeding to the debts and liabilities of any other manufacturer or seller of asbestos-containing products, and Defendant specifically denies each allegation concerning successor corporate liability.

### TWENTY-SECOND DEFENSE

This action is barred in whole or in part by the doctrine of shifting responsibility.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are or may be barred or otherwise limited or affected by provisions of the law of statutes of states or jurisdictions other than the State of Florida where the Plaintiff, Gale Lyautey's alleged exposure may have occurred.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are preempted by applicable state and federal statutes, laws, and regulations.

### TWENTY-FIFTH DEFENSE

If Plaintiff, Gale Lyautey was exposed to any of Defendant's products, which is expressly denied, said products at the time were manufactured in conformity with federal and state regulations, standards, specifications and laws. Consequently, recovery by the Plaintiffs herein is barred.

### TWENTY-SIXTH DEFENSE

At the time the Defendant's products of which Plaintiffs complain left Defendant's control, a practical and technically feasible alternative design or formulation was not available without substantially impairing the usefulness or intended purpose of such products. Therefore, Defendant's products were not defective in design or manufacture.

## TWENTY-SEVENTH DEFENSE

This Defendant states that its products and the methods of manufacture and testing conformed to the generally recognized and prevailing industry standards and the state of the art in existence at the time the design was prepared and the product manufactured and tested.

## TWENTY-EIGHTH DEFENSE

This action is barred in whole or in part because Defendant reasonably relied upon the state of the medical and scientific art at the time its products were produced. As such, Defendant had no reason to know the potentially dangerous effect of prolonged exposure to asbestos, and, therefore, had no duty to warn.

## TWENTY-NINTH DEFENSE

Defendant asserts the military contractor's defense.

## THIRTIETH DEFENSE

Defendant's asbestos-containing products, if any, were or may have been supplied to the United States Government, including the U.S. Navy, or its agencies pursuant to contract, and such products conformed in every material respect to specifications established by the United States Government or its agencies. The knowledge of the United States Government or its agencies pertaining to the possible hazards to Plaintiff, Gale Lyautey associated with the use of such products was equal to or superior to that of Defendant, and, by reason thereof, Defendant is not liable to Plaintiffs under any theory of law asserted in this civil action.

## THIRTY-FIRST DEFENSE

This Defendant's asbestos-containing products, if any, were supplied to the Plaintiff, Gale Lyautey's employers pursuant to contract, and such products conformed in every material respect to specifications established by said employers.

13

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against Defendant should be denied by reason of the sophisticated commercial user and learned intermediary doctrines because the Plaintiff, Gale Lyautey's employers were so experienced and sophisticated with regard to asbestos-containing products that no duty to warn existed. The knowledge of Plaintiff, Gale Lyautey's employers regarding the potential hazards of asbestos was equal to or superior to that of Defendant, and, therefore, Defendant had no duty to warn Plaintiff, Gale Lyautey as an employee of sophisticated commercial purchasers and/or users who furnished asbestos-containing products to their employees for their use, were aware of the possible health hazards associated with the use of such products, and were under a duty to warn their employees thereof.

## THIRTY-THIRD DEFENSE

This action is barred in whole or in part because Defendant relied upon the care and skill of Plaintiff, Gale Lyautey's employers or labor union and/or other learned intermediaries.

## THIRTY-FOURTH DEFENSE

This Defendant pleads the negligence and conduct of Plaintiff, Gale Lyautey's employers as a partial or a complete bar to all claims asserted in the Complaint.

## THIRTY-FIFTH DEFENSE

This Defendant pleads the failure to join necessary and indispensable parties and the intervening negligence and intervening causation of entities not parties to this action as a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

## THIRTY-SIXTH DEFENSE

This action fails to name as a Defendant a potentially indispensable party to the litigation, to wit: That collection of companies known as the "Manville Group."

14

## THIRTY-SEVENTH DEFENSE

The damages alleged by Plaintiffs, if any, were the result in whole or in part, of acts or omissions of third parties over which Defendant exercised no authority or control and for which Defendant has no liability.

## THIRTY-EIGHTH DEFENSE

If Plaintiff, Gale Lyautey sustained injuries as a result of exposure to asbestos or asbestos-containing products, which is denied, then such injuries were or may have been due to exposure to products of manufacturers or distributors not named as Defendants in this action.

## THIRTY-NINTH DEFENSE

If this Defendant is liable to Plaintiffs, which liability this Defendant expressly denies, any liability is limited to this Defendant's percentage of fault as provided by Florida Statute § 768.81 and *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law. Specifically, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure were wholly or partially caused by actions and/or negligence of other manufacturers and/or distributors of asbestos-containing products to which he was exposed, certain entities that supplied asbestos fiber to the manufacturers, installation contractors who used said products, premises owners, and others. The responsible entities include, but are not limited, to the following: Johns-Manville Corporation; UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to

Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; the Zonolite Company, and W.R. Grace as its successor in interest; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Company, and other T

& N subsidiaries), and Velbesto and Beater Addition brands; North American Refractories Corporation (NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; Canadian Johns-Manville; Lake Asbestos of Quebec; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Powhatan Mining Company; Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.; E.J. Bartells Company; L & W Supply Corporation; Shook and Fletcher; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; Wallace & Gale Company; Standard Insulations, Inc.; Fuller-Austin Insulation Company; Bigelow-Liptak Corporation; JT Thorpe; Burns and Roe, Inc.; Jacksonville Shipyard, Washington Group International, f/k/a Morrison Knudsen; Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; defendants

17

previously dismissed from this action; and existing defendants that are subsequently dismissed from this action, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex

LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Specifically, this Defendant is entitled to apportionment with respect to the foregoing entities on the following grounds:

A.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as manufacturers of products that contained asbestos or included asbestos-containing components, their predecessors and successors in interest, and any related companies: UNR Industries, Inc., and related companies, including Union Asbestos and Rubber Company, a/k/a UNARCO; Johns-Manville Corporation; Amatex Corporation, f/k/a American Asbestos Textile Corporation; Forty-Eight Insulations, Inc.; Standard Insulations, Inc.; Gatke Corporation; Nicolet, Inc.; Keasbey & Mattison Company; Hillsborough Holdings Corporation and its predecessors in interest, Jim Walter Industries, Celotex, and Panacon; Raymark Industries, f/k/a Raybestos-Manhattan, and Raytech Corporation, as successor in interest to Raymark Industries, f/k/a Raybestos-Manhattan; Raymark Corporation; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip

Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Ancor Holdings, Inc., and its subsidiary, National Gypsum Company; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Eagle-Picher Industries, Inc.; H.K. Porter Company and its subsidiaries and predecessors in interest, including Thermoid and Southern Asbestos Company, a/k/a Southern Textile; Kentile Floors; Keene Corporation, successor in interest to Baldwin-Ehret-Hill; Rock Wool Manufacturing Company; M.H. Detrick; Brunswick Fabricators Inc.; Joy Global Inc., f/k/a Harnischfeger Industries, Inc.; Rutland Fire Clay Company; Babcock & Wilcox Company and subsidiaries Americon, Inc., B&W Construction Company, and Diamond Power International, Inc.; Pittsburgh Corning Corporation; Owens Corning Corporation and its subsidiaries and predecessors in interest, including, but not limited to, Fibreboard Corporation (f/k/a Plant Rubber & Asbestos Works), Owens-Corning Fiberglas Technology, Inc., CDC Corporation, and Pabco; Armstrong World Industries, Inc.; G-I Holdings, Inc., and its predecessors in interest, GAF Corporation and Rubberoid Company; W.R. Grace and Company and its affiliated companies; Skinner Engine Company; USG Corporation and subsidiaries United States Gypsum Company, USG Interiors, and Beadex Manufacturing, LLC; Chicago Mastic Company; DAP, Inc.; Permalastic Products Company; United States Mineral Products Company; Eastco Industrial Safety Corporation; Federal Mogul, including Gasket Holdings, Inc. (Flexitallic), Felt Products Mfg. Company (Fel-Pro), Ferodo America, Inc., Moog Automotive (Wagner Brake Products), T&N Plc (including Turner & Newall, Turner Asbestos Fibres Co, and other T & N subsidiaries), and Velbesto and Beater Addition brands; North American Refractories Corporation

(NARCO); Kaiser Aluminum; Harbison-Walker Refractories, a/k/a INDRESCO, Inc.; A-Best Products Company; A.P. Green Refractories Company; Artra Group (Synkoloid); Plibrico Company; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Western Macarthur, f/k/a Western Asbestos; Proko Industries; Combustion Engineering; Congoleum; Kellogg Brown & Root; DII Industries, f/k/a Dresser Industries; Muralo Company (including Synkoloid) and its affiliate, Norton & Son of California, Inc.; Flintkote; Quigley Company, Inc.; CAPCO Pipe Company; other manufacturers of products of the type identified by the Plaintiffs; any manufacturers that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster

21

Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation, and any manufacturers that are currently defendants to this action but are subsequently dismissed. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As manufacturers of asbestos-containing products (or products that included asbestos-containing components) that wholly or

partially caused the Plaintiff, Gale Lyautey's alleged injuries, the above-listed manufacturers owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named manufacturers breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they manufactured, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named manufacturers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named manufacturers' tortious conduct.

B.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to those manufacturers identified in Paragraph A, *supra*. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. Because they manufactured and/or distributed defective products that wholly or partially caused the Plaintiff, Gale Lyautey's injuries, the above-named manufacturers are strictly liable to the Plaintiffs for said injuries and the consequences thereof.

C.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following suppliers of asbestos fiber (and/or asbestos-contaminated vermiculite), their predecessors and

23

successors in interest, and any related companies: Johns-Manville Corporation; Canadian Johns-Manville; Lake Asbestos of Quebec; Celotex Corporation and its various subsidiaries and predecessors in interest, including Carey Canada, Inc., Carey Canadian Mines, Ltd., Brinco Mining Ltd., Panacon, Philip Carey Company, Philip Carey Manufacturing Company, and Smith & Kanzler; Asbestos Corporation, Ltd.; Atlas Asbestos; Atlas Corporation and subsidiaries, including Hidden Splendor Mining Company; Pacific Asbestos; Johnson Mines; National Asbestos Mines, Ltd.; Atlas Adhesives; Bell Asbestos Mines, Ltd; CSR; Cape Asbestos Company, Ltd., and related companies North American Asbestos Corporation and Continental Producers Corporation; Cassiar Mines, Cassiar Mining Corporation Ltd., Cassiar Asbestos Corporation, and Cassiar Resources Ltd.; Turner & Newall and other predecessors in interest to Federal Mogul; Powhatan Mining Company; H.K. Porter Company; the Zonolite Company, and W.R. Grace and Company as its successor in interest; any suppliers of asbestos fiber that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company;

24

Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill

Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. These entities supplied asbestos fiber to which the Plaintiff, Gale Lyautey was exposed, either directly or through contact with asbestos-containing products. As such, these entities had a duty to warn their customers, manufacturers of asbestos-containing products, of the potential asbestos hazards associated with their asbestos fiber. Each of these suppliers breached its respective duty by negligently failing to warn its customers of the potential asbestos hazards of the asbestos fiber it supplied, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. These suppliers knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn their customers and, to the extent applicable, the Plaintiffs. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of these entities' tortious conduct.

D.      Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, the suppliers identified in Paragraph C, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiff, Gale Lyautey. These suppliers are subject to strict liability for manufacturing and/or distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

E.      If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as suppliers and distributors of asbestos-containing products, their predecessors and successors in interest, and any related companies: Pacor, Inc., a/k/a Philadelphia Asbestos Corporation, and

Pacor Material Supply Company; Delaware Insulation, a/k/a DI Distributors, Inc.; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; E.J. Bartells Company; L & W Supply Corporation; Porter-Hayden Company and its predecessors, H. W. Porter & Company, Inc., and Reid Hayden, Inc.; Shook and Fletcher; Western Macarthur, f/k/a Western Asbestos; CE Thurston; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; other suppliers and distributors of products of the type identified by the Plaintiffs; any suppliers and distributors of asbestos-containing products that were previously defendants to this action but have been dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation;

27

Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; Yarway Corporation, and any suppliers and distributors of asbestos-containing products that are currently defendants to this action but are subsequently dismissed.  Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs.  As suppliers and distributors of asbestos-containing products that caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies

owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named companies breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they supplied and distributed, and such failure wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named companies knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named companies' tortious conduct.

F.     Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, the distributors and suppliers identified in Paragraph E, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. These suppliers and distributors of asbestos-containing products are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

G.     If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as installers of asbestos-containing products and construction contractors who used asbestos-containing products, as well as their predecessors and successors in interest and any related companies: Wallace & Gale Company; Standard Insulations, Inc.; Standard Asbestos Manufacturing & Insulation Company, a/k/a Standard Asbestos Manufacturing & Insulating Company; Fuller-Austin Insulation Company; E.J. Bartells Company; Bigelow-Liptak Corporation; JT Thorpe; Porter-Hayden Company and its predecessors,

H. W. Porter & Company, Inc., and Reid Hayden, Inc.; A.C. & S., Inc., f/k/a Armstrong Contracting and Supply; Western Macarthur, f/k/a Western Asbestos; Burns and Roe, Inc.; Washington Group International, f/k/a Morrison Knudsen; Todd Shipyards; American Shipbuilding; other installers and contractors who used products of the type identified by Plaintiffs; any installers and contractors that were previously defendants to this action but have been dismissed; and any installers and contractors that are currently defendants to this action but are subsequently dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; Goulds Pumps,

Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.; McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation. Pursuant to *Fabre v. Marin,* 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. As installers and contractors who used asbestos-containing products that wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries; the above-listed companies owed the Plaintiff, Gale Lyautey the duty to warn of potential asbestos hazards from using such products. The above named companies breached their duties by negligently failing to warn the Plaintiff, Gale Lyautey of the potential asbestos hazards of the products they used, and such failure

wholly or partially caused the Plaintiff, Gale Lyautey's alleged injuries. The above-named entities knew or should have known of the dangerous condition that existed as a result of their negligent failure to warn the Plaintiff, Gale Lyautey. Furthermore, the Plaintiff, Gale Lyautey sustained his alleged injuries wholly or partially as a result of the above-named entities' tortious conduct.

H.    Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, the installers and contractors identified in Paragraph G, *supra*, are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs. To the extent these installers and contractors also supplied asbestos-containing materials; they are subject to strict liability for distributing a defective product that wholly or partially caused the Plaintiff, Gale Lyautey's injuries.

I.    If this Defendant is liable to the Plaintiffs, which liability this Defendant expressly denies, this Defendant is entitled to an apportionment of damages pursuant to Florida Statutes § 768.81, or other applicable law, with respect to the following as employers and/or as the owner or party in possession of premises where the Plaintiff, Gale Lyautey was exposed to asbestos, as well as their predecessors and successors in interest and any related companies: Waterman Steamship Corporation; Prudential Lines, Inc.; Mclean Industries and First Colony Farms and their subsidiaries, U.S. Lines and United States Lines (S.A.); Todd Shipyards; American Shipbuilding; Lykes Brothers Steamship; Bethlehem Steel Corporation; Swan Transportation and subsidiary Tyler Pipe Industries; Washington Group International, f/k/a Morrison Knudsen; Merrill Stevens Shipyard, Jacksonville Shipyards, Jacksonville Shipyards, Inc., any such entities that were previously defendants to this action but have been dismissed; and any such entities that

32

are currently defendants to this action but are subsequently dismissed, including but not limited to: Alfa Laval, Inc., individually and as successor in interest to The Delaval Separator Co. and Sharples, Inc.; Asco Valve, Inc.; A.W. Chesterton Company; Bigham Insulation & Supply Company; Bird, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; Carrier Corporation; Caterpillar, Inc.; CBS Corporation, f/k/a Viacom, Inc. successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation; Certainteed Corporation; Cleaver Brooks, Inc.; Compudyne Corp., individually and as successor in interest to York-Shipley Global; Crane Co.; Cummins, Inc.; Dana Companies LLC f/k/a Dana Corporation, individually and as successor in interest to and/or f/k/a Wisconsin Gasket & Manufacturing Company; Detroit Diesel Corporation; Eaton Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc.; Elliot Turbomachinery Company, Inc.; Fairbanks Morse Pumps Corporation; Federal-Mogul Asbestos Personal Injury Trust, as successor to Felt Products Manufacturing Co. and as successor to the former Vellumoid division of Federal Mogul; Flowserve Corporation, f/k/a Durametallic Corporation; Ford Motor Company; Foster Wheeler Energy Corporation, f/k/a Foster Wheeler Corporation; Gardner Denver, Inc.; Gardner Denver Nash, LLC; General Electric Company; Genuine Parts Company; Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation; Goulds Pumps, Inc., a subsidiary of ITT Industries, Inc.; Greene, Tweed & Co., Inc.; Honeywell International, Inc., f/k/a Allied Signal, as successor in interest to Allied Corporation, as successor in interest to The Bendix Corporation; IMO Industries, Inc., f/k/a Delaval Turbine, Inc. (a division of Colfax Corporation); Ingersoll-Rand Company; ITT Corporation, as successor in interest or parent company to Bell & Gossett Pumps; John Crane, Inc.; Leslie Controls, Inc.;

33

McCord Corporation; Melrath Gasket, Inc.; National Service Industries, Inc.; Officemax Inc., f/k/a Boise Cascade LLC, f/k/a Boise Cascade Corporation; Owens-Illinois Inc.; Pneumo Abex LLC, a successor in interest to Pneumo Abex Corporation; Rapid American Corporation; SPX Corporation, individually and as successor to DeZurik, Inc.; Stone & Webster Engineering Corporation, individually and as successor in interest to, parent to and/or alter ego to E.B. Badger & Sons Company; Union Carbide Corporation; Velan Valve Corporation; Viad Corporation, f/k/a The Dial Corporation, individually and as successor to Griscom Russell Company; Viking Pumps, Inc.; Warren Pumps, LLC, individually and as successor-in-interest to Quimby Pump, Co.; Weir Valves and Controls USA, Inc., f/k/a and/or successor-in-interest to Atwood and Morrill Co.; and Yarway Corporation.  Pursuant to *Fabre v. Marin*, 623 So.2d 1182 (Fla. 1993), or other applicable law, these entities are or may be at least partially at fault for the injuries allegedly suffered by the Plaintiffs.  The Plaintiff, Gale Lyautey's alleged injuries were wholly or partially caused by these entities' acts or omissions in breach of their duties of care to the Plaintiff, Gale Lyautey.

J.    In addition, the Plaintiff, Gale Lyautey's injuries, if any, arising from his alleged asbestos exposure are wholly or partially the result of actions and/or negligence of other parties, persons, firms, or corporations in addition to those specified above, including, but not limited to, the Plaintiff, Gale Lyautey himself; his various employers during the time of his alleged asbestos exposure; any and all persons or entities that owned or had a possessory interest in the locations where the Decedent may have been exposed to asbestos; any and all persons or entities that otherwise had control over or responsibility

for the locations where the Decedent may have been exposed to asbestos; and the entities identified in the Plaintiff, Gale Lyautey's Social Security printout and exposure sheets.

K.   In addition, this Defendant asserts its right to apportionment with respect to manufacturers and distributors of tobacco products consumed by the Plaintiff, Gale Lyautey or members of his household.  Tobacco products consumed by the Plaintiff, Gale Lyautey or members of his household caused or contributed to the Plaintiff, Gale Lyautey's alleged injuries, and the manufacturers and distributors of these products are liable on the grounds of negligence and strict product liability.  Likewise, this Defendant asserts that manufacturers and distributors of other harmful products to which the Plaintiff, Gale Lyautey was exposed are liable on the grounds of negligence and strict product liability, and this Defendant asserts its right to apportionment with respect to these manufacturers and distributors.

## FORTIETH DEFENSE

Pursuant to **Fla. Stat.** §§ 46.015(2), 768.041(2), and 768.31(5), Defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person or entity for any of Plaintiff, Gale Lyautey's alleged injuries and/or Plaintiffs' alleged damages, as well as any such settlement or compromise previously reached by Plaintiffs.  Defendant also asserts its right to collateral-source set-off under **Fla. Stat.** § 768.76.

## FORTY-FIRST DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages.  As to any injury or damages alleged to have been incurred, however, the Plaintiff, Gale Lyautey failed to exercise ordinary care for his own safety, and this failure

35

proximately caused his alleged injury and Plaintiffs' alleged damages. Therefore, the claims asserted in Plaintiffs' Complaint are partially or completely barred under the doctrines of contributory negligence and comparative fault.

## FORTY-SECOND DEFENSE

Defendant denies that Plaintiff, Gale Lyautey suffered any injury or that Plaintiffs have incurred any damages. As to any injury or damages alleges to have been incurred, however, the Plaintiff, Gale Lyautey voluntarily and knowingly assumed the risk of incurring the alleged injury or damages, and, therefore, Plaintiffs are not entitled to recover from Defendant.

## FORTY-THIRD DEFENSE

If the Plaintiff, Gale Lyautey suffered any injuries as alleged in the Complaint, which this Defendant specifically denies, Plaintiff, Gale Lyautey failed to make reasonable efforts to mitigate these injuries and damages.

## FORTY-FOURTH DEFENSE

The Plaintiff, Gale Lyautey failed to take action to prevent the avoidable consequences of any action or omission of which Plaintiffs complain.

## FORTY-FIFTH DEFENSE

If the Plaintiff, Gale Lyautey or any member of his household used tobacco products, this use was a failure to exercise ordinary care for the Plaintiff, Gale Lyautey's own safety and was the sole or primary cause of his injuries. The negligence of the Plaintiff, Gale Lyautey, or members of his household in using tobacco products or the negligence of third parties engaged in the sale, manufacture, or distribution of tobacco products is a partial or a complete bar to all claims asserted in Plaintiffs' Complaint.

## FORTY-SIXTH DEFENSE

The Plaintiff, Gale Lyautey's alleged contact with or use of any asbestos-containing products supplied, sold, or manufactured by this Defendant, which is expressly denied, if such use or contact in fact occurred, was not a substantial contributing cause of the Plaintiff, Gale Lyautey's alleged injuries.

## FORTY-SEVENTH DEFENSE

Any exposure of the Plaintiff, Gale Lyautey to this Defendant's products was so minimal as to be insufficient to establish to a reasonable degree of medical probability that such exposure to the product or products was a contributing cause of Plaintiff, Gale Lyautey's injuries.

## FORTY-EIGHTH DEFENSE

There is no causal connection between Defendant, or any product sold by Defendant, and any injury sustained by Plaintiff, Gale Lyautey; such causal connection being remote, indefinite, and speculative. Consequently, the Complaint should be dismissed as to Defendant.

## FORTY-NINTH DEFENSE

Any damages claimed by the Plaintiffs that have not accrued are purely speculative, uncertain, and contingent and therefore cannot be recovered in this action.

## FIFTIETH DEFENSE

If the Plaintiff, Gale Lyautey suffered injuries, which this Defendant specifically denies, said injuries were not caused or contributed to by his exposure to asbestos-containing products sold or distributed by this Defendant, but rather by his exposure to dangerous or hazardous chemicals, fumes, products, substances, or dust that were present at Plaintiff, Gale Lyautey's workplace or elsewhere.

### FIFTY-FIRST DEFENSE

If there is an association between the Plaintiff, Gale Lyautey's alleged injuries and various agents to which he may have been exposed during his lifetime, which Defendant does not concede, the number of different agents to which he was exposed within and outside of Plaintiff, Gale Lyautey's workplace during his lifetime and the lack of definitive evidence as to the amount of actual exposure to each such agent makes it impossible to determine, to the requisite degree of legal certainty, whether a causal connection exists between his alleged injuries and any particular agent.

### FIFTY-SECOND DEFENSE

Plaintiffs' claim for punitive damages is barred by Section 7(s) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.207(1), Florida's Constitution, the U.S. Constitution and this Court's Omnibus Order.

### FIFTY-THIRD DEFENSE

Pursuant to Section 5(1) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.205(1), Plaintiffs' Complaint must be dismissed unless (a) Plaintiffs are currently domiciled in Florida, or (b) Plaintiffs demonstrate that the Plaintiff, Gale Lyautey was exposed to asbestos in Florida and that this exposure in Florida was a substantial contributing factor to the alleged physical impairment underlying Plaintiffs' claim.

### FIFTY-FOURTH DEFENSE

Under the doctrine of *forum non conveniens*, Florida is not the proper jurisdiction in which to litigate this case. Pursuant to Florida Rule of Civil Procedure 1.061 and Section IV.B of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004), the Court

should exercise its authority to dismiss this case for the convenience of the parties and in the interests of justice for re-filing in the proper forum, where an adequate legal remedy exists. Alternatively, pursuant to **Fla. Stat.** § 47.122, this action should be transferred to another Florida venue for the convenience of the parties or witnesses or in the interest of justice.

## FIFTY-FIFTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to comply with Section IV.A of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004), which required Plaintiffs to serve a completed Forum Non Conveniens Fact Sheet with the Complaint. Plaintiffs either failed to serve a Forum Non Conveniens Fact Sheet at all or else served a purported Forum Non Conveniens Fact Sheet that was deficient for failure to include any or all of the required information.

## FIFTY-SIXTH DEFENSE

Plaintiffs failed to serve an "exposure sheet" in compliance with Section VI of this Court's Fourth Amended Omnibus Order on Trial Setting, Discovery and Product Identification in Personal Injury Asbestos Litigation (Revised November, 2004). No document purporting to be an "exposure sheet" was served at the time of service of the Complaint. Alternatively, what purports to be an "exposure sheet" fails to identify the products to which the Plaintiff, Gale Lyautey was allegedly exposed, the dates of each exposure, the place of each exposure, and/or the names and addresses of witnesses who will testify to such exposure. Accordingly, Plaintiffs' Complaint should be dismissed on this basis.

### FIFTY-SEVENTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204, recovery by the Plaintiffs is barred because the Plaintiff, Gale Lyautey did not have a physical impairment as a result of a medical condition to which exposure to asbestos was a substantial contributing factor.

### FIFTY-EIGHTH DEFENSE

Pursuant to Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204, recovery by the Plaintiffs is barred because factors other than asbestos exposure were more probably the cause of the Plaintiff, Gale Lyautey's alleged medical condition and physical impairment.

### FIFTY-NINTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a sufficient "sworn information form" as required by Section 5(3) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.205(3).

### SIXTIETH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit a report of settlements and judgments obtained for the Plaintiff, Gale Lyautey's alleged injury and/or Plaintiffs' alleged damages, as is required by Section 7(2) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.207(2).

### SIXTY-FIRST DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs failed to submit with the Complaint a written report and supporting test results constituting *prima facie* evidence that the Plaintiff, Gale Lyautey had an asbestos-related physical impairment meeting the requirements specified in Section 4 of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204. Alternatively, Plaintiffs' purported prima facie evidence is inadequate in that it fails to include some or all of the requisite elements that Section 4 specifies for the Plaintiff, Gale Lyautey's alleged disease.

## SIXTY-SECOND DEFENSE

Pursuant to Section 4(10)(b) of Florida's "Asbestos and Silica Compensation Fairness Act," **Fla. Stat.** § 774.204(10)(b), Plaintiffs' presentation of prima facie evidence, if any, meeting the requirements of Section 4 of the Act is not conclusive as to Defendant's liability.

## SIXTY-THIRD DEFENSE

Plaintiffs' claims are barred by Section 774.208, Florida Statutes, which provides that there is no cause of action, in an asbestos claim, against a product seller for harm caused by a product which the seller did not manufacture, sell, rent, lease, or expressly warrant, in the absence of intentional misconduct.

## SIXTY-FOURTH DEFENSE

Plaintiffs' Complaint must be dismissed because Plaintiffs also fail to comply with the Act by not attaching any "supporting documentation of the condition claimed to exist," pursuant to 774.205(3)(g), Florida Statute.

## SIXTY-FIFTH DEFENSE

Defendant restates and incorporates by reference any and all affirmative defenses raised by any other Defendant in this case as if fully set out verbatim herein.

## SIXTY-SIXTH DEFENSE

Defendant incorporates and reserves all other affirmative defenses available under Florida law pending further investigation and discovery.

## SIXTY-SEVENTH DEFENSE

Defendant reserves the right to amend its Answer, if appropriate, after full investigation and discovery.

Submitted this 4th day of August, 2010.

BICE COLE LAW FIRM, P.L.

Brenda Godfrey
Florida Bar No.: 0707716
Marsad Quraishi
Florida Bar No.: 23790
999 Ponce De Leon Boulevard
Suite 710
Coral Gables, Fl 33134
305-444-1225
*Counsel for The Goodyear Tire & Rubber Company*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically served via LexisNexis File & Serve on Plaintiffs' counsel and all counsel of record this 4th day of August, 2010.

Attorney

42