## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

CASE NO.: 1:10-CV-22891

GALE L. LYAUTEY, and
PATRICIA LYAUTEY, his wife,

      Plaintiffs,

v.

ALFA LAVAL, INC., et. al.,

      Defendants.

_____/

### DEFENDANT, VIAD CORP'S, JOINDER IN
### FOSTER WHEELER ENERGY CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, Defendant Viad Corp (hereinafter "Viad"), incorrectly sued herein as "VIAD CORP., f/k/a The Dial Corporation, individually, and as successor in interest to GRISCOM RUSSELL CO.," by and through its attorneys, Foley & Mansfield, PLLP, respectfully joins in the Notice of Removal filed in this Honorable Court by Defendant, FOSTER WHEELER ENERGY CORPORATION (hereinafter "FOSTER WHEELER"). *See* D.E. 1. In support, Viad respectfully alleges as follows:

    1.    On June 23, 2010, Plaintiffs Gale Lyautey and Patricia Lyautey filed this lawsuit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 13-2010-CA-035086-0000-01, to recover money damages for alleged personal injuries resulting from alleged exposure to asbestos. *See* Plaintiff's Complaint at D.E. 1-2.

    2.    Viad was served with the Complaint on July 20, 2010. A true and correct copy of

CT Corporation's Service of Process Transmittal is attached hereto as Exhibit A.

3.    The service date was the first date upon which Viad received a copy of the Complaint.  A true and correct copy of the Summons is attached hereto as Exhibit B.

4.    Pursuant to 28 U.S.C. § 1446(b), this joinder in FOSTER WHEELER's Notice of Removal is timely filed within thirty (30) days of when Viad received its first notice of facts indicating that this action was removable under 28 U.S.C. § 1442(a)(1) as set forth below.

5.    Viad has been sued individually and as an alleged successor to Griscom-Russell Company ("Griscom-Russell").  *See* D.E. 1-2 at ¶ 60.

6.    Viad disputes that it is a successor to Griscom-Russell, as alleged by Plaintiffs. *See* Viad's Answer and Affirmative Defenses at D.E. 14.

7.    Plaintiffs' Complaint and Exposure Sheets state that the Plaintiff, GAYLE LYAUTEY, was exposed to asbestos while serving in the U.S. NAVY from approximately 1954 through 1974.  *See* D.E. 1-2 at Exposure Sheets.  The Plaintiff describes "products" as "all products that contained or included asbestos or asbestos-containing components in whole or in any mixture with other materials manufactured, marketed, sold, distributed and/or supplied by the Defendants."  *See* D.E. 1-2 at ¶ 5.

8.    Upon information and belief, Griscom-Russell was a manufacturer and supplier of certain equipment to the United States Navy.

9.    It is apparent to Viad, based on the improper assertion that it is a successor to Griscom-Russell and the allegations of the Complaint, that Plaintiffs' claims are based on the allegations that GAYLE LYAUTEY was exposed to certain asbestos containing products manufactured and sold to the Navy by Griscom-Russell while Mr. LYAUTEY served in the

2

United States Navy.

10. Any equipment Griscom-Russell manufactured and sold to the United States Navy and/or the United States Air Force was pursuant to procurement contracts entered into with the United States Navy and/or Air Force and in accordance with precise specifications required by the United States Navy and/ or Air Force.

11. As such, Viad joins in Defendant FOSTER WHEELER's Notice of Removal pursuant to the federal officer removal provisions of 28 U.S.C. §1442 (a)(1). *See* D.E. 1. *See, e.g., Marley v. Elliott Turbomachinery Co., Inc.*, 545 F.Supp.2d 1266 (S.D. Fla. 2008) (holding federal officer removal by alleged manufacturers of Navy ship parts and devices was appropriate); *Harris v. Rapid American Corp.*, 532 F.Supp.2d 1001 (N.D. Ill. 2007) (upholding federal officer removal by manufacturer of evaporators for Navy ships); *Contois v. Able Industries Inc.*, 523 F.Supp.2d 155 (D.Conn. 2007)(holding federal officer removal requirements were met by removing Navy contractors); *Machnik v. Buffalo Pumps Inc.*, 506 F.Supp.2d 99 (D. Conn. 2007)(holding Navy ship equipment manufacturers' federal officer removal allowed in asbestos personal injury claim involving state law failure to warn claims); *Ferguson v. Lorillard Tobacco*, 475 F. Supp. 2d 725 (N.D. Ohio 2007)(holding federal officer removal of asbestos personal injury lawsuit allowed for evaporator manufacturer who supplied product in accordance with Navy specifications); *Nesbiet v. General Electric Co.*, 399 F.Supp.2d 205 (S.D.N.Y. 2005)(holding federal officer removal by Navy ship turbine manufacturer was warranted in asbestos personal injury lawsuit).

12. Viad is not required to notify and obtain the consent of any other Defendant in this matter in order to remove this matter, because federal officer removal pursuant to 28 U.S.C.

3

§ 1442(a) is an exception to the general rule requiring all named defendants to join in the removal petition. *Akin v. Ashland Chemical*, 156 F.3d 1030 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.*, 644 F.2d 1310, 1314 (C.A. Nev. 1981); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *Bradford v. Harding*, 284 F.2d 307, 310 (2nd Cir. 1960).

13.    Should Plaintiffs file a motion to remand in this case, Viad respectfully requests an opportunity to respond more fully in writing, but at this time offers the following authorities regarding removal.

14.    Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party (1) demonstrates that it acted under the direction of a federal officer, (2) raises a colorable federal defense to plaintiff's claims, and (3) shows a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) (*citing Mesa v. California*, 489 U.S. 121, 133 (1989), *Maryland v. Soper*, 270 U.S. 9, 33 (1926), and *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)); *Marley*, 545 F.Supp.2d at 1270-71.  All elements have been satisfied here, therefore, Viad is entitled to remove this case to federal court.

15.    Any equipment manufactured for the United States Navy by Griscom-Russell was manufactured under the direction of a federal officer. *See, e.g., Marley*, 545 F.Supp.2d at 1273-74; *Harris*, 532 F.Supp.2d at 1004-05; *Ferguson*, 475 F.Supp.2d at 729; *Machnik*, 506 F.Supp.2d at 104.  Griscom-Russell designed and manufactured any equipment sold to the United States Navy according to precise, detailed specifications of the United States Navy.  The United States Navy enforced compliance with its design specifications.  No aspect of the design of its

equipment escaped the close control of the United States Navy and its officers.  Moreover, the United States Navy specified what was to be written, posted, printed and published on any nameplate or signs for any machine manufactured for the United States Navy. *Id.*

16.    As recognized by the United States Supreme Court in *Boyle v. United Technologies Corp.,* 487 U.S. 500, 512 (1988), Viad, as the alleged successor to Griscom-Russell, has a federal defense to this action, namely the government contractor immunity from liability for injuries arising from any exposure to asbestos from equipment Griscom-Russell manufactured pursuant to contracts with, and specifications required by, the United States Navy. *See also, e.g., Marley*, 545 F.Supp.2d at 1273 (finding removing defendants had a good faith basis for government contractor defense based in part on affidavit of Admiral Lehman); *Harris*, 532 F.Supp.2d at 1005 (finding affidavits of Admiral Lehman and Charles Cushing sufficient to show removing defendant had a colorable federal defense); *Ferguson*, 475 F.Supp.2d at 729-31; *Machnik*, 506 F.Supp.2d at 103.

17.    Plaintiffs' claims are based on GALE LYAUTEY's alleged exposure to asbestos from material and equipment installed on a Navy vessel.  Viad can demonstrate a causal nexus because any Griscom-Russell equipment that Mr. LYAUTEY came into contact with was designed and manufactured in strict accordance with the specifications required by the United States Navy and/or Air Force. *See e.g., Marley*, 545 F.Supp.2d at 1274 (finding removing defendants showed a causal nexus by establishing plaintiffs' claims arose from "defendants' performance of their duties under their contract with the Navy"); *Ferguson*, 475 F.Supp.2d at 731; *Machnik*, 506 F.Supp.2d at 105.

18.    Assuming the allegations of the Complaint are true, which Viad denies and holds

Plaintiffs to strict proof thereof, removal is proper under 28 U.S.C. § 1442, because this is a civil action brought in state court, and the federal district courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1442(a)(1) because Griscom-Russell was acting under an officer or agency of the United States government, in this instance, the United States Navy.

21.    For these reasons, Viad respectfully joins in the Notice of Removal filed on August 9, 2010 by Defendant FOSTER WHEELER CORPORATION and requests the opportunity to submit papers in opposition to any Motion to Remand the case filed by the Plaintiffs.

**THEREFORE**, pursuant to the foregoing authorities and in conformance with the requirements set forth in 28 U.S.C. § 1442, Defendant Viad Corp joins in the removal of this action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

Respectfully submitted,

**FOLEY & MANSFIELD, P.L.L.P.**
4770 Biscayne Boulevard, Suite 1000
Miami, Florida 33137

Dated: August 11, 2010

By: _____
    Beranton J. Whisenant, Jr. (#0788651)
    bwhisenant@foleymansfield.com
    Telephone:  (305) 438-9899
    Facsimile:  (305) 438-9812
    **ATTORNEYS FOR VIAD CORP**

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 11, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all Counsel of Record or Pro Se Parties identified on the attached Service List in the manner specified, either via transmission of Notices Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

**FOLEY & MANSFIELD, P.L.L.P.**
4770 Biscayne Boulevard, Suite 1000
Miami, Florida 33137
Telephone: (305) 438-9899
Facsimile: (305) 438-9819

VIRGINIA E. JOHNSON
Florida Bar Number: 559156
vjohnson@folemansfield.com

BERANTON J. WHISENANT, JR.
Florida Bar Number 0788651
bwhisenant@foleymansfield.com

**ATTORNEYS FOR VIAD CORP**