UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.: 1:10-CV-22891**

GALE LYAUTEY and
PATRICIA LYAUTEY, his wife,

    Plaintiff(s),
vs.

ALFA LAVAL, INC., et al.
    Defendants.
_____/

**DEFENDANT BUFFALO PUMPS, INC.'S JOINDER TO FOSTER WHEELER
ENERGY CORPORATION'S NOTICE OF REMOVAL
OF CIVIL ACTION PURSUANT TO 28 U.S.C. SECTIONS 1442(a)(1) AND 1446(a)**

PLEASE TAKE NOTICE that Defendant, Buffalo Pumps, Inc. ("Buffalo Pumps"), hereby files its Joinder to Foster Wheeler Energy Corporation's Notice of Removal of this civil action to the United States District Court for the Southern District of Florida, from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. Removal is pursuant to 28 U.S.C. §§ 1442 and 1446, whereby this Court has subject matter jurisdiction to adjudicate claims with respect to persons acting under an officer or agency of the United States. In support of its joinder, and in further support of the removal of this action, Buffalo Pumps' grounds for removal are more particularly stated as follows:

**I. PROCEDURAL COMPLIANCE**

1. Plaintiffs filed their Complaint in the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 10-35086 CA 31, which named Buffalo Pumps as a Defendant, on or about June 23, 2010. See Exhibit 1. Buffalo Pumps was served with and first received

Plaintiffs' Summons and Petition on July 23, 2010.  Buffalo Pumps' Joinder to Notice of Removal is timely because it has been filed within thirty (30) days after receipt by Buffalo Pumps of a copy of the initial pleading setting forth the claim for relief upon which such action is based.  See 28 U.S.C. § 1446(b); see also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

2. On August 9, 2010, Foster Wheeler Energy Corporation filed a Notice of Removal in this matter.

3. By its joinder in the removal of this action to this Court, Buffalo Pumps does not waive any defense available and expressly reserves the right to assert any and all defenses in responsive pleadings. Buffalo Pumps attaches hereto a copy of the pleadings it filed in the 11th Judicial Circuit, as Exhibit 2.

4. Buffalo Pumps will also provide written notice of the filing of this Joinder to Notice of Removal  to Plaintiffs and the other defendants in this action as required by 28 U.S.C. § 1446(d).

5. Buffalo Pumps manufactured and supplied pumps for Navy ships pursuant to vessel-specific contracts between Buffalo Pumps, Inc. and the United States Navy.  See Affidavit of Martin K. Kraft ("Kraft Affidavit") attached as Exhibit 3; see Affidavit of Admiral Roger B. Horne, Jr. ("Horne Affidavit"), attached as Exhibit 4.

6.  Plaintiffs', Gale E. Lyautey and his wife, Patricia Lyautey, allege that Mr. Lyautey was diagnosed with an asbestos-related disease, specifically mesothelioma, as a result of exposure to asbestos-containing products manufactured by, *inter alia*, Buffalo Pumps. See Exhibit 1**,** ¶ 17. The Complaint alleges that Gale Lyautey was allegedly exposed to asbestos-containing  valves, diesel engines, generators, economizers, evaporators, distillers, compressors, steam traps, heat transfer units, boilers, insulation, gaskets, packing, pumps and/or turbines

designed, manufactured, distributed and/or sold by Buffalo Pumps and other named defendants, while serving in the U.S. Navy aboard the USS *Rangel*; USS *Beatty*; USS *Tutuila;* USS *Cavalla;* USS *Hissim*; USS *Constant*; USS *Barber County*; USS *Direct* and various submarines from 1954 through 1974. See Exhibit 1 "Exposure Sheets". Buffalo Pump's alleged tortious act is, described as the manufacture, sale and delivery of equipment to the United States Navy without warnings.

7. Based on Plaintiffs' allegations, Buffalo Pumps is entitled to join in the removal of this action. The United States Supreme Court developed a standard for courts to use in evaluating federal officer removal. Mesa v. California, 489 U.S. 121 (1989). Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party is a "person" that: (1) acted under the direction of a federal agency or officer; (2) raises a colorable federal defense to Plaintiffs' claim; and (3) there is a causal nexus between the federal direction and the conduct in question. Id. at 125-36; See also McMahon v. Presidential Airways, 410 F.Supp. 2d 1189 (M.D. Fla. 2006) at1196. As will be shown herein, all required elements are satisfied here. Buffalo Pumps is entitled to federal officer removal.

8. Buffalo Pumps does not need to prove the merits of its defense in order to remove this case, but rather it merely needs to present a colorable claim such that the validity of the defense should be tried in federal court rather than state court. See, Mesa, 489 U.S. at 129; Marley v. Elliott Turbomachinery Co., 545 F. Supp. 2d 1266 (S.D. Florida 2008)**;** Machnik v. Buffalo Pumps, Inc., 506 F.Supp.2d 99, 102-104 (D. Conn. 2007); Nesbiet v. General Electric Co., 399 F.Supp. 2d 205, 210-11 (S.D.N.Y. 2005); Madden v. Able Supply Co., 205 F.Supp. 2d 695, 701 (S.D. Tx. 2002). To make a colorable showing of this defense, Buffalo Pumps must simply show that the defense is "plausible" and not "completely frivolous." Magnin v. Teledyne Continental Motors, 91 F.3d 1424, 1427 (11th Cir. 1996). Once it does so, it is entitled to have

the validity of that defense tried in federal court.  Mesa, 489 U.S. at 129; McMahon, 410 F. Supp. 2d at 1197; Machnik, 506 F. Supp. 2d at 102-104; Pack, 838 F. Supp. at 1103.

9. Further, Defendant Buffalo Pumps will request that this case be added as a tag-along case to the Multi-District Litigation No. 875 (MDL-875) (*In re Asbestos Cases*, in the U.S. District Court, Eastern District of Pennsylvania) if not previously done by the defendant which filed the initial Notice of Removal.

## II. FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1442 (A)(1)

10. The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow interpretation of 28 U.S.C. § 1442(a)(1). Willingham v. Morgan, 395 U.S. 402, 405 (1960);  McMahon v. Presidential Airways, 410 F. Supp. 2d 1189 (M.D. Fla 2006).

11. Numerous courts have upheld the assertion of the government contractor defense in cases alleging asbestos exposure from equipment supplied for installation on U.S. Navy ships. See, e.g., O'Connell v. Foster Wheeler Energy Corp., 544 F.Supp.2d 51 (D. Mass. 2008); Contois v. Able Industries Inc., 523 F.Supp. 2d 155, 164 (D. Conn. 2007): Machnik v. Buffalo Pumps Inc., 506 F. Supp. 2d 99.

12. Buffalo Pumps is a "person" within the meaning of 28 U.S.C. § 1442 (a).  See, Green v. A.W. Chesterton Co., 366 F. Supp. 2d 149, 153 n.3 (D. Me. 2005); see also Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 398 (5th Cir. 1998) (corporate entities qualify as "persons" under § 1442(a)(1); Fung v. Abex Corp., 816 F. Supp. 569, 572 (N.D. Cal. 1992).

13. Buffalo Pumps has a colorable federal defense to Plaintiff's claims, namely, the military contractor defense.  Buffalo Pumps seeks removal pursuant to 28 U.S.C. § 1442(a) in order for a federal court to consider the merits of the Military Contractor Defense in this matter.

Removal of a virtually identical cause of action was accomplished in <u>Nesbiet v. General Electric Co.</u>, 399 F. Supp.2d 205 (S.D.N.Y. 2005).  As discussed below, <u>Nesbiet</u> establishes Buffalo Pumps's ability to remove a plaintiffs' alleged claims under the federal officer removal statute, 28 V.S.C. S I 442(a). "[O]ne of the purposes of the federal officer removal statute is to ensure that a federal court will adjudicate the validity of a defendant's official immunity defense." <u>Nesbiet</u> 399 F. Supp. 2d at 210.

14. In a case premised on a failure to warn of dangers allegedly associated with products supplied to the government, a defendant is entitled to the protections of the military contractor defense where any alleged state law duty to warn conflicts with the government's interest in procuring military equipment.  Whether a conflict exists is determined by a three-part test set forth by the Sixth Circuit in <u>Tate v. Boeing Helicopters</u>, 55 F.3d 1150 (6th Cir. 1995).  A conflict between federal policy and state law exists where: (1) the United States exercised its discretion and approved the warning, if any; (2) the contractor provided warnings that conformed to the approved warnings; and (3) the contractor warned the United States of the dangers in the equipment's use about which the contractor knew, but the United States did not.  Id. at 1157. "[T]he deliberate trade-off between military mission requirements and safety concerns is at the heart of the [military] contractor defense." <u>Oliver v. Oshkosh Truck Corp</u>., 96 F.3d 992, 999 (7th Cir. 1996).

15. Any products provided to the United States Navy by Buffalo Pumps were manufactured under the direction of a federal officer or agency.  See, <u>Marley</u>, 545 F. Supp.2d 1266 . 1273-4. (S.D. Fla. 2008).  See also, <u>Machnik</u>, 506 F. Supp.2d at 103-05; <u>Harris</u>, 532 F. Supp.2d at 1005; and <u>Ferguson</u>, 475 F. Supp.2d at 729-31.  Buffalo Pumps designed and manufactured any such products according to the Navy's recise, detailed specifications and

technical documentation requirement. The Navy enforced compliance with its design specifications. No aspect of the design of its products escaped the close control of the Navy and its officers, which retained ultimate decision-making authority with respect to the design and approval of Buffalo Pumps' products. The Navy's specifications also covered the nature of any communication affixed to pumps or equipment supplied to the Navy. As such, Buffalo Pumps was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings or other written materials required to be provided with regard to pumps it manufactured for the Navy. See, BPI's Exhibit 4, Horne Affidavit ¶¶3-14. See also Marley, at 1274. See also, Harris, 532 F. Supp 2d at 1004-1006; and Fung, 816 F. Supp. at 572.

As Fung observed, "[t]his control requirement can be satisfied by strong government intervention and the threat that a defendant will be sued in state court 'based upon actions taken pursuant to federal direction'" Id. (quoting Gulati v. Zuckerman, 723 F. Supp. 353, 358 (E.D. Pa. 1989)). Federal officer removal is particularly appropriate when the removing party is subject to "exceedingly complex regulations, guidelines, and evaluation scheme. '" Id. (quoting Gurda Farms, Inc v. Monroe County Legal Assistance Corp., 358 F. Supp. 841, 844 (S.D.N.Y. 1973))); Nesbiet, 399 F. Supp.2d at 210-213; Miller v. Diamond Shamrock Co., 275 F.3d 414, 420-21 (5th Cir. 2001).

Buffalo Pumps was, at all times, acting under the direct and detailed authority and control of an officer of the government, specifically the United States Navy, in carrying out its contracts for the manufacture of pumps. See, Miller, 275 F.3d at 419; Mitchell v. AC & S, Inc., 2004 U.S. Dist. LEXIS 29504 (E.D. Va. Dec. 15, 2004); Nesbiet, 399 F. Supp 2d at 212. Therefore, under Boyle v. United States, supra, and Tate v. Boeing Helicopters, supra, Buffalo Pumps has a colorable federal defense to plaintiff's claims.

Inasmuch as Buffalo Pumps has raised a colorable federal defense to Plaintiffs' claims pursuant to the military contract defense, Buffalo Pumps is entitled to have the Federal Court determine Buffalo Pumps' potential liability for any injuries caused by products sold to the United States Navy by Buffalo Pumps. See Pack, 838 F. Supp. at 1103.

16. There is a clear causal nexus between Plaintiffs' claim and acts performed under color of a federal office or agency. Plaintiffs' claims against Buffalo Pumps are based on Mr. Lyautey's alleged exposure to asbestos from products installed on Navy vessels and in a Navy shipyard. In the Complaint, Plaintiffs, Gale E. Lyautey and his wife, Patricia Lyautey, allege that Mr. Lyautey was diagnosed with mesothelioma as a result of exposure to asbestos-containing products manufactured by, *inter alia*, Buffalo Pumps. See Exhibit 1**,** ¶ 17. The Complaint alleges that Gale Lyautey was allegedly exposed to asbestos-containing valves, diesel engines, generators, economizers, evaporators, distillers, compressors, steam traps, heat transfer units, boilers, insulation, gaskets, packing, pumps and/or turbines designed, manufactured, distributed and/or sold by Buffalo Pumps and other named defendants, while serving in the U.S. Navy aboard the USS *Rangel*; USS *Beatty*; USS *Tutuila;* USS *Cavalla;* USS *Hissim*; USS *Constant*; USS *Barber County*; USS *Direct* and various submarines from 1954 through 1974. See Exhibit 1. Mr. Lyautey's alleged use of Buffalo Pumps' products manufactured and sold according to military specifications and designs prepared by the U.S. Navy and requested of Buffalo Pumps by the Navy creates the casual nexus.

The nexus between Buffalo Pumps' alleged actions at the direction of the U.S. Government and Mr. Lyautey's alleged disease is clearly pled within the allegations in Plaintiffs' Complaint. See also Madden 205 F. Supp. 2d at 702) ("the casual nexus is axiomatic" for federal officer removal of Plaintiffs' alleged use of Westinghouse turbines aboard a U.S. Navy ship).

See Buffalo Pumps Exhibit 4, Horne Affidavit ¶¶ 13-16 and Exhibit 3, Kraft Affidavit ¶¶ 3-14. See also, Reaser at 11-12; Marley at 1273-75; Harris, 532 F. Supp 2d at 1005-06  The Navy issued specifications and other technical documentation identified in applicable contract documents that controlled the pumps' design and construction and specified the materials to be used, including asbestos gaskets.  The Navy retained ultimate decision-making authority with respect to the design and final approval of all Buffalo Pumps' pumps constructed for Navy vessels.  All pumps supplied by Buffalo Pumps to the Navy were manufactured under reasonably precise specifications and other technical documentation dictated by the United States Government and identified in applicable contract documents.  See Nesbiet v. General Electric Co., 399 F. Supp.2d 205 (S.D.N.Y. 2005) (denying remand motion filed by plaintiffs in response to naval equipment manufacturer defendant's removal to federal court on grounds of the government contractor defense.

The Nesbiet court held that General Electric was entitled to removal of an asbestos personal injury case under federal officer jurisdiction because plaintiff alleged exposure to asbestos-containing products while employed at the Portsmouth Naval Shipyard.  The Nesbiet court held that General Electric established "for the purposes of this motion, that (1) the Navy exercised a substantial degree of direct and detailed control over General Electric's provision of warnings and (2) the Navy's control over warnings directly interfered with General Electric's ability to fulfill its state law obligation to warn about the dangers of asbestos.

17.  The United States Navy was aware of the potential hazards of asbestos as early as 1922 and, by the 1940's, the Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time.  See Buffalo Pumps' Exhibit 5, Affidavit of Samuel A. Forman, M.D., ¶¶ 13-18. See also, Marley, at 1274-75.  There

is no duty to warn a purchaser of equipment when the purchaser is at least as knowledgeable as the manufacturer. The United States Navy, as shown by the Forman affidavit and supporting documents, was a very knowledgeable purchaser of equipment for its Naval vessels.

Buffalo Pumps has therefore satisfied "acting under" and "causal nexus" requirements under section 1442(a)." Id. at 212.

18. As recognized in Boyle v. United Technologies Corp., 487 U.S. 500 (1988), Buffalo Pumps has, *inter alia*, a colorable claim to a federal defense to this action, i.e., government contractor immunity from liability for injuries arising from any exposure to asbestos in pumps manufactured by Buffalo Pumps. Miller, 275 Fed 2d at 419; Reaser, at 11-12; Machnik, 506 F. Supp.2d at 103; Nesbiet, 399 F. Supp.2d at 212-213; Szigedi v. Ensign Bickford Aerospace Co., 2003 U.S. Dist. LEXIS 7342 (M.D.N.C., Apr. 10, 2003) (The government contractor defense barred the product-liability claims of a U.S. Army Master Sergeant injured by a hand grenade where the hand grenade's manufacturer produced evidence that their product conformed to government approved specifications.)

19. The purported "disclaimer"(see Exhibit 1, ¶¶ 9-10) in the Plaintiffs' complaint of every claim arising from an act or omission compelled by the Navy will not prevent removal. This exact type of disclaimer was specifically addressed by this Court in Marley v. Elliot Turbomachinery Co., 545 F. Supp.2d 1266 (S.D. Fla. 2008). The Marley Court held that the effect of the purported disclaimer is circular. Its applicability depends on a determination of the core question in the case: whether the defendants' purported omission – the failure to warn – was required or caused by their contractual relationship with the Navy. "The problem with this argument is that the defendants have the right to have the question decided in federal court. See Jefferson, 527 U.S. at 432" (defendants have a right to have "the validity" of the defense of

official immunity tried in a federal court.) "Such a circular disclaimer would defeat the purpose of § 1442(a)(1) as it would force federal contractors to prove in state court that they were acting under the direction of the government." Marley at 1274-1275.

20. Removal to this Court in the immediate case is appropriate under the federal officer statute because Buffalo Pumps sold equipment and manufactured equipment according to Naval specifications when it was placed on board Naval vessels.

### III.  CONCLUSION

WHEREFORE, Buffalo Pumps, Inc. respectfully requests this Joinder in Foster Wheeler's Notice of Removal be accepted and this action proceed in this Court until a request for transfer to the In re Asbestos Products Liability Litigation, MDL 875, (Multi-District Litigation file).  Federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1442, making removal of this action proper, because Buffalo Pumps acted under an officer or agency of the United States during the time Plaintiffs' claim Mr. Lyautey worked with or around, *inter alia*, Buffalo Pumps' products.  Therefore, Buffalo Pumps, pursuant to these statutes, joins in and further supports the removal of this action from the Eleventh Judicial Circuit, in and for Miami-Dade County Florida to the United States District Court for the Southern District of Florida.

Dated:  August _____, 2010.

                              BICE COLE LAW FIRM, P.L.

                               s/ Susan J. Cole_____
                              Susan J. Cole
                              Florida Bar No. 512540
                              999 Ponce de Leon Boulevard Suite 710
                              Coral Gables, FL  33134
                              (305) 444-1225 Telephone
                              (305) 446-1598 Facsimile
                              cole@bicecolelaw.com
                              *Counsel for Buffalo Pumps, Inc.*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served via electronic service on all counsel of record reflected on the service list this 13th day of August, 2010.

                s/Susan J. Cole/
                Attorney