UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ASBESTOS LITIGATION

GALE LYAUTEY and
PATRICIA LYAUTEY, his wife

CASE NO.: 1:10-CV-22891

    Plaintiffs,

v.

ALFA LAVAL, INC., et al.,

    Defendants.
_____/

**DEFENDANT EATON HYDRAULICS LLC'S MOTION TO
DISMISS PLAINTIFFS' COMPLAINT OR, ALTERNATIVELY,
MOTION FOR A MORE DEFINITE STATEMENT, MOTION
TO STRIKE AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Eaton Hydraulics LLC, successor by merger to Eaton Hydraulics Inc. (formerly known as Vickers, Incorporated), incorrectly sued as "Eaton-Hydraulics, Inc., f/k/a and/or successor-in-interest to Vickers, Inc." ("Eaton"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 9(b), Fed. R. Civ. P. 10(b), Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 12(e), and Fed. R. Civ. P. 12(f), hereby files its Motion to Dismiss Plaintiffs' Complaint or, Alternatively, Motion for a More Definite Statement, Motion to Strike and Incorporated Memorandum of Law and, in support thereof, states:

    1.    This is a products liability case in which the Plaintiffs, Gale Lyautey and Patricia Lyautey, his wife, have sued Eaton, along with fifty-three (53) other Defendants, claiming that

Mr. Lyautey was exposed to asbestos while working at various locations between 1950 and 2000, ultimately causing him to develop an asbestos-related condition.[1]

2. The Plaintiffs' Complaint should be dismissed because it improperly commingles several separate and distinct causes of action, in violation of Rule 10(b) of the Federal Rules of Civil Procedure, rendering it impossible for Eaton to meaningfully answer the overbroad and vague allegations directed against the Defendants as a group.

3. The Plaintiffs' Complaint should also be dismissed because it fails to state a cause of action for negligence and strict liability by failing to comply with the pleading requirements of the Federal Rules of Civil Procedure and the product identification requirements of Florida law. The Plaintiffs have failed to properly identify any particular products manufactured, sold, or distributed by Eaton to which Mr. Lyautey was allegedly exposed or the specific date, location, or duration of such exposure. Further, because the Plaintiffs' Complaint fails to state a cause of action for negligence and strict liability, Plaintiff, Patricia Lyautey's derivative loss of consortium claim should also be dismissed.

---

[1] In addition to the reasons discussed below, the Plaintiffs' Complaint should be dismissed because the Plaintiffs have failed to comply Florida's Asbestos and Silica Compensation Fairness Act, Chapter 774, Florida Statutes (the "Act"). Specifically, the Plaintiffs have failed to file a Sworn Information Form that complies with the Act pursuant to Section 774.205(3) by failing to provide beginning and ending dates for each alleged exposure as to each asbestos product for each location at which exposure allegedly took place. The Plaintiffs also failed to comply with Section 774.207(2) of the Act, by failing to include a sufficient Verified Collateral Source Report.

The Act requires the Plaintiffs to provide all delineated information in the Sworn Information Form at the inception of the lawsuit to place the Defendants on notice so that they may investigate when, where, and what specific products allegedly caused damage to the injured party in order for the Defendants to properly defend themselves. The Plaintiffs in this case failed to provide notice to any Defendant regarding the specifics of the alleged exposure to asbestos. Even under the liberal federal concept of "notice pleading," the Plaintiff's Complaint fails to provide Eaton with fair notice of what the Plaintiffs' claims are and the grounds upon which their claims rest. *See City of Gainesville v. Florida Power & Light Co.*, 488 F.Supp. 1258, 1263 (S.D. Fla. 1980). *But see Hughes v. American Tripoli, Inc.*, 2006 WL 1529051, *2-3 (M.D. Fla. 2006) (concluding that the Act's requirement that that plaintiff is required to include with the Complaint a written report and supporting test results constituting prima facie evidence of the exposed person's asbestos or silica related impairment, is procedural in nature, inconsistent with the Federal Rules of Civil Procedure as it relates to federal notice pleading, and this aspect of the Act does not apply in a federal court. The application of the pleading requirements of the Act would conflict with the basic notice pleading requirements of the Federal Rules of Civil Procedure.).

4.    Alternatively, this Court should require the Plaintiffs to provide a more definite statement of the specific legal theories they assert against Eaton as the improper and indefinite allegations of Plaintiffs' Complaint render it impossible for Eaton to frame a responsive pleading thereto.

5.    Finally, the Plaintiffs' Complaint attempts to impose duties on Eaton that are not recognized in a products liability action under Florida law. Pursuant to Fed. R. Civ. P. 12(f), these allegations should be stricken from Plaintiffs' Complaint.

## MEMORANDUM OF LAW

I.    **MOTION TO DISMISS**

    A.    PLAINTIFFS' COMPLAINT IMPROPERLY COMMINGLES SEVERAL SEPARATE AND DISTINCT CAUSES OF ACTION, IN VIOLATION OF FEDERAL RULES OF CIVIL PROCEDURE 10(B), WARRANTING DISMISSAL.

Rule 10(b) of the Federal Rules of Civil Procedure, requires the Plaintiffs to set forth separate counts for each of their claims. Specifically, Rule 10(b) provides in relevant part:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence — and each defense other than a denial — must be stated in a separate count or defense.

When various types of claims are commingled into a single count, such count is subject to dismissal for violating Rule 10(b). *See Fikes v. City of Daphne,* 79 F.3d 1079, 1082 (11th Cir. 1996) (By combining several claims for relief in each count, appellant disregarded the rules governing the presentation of claims to a district court); *see also Anderson v. District Board of Trustees of Central Florida Community College,* 77 F. 3d 364, 367 (11th Cir. 1996)(when a plaintiff asserts multiple claims for relief, unless the pleadings are completed in a clear and precise matter, with the issues not being joined, uncontrolled discovery in an unmanageable

docket results); *Magluta v. Samples*, 256 F. 3d 1282, 1284 (11th Cir. 2001)(remanded case after dismissal of all claims because it could not determine what allegations were pled to support each cause of action).

In the case at bar, the Plaintiffs have failed to limit each single count of their Complaint "as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). As such, their Complaint constitutes an impermissible "shotgun" pleading, which makes "it virtually impossible to know which allegations of fact are intended to support which claim(s) of relief." *Anderson v. Dist. Bd. of Trustees of Central Fla. Community College,* 77 F. 3d 364, 366 (11th Cir. 1996); *see also Davis v. Coca-Cola Bottling Co. Consol.,* 516 F. 3d 955 (11th Cir. 2008). Such "shotgun pleadings", in addition to making it difficult to frame a responsive pleading, also "imperil fundamental principles of due process." *Bonnie L. ex rel. Hadsock v. Bush,* 180 F. Supp. 2d 1321, 1348 (S.D. Fla. 2001); *Dinkins v. Charoen Pokphand,* 133 F. Supp. 2d 1254, 1261 (M.D. Ala.2001) ("[s]hotgun pleadings are not allowed; a lawsuit is not a game of hunt the peanut."). In *Dinkins*, the court noted that counsel "simply cannot ask the court to wade through the impenetrable jungle of the record without the guidance of a well-documented pleading." *Id.*

Specifically, in Count I of the Plaintiffs' Complaint, which asserts a cause of action for negligence, the Plaintiffs commingle allegations for misrepresentation and negligent failure to warn. *See* Plaintiff's Complaint, ¶¶ 69-76. Each of these causes of action are distinct. For example, misrepresentation claims require proof of the following elements: 1) a misrepresentation of a material fact; 2) which the person making the misrepresentation knew to be false; 3) that the misrepresentation was made with the purpose of inducing another person to rely upon it; 4) that the person relied on the misrepresentation to his detriment; and 5) that this reliance caused damages. *Romo v. Amedex Insurance Company*, 930 So. 2d 643, 650-51 (Fla. 3d

DCA 2006); *Biscayne Inv. Group, Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 255 (Fla. 3d DCA 2005). Negligent failure to warn claims, on the other hand, require the plaintiff prove that the manufacturer or seller knew, or by the exercise of reasonable care should have known, of the potential danger in the use of the product, and, in the reasonable course of business, should have been able to foresee the possible uses of the product as well as the potential damage or injury that might result from such use. *Advance Chemical Co. v. Harter*, 478 So. 2d 444, 447 (Fla. 1st DCA 1985). The Plaintiffs' Complaint commingles claims and legal theories to such an extent that Eaton cannot properly frame a responsive pleading thereto and, therefore, should be dismissed.

Here, the Plaintiffs have filed a three count Complaint against fifty-four (54) Defendants. The allegations are vague, compound, confusing, and applicable to every Defendant with no differentiation amongst the alleged wrongdoing of any of the Defendants. In contravention of Rule 10(b), virtually every paragraph of the Plaintiffs' Complaint contains multiple allegations involving a variety of different circumstances and combining several different causes of action. The Plaintiffs' Complaint is devoid of any allegations regarding the specific date(s), location(s), or duration of Mr. Lyautey's alleged exposure to any product(s) "manufactured, sold, and/or distributed" Eaton, making it virtually impossible for Eaton to isolate the specific acts that the Plaintiffs allege it engaged in. *See* Plaintiffs' Complaint, ¶ 28. Also, Eaton cannot determine from the allegations in the Complaint which specific product(s) attributable to Eaton Mr. Lyautey was allegedly exposed to.[2] Instead the Complaint improperly commingles all allegations as to each of the fifty-four (54) named Defendants, without differentiating among any

---

[2] Although the Plaintiffs filed Exposure Sheets attempting to identify products to which Mr. Lyautey was allegedly exposed, the Exposure Sheets are deficient. The Plaintiffs only provide estimates as to the years during which Mr. Lyautey may have been exposed to asbestos-containing products from Eaton. There is no way to ascertain from the Exposure Sheets at which location and during what time period Mr. Lyautey was allegedly exposed to a specific Eaton product.

of them in any way and should be dismissed. The manner in which the Plaintiffs present the claims in the Complaint makes it difficult for this Defendant to discern which factual allegations are material to which Defendant and which claim. Accordingly, this Court should dismiss the Plaintiffs' Complaint.

      B.     THE PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS IT FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

         1.     Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading which sets forth a claim for relief must state a cause of action and shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "It is a cardinal rule of pleading that a complaint be stated simply, in short and plain language. The complaint must set out the elements and the facts that support them so that the court and the defendant can clearly determine what is being alleged." *Barrett* v. *City of Margate,* 743 So. 2d 1160, 1162-63 (Fla. 4th DCA 1999); *Messana* v. *MauleIndus.,* 50 So. 2d 874, 876 (Fla. 1951)(a complainant must "plead [a] factual matter sufficient to apprise his adversary of what he is called to answer so that the court may, upon proper challenge, determine its legal effect").

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002); *Hill v. White,* 321 F. 3d 1334, 1335 (11th Cir. 2003). Until the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." Rejecting a literal reading of the "no set of facts" rule, the Court held in *Twombly* that, although a complaint need not plead "detailed factual

allegations," in order to survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level ...."; in other words, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547. As discussed in more detail below, the Complaint fails to state a claim for relief in a number of respects. Each of these reasons is a separate basis for dismissal.

>  2. <u>The Plaintiffs' Complaint should be dismissed because it fails to state a cause of action for negligence.</u>

In order to establish a claim for negligence the Plaintiffs must allege that: 1) the Defendant owed him a duty of care; 2) that the Defendant breached that duty; 3) that the breach of that duty proximately caused injury to the plaintiff; and 4) some damage was suffered as a result of that breach. *McCain v. Florida Power,* 593 So. 2d 500, 502 (Fla. 1992); *see also Janis* v. *Pratt & Whitney Canada, Inc.,* 370 F. Supp. 2d 1226, 1229 (M.D. Fla. 2005). In a products liability cause of action, it is necessary to present evidence that the Defendant manufactured a product which the Plaintiff used, and that caused injury to the Plaintiff. *See Vecta Contracts, Inc.* v *Lynch,* 444 So. 2d 1093, 1094 (Fla. 4th DCA 1984), *review denied,* 453 So.2d 44 (Fla. 1985). The Plaintiffs have failed to allege specific allegations of any wrongful conduct by Eaton. The Complaint merely asserts generalized allegations of negligence against all "Defendants," never once stating what any of the Defendants, including Eaton specifically, did to cause any harm to the Plaintiff. Instead, the Plaintiffs assert that the Defendants were negligent "in one, some and/or all of the following respects,"[3] and provide a generic list of allegations for negligent failure to warn against all Defendants, without specifying how any individual Defendant was negligent. The Plaintiffs also fail to allege the circumstances, if any, when My. Lyautey was exposed to asbestos from any of Eaton's products. Moreover, the Complaint fails to assert facts

---

[3]  See Plaintiffs' Complaint, ¶ 76.

7

sufficient to establish that Eaton owed any duty to Mr. Lyautey and that Eaton breached that duty causing injury to Mr. Lyautey. As stated above, the Plaintiffs have commingled allegations against approximately fifty-four (54) Defendants rendering it impossible for Eaton to provide a meaningful answer to the overbroad and vague allegations against all Defendants.

It is well established under Florida law and elsewhere that identification of the product that caused the harm as the one sold or manufactured by the defendant is an essential element of traditional tort law. *See generally* 41 FLA. JUR. 2D *Products Liability* § 63 (1983 & Supp. 1992); *Pulte Home Corp., Inc. v. Ply Gems Indus., Inc.*, 804 F.Supp. 1471, 1484-85 (M.D. Fla. 1992) (applying Florida law); *Gaulding v. Celotex Corp.,* 772 S.W.2d 66, 68 (Tex. 1989) ("A fundamental principle of traditional products liability law is that the plaintiff must prove that the defendants supplied the product which caused the injury."); *In re Fela Asbestos Cases,* 646 F.Supp. 610, 614 (W.D. Va.1985) (Product identification was a necessary element to be proven by plaintiff with sufficient evidence). By not identifying the particular products of Eaton's to which Mr. Lyautey was allegedly exposed and failing to allege specifically when, where, or how My. Lyautey used any particular product manufactured, distributed or supplied by Eaton, the Complaint fails to state a cause of action for negligence. *Pulte Home Corp., Inc. v. Ply Gems Indus., Inc.*, 804 F.Supp. 1471, 1484-85 (M.D. Fla. 1992); *see also* Fla. Stat. § 774.205(3). In addition to failing to identify any particular product of Eaton's to which My. Lyautey was exposed, the Complaint fails to establish the existence of a proximate causal connection between a product manufactured or sold by Eaton and the Plaintiffs' alleged damages. *Id.* In the absence of such allegations, dismissal of the Complaint is warranted.

Additionally, the Plaintiffs' Complaint includes conclusory allegations of affirmative misrepresentations which do not address any element of a negligence or negligent failure to warn

claim.[4] If these allegations were intended to state a misrepresentation/fraud claim, the "count" fails to state a claim in conformity with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that when alleging fraud in a pleading a party must state with particularity the circumstances constituting the fraud.

As a result of the Plaintiffs' failure to allege sufficient ultimate facts to put Eaton on fair notice or apprise Eaton of the basis of their negligence claim against it, the Plaintiffs have failed to state a cause of action for negligence and Count I of the Complaint should be dismissed.

        3. <u>The Plaintiffs' Complaint should be dismissed because it fails to state a cause of action for strict liability.</u>

To establish a cause of action for strict liability, the Plaintiffs must allege and prove: 1) the manufacturer's relationship to the product in question; 2) facts identifying a particular defect; 3) an unreasonably dangerous condition in that the product and the existence of the product proximately caused the user's injuries; and 4) facts to establish that the product was expected to and did reach the ultimate user or consumer without substantial change in the condition in which it was sold. *See West* v. *Caterpillar Tractor Co.,* 336 So. 2d 80, 87 (Fla. 1976); *see also Clark* v. *Bowing Co.,* 395 So. 2d 1226, 1229 (Fla. 3d DCA 1981). The Plaintiffs have failed to allege any facts specific to a product manufactured and/or sold by Eaton which would establish a claim for strict liability. Furthermore, the Complaint fails to allege specific ultimate facts to establish an allegedly defective and unreasonably dangerous condition of any product allegedly manufactured, distributed or sold by Eaton, specifically, the nature of the defect(s) when the product left Eaton's control. Moreover, the Complaint fails to allege ultimate facts, as opposed to broad generalizations, to establish the existence of any proximate casual connection between the alleged defect and any product manufactured or sold by Eaton and to the alleged injuries or

---

[4] See Plaintiffs' Complaint, ¶ 76(f).

damages sustained by My. Lyautey. *See West*, 336 So. 2d at 87. The Plaintiffs merely allege generally that the products manufactured or sold by "Defendants" were defective because they contained asbestos. Consequently, the Complaint should be dismissed.

The Plaintiffs also assert a claim for failure to warn under Count II for strict liability. In order to state a cause of action under strict liability failure to warn, the Complaint must allege facts sufficient to establish that the manufacturer did not warn the plaintiff of a "risk that was known or knowable in light of the generally recognized prevailing best scientific and medical knowledge available at the time of manufacture and distribution." *Griffin v. Kia Motors Corp.*, 843 So. 2d 336, 339 (Fla. 1st DCA 2003)(quoting *Anderson* v. *Owens-Corning Fiberglas Corp.*, 810 P.2d 549, 558 (1991)). However, the Plaintiffs only allege that the products contained an insufficient warning. See Plaintiffs' Complaint, ¶¶ 77-88.

    4. <u>The Plaintiffs' Complaint fails to state a cause of action for loss of consortium.</u>

The Complaint fails to state a cause of action in Counts I and II for negligence and strict liability, respectively, against Eaton, as discussed above. Loss of consortium claims are derivative in nature and, therefore, require a valid underlying claim. *ACandS, Inc. v. Redd*, 703 So. 2d 492 (Fla. 3d DCA 1997); *Bravo v. U.S.* 532 F.3d 1154, 1170 (11th Cir. 2008). As the Plaintiffs have failed to state a cause of action in Counts I and II, the Plaintiff, Patricia Lyautey's claim for loss of consortium should also be dismissed.

Even if Patricia Lyautey's loss of consortium claim withstands dismissal, she has commingled claims for negligence and strict liability in her claim for loss of consortium. In the preamble to the loss of consortium consortium claim, the Plaintiffs reallege Paragraphs (1) through (88). By doing so, the Plaintiffs have made allegations that pertain to claims for negligence and strict liability. A complaint must not commingle the substantive allegations from

CASE NO.: 1:10-CV-22891

its predecessor counts. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). It is unclear whether the Plaintiffs' loss of consortium claim is based on negligence, strict liability, or both. Thus, in the alternative, the Plaintiffs' loss of consortium claim should be dismissed.

    C.    THE COMPLAINT SHOULD BE DISMISSED OR PLAINTIFF SHOULD BE REQUIRED TO PROVIDE A MORE DEFINITE STATEMENT.

The Plaintiffs' Complaint should be dismissed because, for the reasons set forth above, it is so vague, indefinite and ambiguous that it wholly fails to state a cause of action. To satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002). As detailed above, the Plaintiffs have failed to comply with the minimal pleading requirements of the Federal Rules of Civil Procedure. In the event that this Court does not dismiss the Plaintiffs' Complaint, Eaton respectfully requests that this Court enter an order requiring the Plaintiffs to provide a more definite statement so that Eaton can formulate a response. *See* Fed. R. Civ. P. 12(e).

**II.    MOTION TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedure gives this Court the power, either on its own or by motion made by a party, to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The Plaintiffs' Complaint attempts to impose duties that are not recognized in a products liability action under Florida law. Florida law does not recognize a duty on the part of a product manufacturer, distributor or supplier to control the work environment in which their product might be used or offer post sale advice. *Baker v. Firestone Tire & Rubber Co.*, 793 F. 2d 1196 (11th Cir 1986) (applying Florida law) (noting no duty to recall). The Plaintiffs' Complaint attempts to impose the following duties upon Eaton: (a) to publish, adopt, and enforce a safety plan and a safe

11

method of handling and installing asbestos products; (b) to develop a substitute material to eliminate asbestos fibers in products; and (c) to test asbestos-containing products. *See* Plaintiffs' Complaint, ¶ 76. As Florida law does not impose such duties on a product manufacturer or distributor, such allegations should be stricken from the Complaint.

### III.   CONCLUSION

Based on the above arguments, the Plaintiffs' Complaint should be dismissed because Plaintiffs' Complaint is an impermissible "shotgun pleading" and fails to state a cause of action for negligence, strict liability and loss of consortium, warranting dismissal, or alternatively, warranting an order requiring a more definite statement. The allegations in the Complaint that attempt to impose duties on a product manufacturer or distributor that are not recognized by Florida law should be stricken.

WHEREFORE, Defendant Eaton respectfully requests this Court to enter an Order dismissing Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 9(b), Fed. R. Civ. P. 10(b), and Fed. R. Civ. P. 12(b)(6) or, alternatively, order the Plaintiffs to provide a more definite statement to allow Eaton to prepare a responsive pleading thereto, pursuant to Fed. R. Civ. P. 12(e), and/or strike improper portions of the Complaint pursuant to and Fed. R. Civ. P. 12(f), together with such other and further relief as this Court deems just and proper.

### NOTICE OF ADOPTION, RELIANCE, AND RESERVATION OF RIGHT TO AMEND

Eaton adopts by reference and specifically incorporates herein any and all appropriate Motions to Dismiss, Motions to Strike, and memoranda setting forth grounds in support thereof filed by any other defendant in this action.

In addition, Eaton asserts and relies upon any and all prior orders of this Court dismissing and/or striking claims in asbestos-related personal injury cases similar to the claims alleged in the Complaint.

Additionally, because of the generality of the allegations contained in the Complaint, Eaton reserves the right to amend their Motion to Dismiss or to Strike if investigation, discovery, further information, or the development of any applicable matters of law warrant such an amendment during the pendency of this Motion.

Dated: August, 16 2010

                Respectfully submitted,

                BENNETT AIELLO COHEN & FRIED

                The Ingraham Building, Eighth Floor
                25 Southeast Second Avenue
                Miami, Florida 33131-1603
                (305) 358-9011 (Telephone)
                (305) 358-9012 (Facsimile)
                scohen@bennettaiello.com
                lgabbamonte@bennettaiello.com

                By: /s/ Stuart L. Cohen
                      Stuart L. Cohen
                      Florida Bar Number 927066
                      Laura E. Gabbamonte
                      Florida Bar Number 067927

                *Attorneys for Eaton Hydraulics LLC*

CASE NO.: 1:10-CV-22891

## Certificate Of Service

**WE HEREBY CERTIFY** a true and correct copy of the foregoing document was served this 16th day of August, 2010 on all Counsel of Record electronically (CM/ECF) or in some other authorized manner for those counsel or parties, who are not authorized to receive electronically Notice of Electronic Filing.

/s/ Stuart L. Cohen
Stuart L. Cohen